IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| GST TELECOM INC., et al., | ) ) ) | Case No. 00-1982 (GMS) |
| Debtors. | ) ) ) ) ) | Jointly Administered |
| GST TELECOM INC., et al., | ) ) ) | |
| Counterplaintiffs, | ) ) | Civil Docket No. 04-CV-1380 |
| v. | ) ) ) | |
| JOHN WARTA, | ) ) ) | |
| Counterdefendant. | ) | |

## REPLY MEMORANDUM IN SUPPORT OF GST'S MOTION FOR FEES AND COSTS

GST Telecom Inc. and the other debtors and debtors-in-possession in the above-captioned cases (collectively, "GST"), by their attorneys, hereby submit this Reply Memorandum in Support of GST's Motion for Fees and Costs. In John Warta's Response to GST's Motion for Fees and Costs (the "Response"), Warta attempts to deflect his failure to give timely and adequate notice of the Motion For Protective Order By Counterdefendant John Warta by (1) complaining that GST was unwilling to ignore a Court-imposed discovery deadline and (2) arguing that GST should have relied on a statement made in an e-mail that Warta *intended* to file a motion for protective order. In light of the Court-ordered discovery cut-off, the unavailability of the witness, John Goodrich, during the remainder of the month of February and the fact that notice of the protective order was not timely served, GST did the only thing it could have done to protect its interests by both seeking the Court's guidance in response to Warta's

578428v1
CH\748681.2

request to postpone the deposition of Mr. Goodrich until after the discovery deadline, and thereafter traveling to attend the deposition of John Goodrich.

On October 7, 2004, the parties appeared before this Court for a scheduling conference, at which time the Court set a deadline for the conclusion of fact discovery for February 28, 2005 and the deadline for filing dispositive motions for March 15, 2005. During that conference, GST stated that it intended to take the depositions of John Goodrich and Buddy Pickle. Thereafter, the parties addressed various discovery issues and on January 12, 2005, GST informed Warta's then-counsel that the deposition of John Goodrich was scheduled for February 8, 2005. Not only did Warta's counsel not object to the scheduled date for the Goodrich deposition, but he insisted that it go forward on that date. Less than two weeks later, on January 24, 2005, the parties held a mediation conference with Magistrate Judge Thynge. During that conference, Mr. Kent stated for the first time that the Kent Custis firm had an "unavoidable conflict" and would seek to withdraw as counsel and to substitute in Mr. Arellano. Although both depositions and the summary judgment deadline were discussed in that conference, neither Mr. Kent nor Mr. Arellano indicated that the substitution would have any impact on either date. Indeed, in a letter dated January 28, 2005, Ms. Johnson, an associate of Mr. Kent and still counsel of record at that time, stated that the proposed substitution of counsel was not intended to extend the scheduled close of discovery. Johnson Letter, attached as <u>Exhibit A</u>.

It wasn't until February 1, 2005, four business days before Mr. Goodrich's deposition was scheduled to take place, that counsel for GST was contacted by Mr. Keppler, one of Warta's proposed new attorneys. Although not yet counsel of record, Mr. Keppler requested that GST postpone the Goodrich deposition until March because Mr. Arellano had a conflict and could not attend the deposition on February 8. At that point GST was caught between a rock and

a hard place for a number of reasons. First, the attorney requesting the cancellation of the deposition was not yet counsel of record for Warta. Second, Mr. Keppler was asking GST to agree to ignore a Court ordered discovery deadline without first getting approval of the Court. Third, Mr. Goodrich had informed GST that, other than February 8, he was generally unavailable for the remainder of February. GST informed Mr. Keppler that, in accordance with the Court's directive, it was going to seek the Court's guidance as to how to proceed. See October 7, 2004 Transcript at 32 lines 19 to 24, relevant page attached as Exhibit B.

The parties communicated with each other on numerous occasions from February 1st through 3rd, filing letter briefs with the Court and exchanging telephone calls and e-mails. During those numerous communications GST made clear that it felt that, without a directive to the contrary from the Court, it had no other choice but to go forward with Mr. Goodrich's deposition. See Letter to Court, E-mail and Letter to Mr. Keppler, attached as Exhibit C. It wasn't until Mr. Keppler's e-mail of February 3, attached hereto as Exhibit D, that counsel for Warta mentioned the possibility of filing a motion for protective order. On Friday, February 4, GST reiterated its belief that it had to proceed with the Goodrich deposition absent a Court directive to the contrary. See Gibbons E-mail, attached as Exhibit E.

