**Exhibit C**

CH\748681.2

## Kemp, Danielle (CH)

**From:** Kemp, Danielle (CH)
**Sent:** Tuesday, February 01, 2005 6:15 PM
**To:** 'keppler@kwar.com'
**Cc:** 'arellano@kwar.com'; Gibbons, William (CH); Faris, Michael (CH); 'ljohnson@kentlaw.com'; 'ckent@kentlaw.com'
**Subject:** RE: GST v. Warta

Dan,

I have spoken with our GST team regarding your request to move the depositions of John Goodrich and Buddy Pickle to March. Your request poses a dilemma for us for two reasons. First, we have not received a Motion to Withdraw or a Motion to Substitute Counsel by the Kent Custis firm. Therefore, while you have indicated that your firm will be filing an appearance, you are not currently counsel of record. Second, moving the depositions to March causes us to miss the discovery deadline of February 28th. Thus, we have decided to contact the Court and request guidance as to how we should proceed. Our local counsel will be contacting the Court in the morning and we will let you know when Judge Sleet is available for a quick conference.

Thank you,

Danielle Kemp
312-876-6515

1

# LATHAM & WATKINS LLP

Sears Tower, Suite 5800
233 S. Wacker Dr.
Chicago, Illinois 60606
Tel: (312) 876-7700  Fax: (312) 993-9767
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Boston | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| | Washington, D.C. |

February 2, 2005

**VIA FACSIMILE AND U.S. MAIL**

Daniel L. Keppler
Kennedy, Watts, Arellano & Ricks, LLP
2850 Pacwest Center
1211 SW Fifth Avenue
Portland, Oregon 97204
Facsimile: (503) 228-0009

Re: GST Telecom Inc., et al., v. John Warta, Civil Docket No. 04-CV-1380

Dear Dan:

I am in receipt of your letter of yesterday evening, in which you touch on the matters that you and I discussed on the telephone earlier yesterday. As you will see from the email that I sent to you prior to receiving your fax, we are apparently not in agreement regarding our discussion, or regarding how to proceed.

As you are aware, Judge Sleet has ordered the parties to conclude all fact discovery in this matter on or before February 28, 2005. As you may also be aware, this discovery cutoff was ordered in no small part because Mr. Warta, through his counsel of record Chris Kent, insisted that no discovery be allowed after that date. In addition, Judge Sleet has ordered that summary judgment motions -- which both parties have indicated an intention to file -- must be filed on or before March 15. This summary judgment cutoff was set as a firm date as opposed to a certain period of time following the close of discovery, again in large measure as a result of Mr. Kent's insistence that it be such.

Consistent with Judge Sleet's orders, we have arranged for the last remaining witnesses, Messrs. Goodrich and Pickle, to be deposed in the month of February. Both individuals are third parties to this action, and scheduling them has been no small feat. From as early as the discovery conference the parties held on January 12, we have informed Mr. Kent that Mr. Goodrich's deposition would take place on February 8. We confirmed that date in a letter to him and his colleague Leslie Johnson on January 21, and sent formal notice again on January 31. In addition, GST has determined that Mr. Pickle is available for a deposition on February 22.

During the mediation teleconference with Magistrate Judge Thynge on January 24, Mr. Kent and Mr. Arellano disclosed for the first time that Mr. Kent intended to seek leave to withdraw and to substitute Mr. Arellano as counsel for Mr. Warta. Mr. Kent indicated that the

CH\742869.1

Daniel Keppler
February 2, 2005
Page 2

LATHAM&WATKINS LLP

necessary papers would be filed last week. A week and a half have elapsed since that conference, and no motion to withdraw or substitute has been filed.

Nonetheless, you informed us for the first time yesterday that the deposition of Mr. Goodrich, which is set for next Tuesday in California, is not convenient for Mr. Arellano. Therefore you asked us to reschedule. As I indicated to you in our telephone conference, the only date that we have currently confirmed that Mr. Goodrich will be available to be deposed prior to the discovery cutoff is February 8. Contrary to the implication in your letter, however, I did not agree to reschedule either Mr. Goodrich's deposition or Mr. Pickle's deposition to a date in March, after the discovery cutoff. Indeed, we do not believe that we have the power unilaterally to change a court-ordered discovery cutoff date. Nor do we have the power unilaterally to change the date for submission of summary judgment motions, which will likely require the completion of fact discovery. Contrary to your response to my email, neither of these is an issue that we can "figure out for ourselves."

Accordingly, we cannot agree with your statement that it is "premature" to involve the Court in this issue. The only way to determine whether the Court will extend either the discovery cutoff or the date for summary judgment motions is to seek the Court's guidance. That must be done before February 8, since there is no guarantee that Mr. Goodrich will be available after that date. By waiting until yesterday to request a change in Mr. Goodrich's deposition, Mr. Kent and Mr. Arellano have made it impossible to proceed otherwise.