Although Mr. Keppler had indicated an intention to file a motion for a protective order, there was a serious question as to whether Warta would choose to do so given the extreme nature of the motion and the remedy. GST believed there was a significant possibility that Warta would not file the motion for protective order since it would highlight:

- a late substitution of a lawyer, who could not comply with the Court's Case Management Order; and
- an inherent unreasonableness of Warta's position that only Mr. Arellano could represent Warta's interests in the Goodrich deposition, despite the fact that Warta is also represented by Mr. Keppler and Mr. Palacio.

Regardless of the reasons why Warta might not have filed the motion for protective order, GST certainly believed that if the motion *was* filed, Warta would take every precaution to ensure that GST immediately received notice of the filing. This was especially true since the last communication from Mr. Keppler regarding *potentially* filing the motion was on the Thursday prior to the Tuesday deposition. When Warta's counsel filed the motion for protective order (the "Protective Order Motion") at 3:19 p.m. Eastern time on the Friday before the deposition, counsel had to be aware that GST's counsel would be traveling to the deposition on the next business day and it was imperative that GST's counsel know of the Protective Order Motion prior to boarding the plane.

Although Mr. Keppler had been in constant contact with GST over the previous few days, he failed to pick up the phone or send an e-mail on Friday, February 4 or on Monday, February 7 to inform GST that Warta had, in fact, filed the Protective Order Motion, thus effectively canceling the scheduled Goodrich deposition. In addition, the Protective Order Motion was not delivered to GST's Delaware counsel until after the close of business on Friday, February 4. Nor did Mr. Palacio, Warta's Delaware counsel, contact any of GST's counsel to inform them that the Protective Order Motion had been filed.

Warta's failure to timely inform GST of the cancellation of the Goodrich deposition is inexcusable. Warta knew the date of the Goodrich deposition for almost a month

before it was to take place. When an "unavoidable conflict arose" between Warta and the Kent Custis firm, Warta hired an attorney that could not comply with a scheduled deposition and this Court's discovery schedule. Indeed, it is still not clear why Mr. Keppler or Mr. Palacio, who has been Warta's Delaware counsel since 2001, could not represent Warta at Mr. Goodrich's deposition. GST creditors should not be punished financially because Warta chose to repeatedly request that GST ignore the discovery cut-off rather than file and serve a motion pursuant to the Local Rules of the Court. Nor should GST be punished because Warta failed to inform GST of the filing of the Protective Order in enough time to prevent GST's lead counsel to fly to the West coast to attend the deposition.

For the foregoing reasons and those set forth in the GST's opening memorandum, GST respectfully requests that this Court grant the GST's Motion for Fees and Costs and award $8,917.11[1] to GST.

---

[1] Warta argues that GST should be required to demonstrate that it did not use the trip to California for any matter related to this litigation. GST has only included amounts for fees and costs that directly relate to the preventable travel to Palo Alto, California, and not for time spent on any other activity, whether on the Warta matter or any other matter. It would be improper to disclose any such activity since it would be violative of the work product doctrine. Warta also cites to Del. L. Bankr. Rule 2016-2(a) in an effort to have the Court review GST's billings. GST's First Amended Joint Plan of Liquidation was approved in April of 2002 and counsel to GST have not been required to submit such fee applications for almost three (3) years. However, if counsel for GST were asked by the Court to describe his activities, counsel would state that the travel time was used to prepare for John Goodrich's deposition, which work will have to be repeated as a result of the delay.

Wilmington, Delaware
Date: March 4, 2005

                                                /s/
                                    Steven M. Yoder (No. 3885)
                                    Christopher A. Ward (No. 3877)
                                    THE BAYARD FIRM
                                    222 Delaware Avenue, Suite 900
                                    P.O. Box 25130
                                    Wilmington, Delaware 19899
                                    (302) 655-5000

                                    -and-

                                    David S. Heller
                                    William J. Gibbons
                                    Josef S. Athanas
                                    Michael J. Faris
                                    Danielle S. Kemp
                                    LATHAM & WATKINS LLP
                                    Suite 5800 Sears Tower
                                    233 South Wacker Drive
                                    Chicago, Illinois 60606
                                    (312) 876-7700

                                    Attorneys for the Debtors