As I indicated in my email to you that we would, our local counsel, Chris Ward, spoke with the Court's chambers this morning seeking guidance. Mr. Ward was told to submit a letter requesting a telephone conference and outlining the issue. That letter will go out shortly. Meanwhile, if the Court is unable to schedule a conference to provide further guidance regarding how to proceed, it is our intention to go forward with Mr. Goodrich's deposition on February 8 as the parties have previously agreed.

Sincerely,

*Danielle S. Kemp* by *[initials]*
w/ permission

Danielle S. Kemp
of LATHAM & WATKINS LLP

cc:  Ricardo Palacio *by fax*
     Chris Kent, Esq. *by fax*
     Leslie Johnson, Esq. *by fax*

CH\742869.1

# LATHAM&WATKINS LLP

Sears Tower, Suite 5800
233 S. Wacker Dr
Chicago, Illinois 60606
Tel: (312) 876-7700 Fax: (312) 993-9767
www.lw.com

FIRM / AFFILIATE OFFICES
Boston            New Jersey
Brussels          New York
Chicago           Northern Virginia
Frankfurt         Orange County
Hamburg           Paris
Hong Kong         San Diego
London            San Francisco
Los Angeles       Silicon Valley
Milan             Singapore
Moscow            Tokyo
                  Washington, D C

February 2, 2005

**VIA HAND DELIVERY**

Honorable Gregory M. Sleet
United States District Judge
United States District Court
844 North King Street
Wilmington, DE 19801

Re:   GST Telecom Inc., et al., v. John Warta, Civil Docket No. 04-CV-1380;
      Letter Regarding Pending Depositions

Dear Judge Sleet:

GST Telecom Inc., GST USA, Inc. and GST Telecommunications, Inc. (collectively, "GST"), submit this letter to set forth the background of an issue that has arisen regarding the scheduling of depositions of Mr. John Goodrich and Mr. Buddy Pickle. Because the issue implicates both the date the Court has set for the close of fact discovery and the due date for summary judgment motions, GST requests a telephonic conference with all counsel present to resolve the issue.

As the Court will recall from prior discovery conferences and the Stipulated Case Management Order, the parties are working toward a February 28, 2005 discovery cutoff. In addition, the Court has set March 15, 2005 as the last day to file summary judgment motions. In the past, counsel for Mr. Warta has taken the position that these dates must be firm, and that they would oppose any attempt to extend them.

There remain two third party witnesses that GST wishes to depose prior to the close of discovery: Mr. John Goodrich and Mr. Buddy Pickle. GST has been working with Chris Kent and Leslie Johnson, counsel of record for Mr. Warta, and these witnesses to schedule both depositions in February.

As early as January 12, 2005 during a telephonic discovery conference, counsel for GST notified counsel for Mr. Warta that Mr. Goodrich was available for a deposition on February 8, 2005. This was confirmed in a letter to Mr. Kent and Ms. Johnson on January 21, 2005. It was discussed further in the mediation conference the parties held with Magistrate Judge Thynge on January 24, 2005. That date is now less than a week away. In addition, GST has arranged for Mr. Pickle to be available for a deposition on February 22, 2005.

At the mediation conference with Magistrate Judge Thynge, Chris Kent, counsel of record for Mr. Warta, appeared and another attorney, Mr. Joseph Arellano, was on the line as well. Mr. Arellano had previously represented one of the third-party witnesses in this matter at

Judge Sleet
February 2, 2005
Page 2

LATHAM&WATKINS LLP

her deposition, but had never represented Mr. Warta. During the mediation conference, however, Mr. Kent for the first time expressed his intention to file a motion to withdraw as counsel for Mr. Warta due to an "unavoidable conflict" and to substitute Mr. Arellano as counsel of record. Mr. Kent indicated that he would file such a motion by January 28, 2005, and that it was Mr. Warta's intention that Mr. Arellano represent him in the future, including at the upcoming depositions. To date, however, neither Mr. Kent nor Mr. Arellano has filed a motion for withdrawal or substitution.

Yesterday, counsel for GST received a telephone call from Daniel Keppler, a colleague of Mr. Arellano. Mr. Keppler stated that Mr. Arellano is in the midst of a 3-week trial and would be unavailable for Mr. Goodrich's deposition on February 8. Mr. Keppler went on to request that both the Goodrich and Pickle depositions be rescheduled for new dates in March, after the Court's deadline for the close of discovery.

Moving these depositions to March will not only necessarily change the date for the close of discovery set by this Court's Stipulated Case Management Order, but also the date for summary judgment motions, as the testimony of these witnesses may relate to such motions. GST respectfully requests that the Court convene a telephonic conference among all counsel, including Mr. Arellano, or someone authorized to speak for him, to discuss how to proceed. Because February 8 is the only date that Mr. Goodrich has indicated his availability for a deposition prior to the close of discovery, GST additionally requests that the conference be held as soon as convenient during this week.

Respectfully submitted,

William J. Gibbons
of LATHAM & WATKINS

cc: Chris Kent, Esq. *by fax*
Joseph Arellano, Esq. *by fax*
Daniel Keppler, Esq. *by fax*
Ricardo Palacio, Esq. *via hand delivery*