**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **GST TELECOM INC., et al.,** | **Case No. 00-1982 (GMS)** |
| **Debtors.** | **Jointly Administered** |
| **GST TELECOM INC., et al.,** | **Adv. Pro. No. 04-55890 (GMS)** |
| **Counterplaintiffs,** | **Civil Action No.: 04-CV-1380** |
| **v.** | |
| **JOHN WARTA,** | |
| **Counterdefendant.** | |

# OPENING BRIEF IN SUPPORT OF JOHN WARTA'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING COUNTS I-IV OF GST'S AMENDED COUNTERCLAIM

ASHBY & GEDDES
Philip Trainer, Jr. (#2788)
Ricardo Palacio (#3765)
222 Delaware Ave., 17th Floor
P.O. Box 1150
Wilmington, Delaware 19801
(Tel.): 302-654-1888
(Fax): 302-654-2067

-and-

KENNEDY, WATTS, ARELLANO & RICKS LLP
Joseph C. Arellano, pro hac vice
Daniel L. Keppler, pro hac vice
1211 SW 5th Ave., Suite 2850
Portland, OR 97204
503-228-6191

*Attorneys for Counterdefendant John Warta*

Dated: March 15, 2005

# TABLE OF CONTENTS


I. Nature and Stage of Proceedings ..... 1

II. Summary of Argument ..... 2

III. Statement of Facts ..... 2

IV. Summary Judgment Standard ..... 4

V. Argument ..... 4

A. Delaware's three-year statute of limitations applies to GST's counterclaims ..... 4

B. GST alleges its injury occurred by January 1997 ..... 5

C. The Washington litigation is irrelevant to the untimely filing here ..... 6

VI. Conclusion ..... 8

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)........................................................................................ 4

*Aronow Roofing Co. v. Gilbane Bldg. Co.*,
902 F.2d 1127 (3d Cir. 1990)........................................................................... 4

*In re GNK Enters.*,
197 B.R. 444 (Bankr. S.D.N.Y. 1996)............................................................... 6

*Isaacson, Stolper & Co. v. Artisan's Sav. Bank*,
330 A.2d 130 (Del. 1974) .................................................................................. 4

*Maritime Electric Company, Inc. v. United Jersey Bank*,
959 F.2d 1194 (3d Cir. 1991)............................................................................ 6

*National Iranian Oil Co. v. Mapco Int'l, Inc.*,
983 F.2d 485 (3d Cir. 1992)............................................................................... 5

## Rules

Fed.R.Civ.P. 56(c) ................................................................................................ 4

## Statutes

10 Del .C. § 8121 .................................................................................................. 5

10 Del. C. § 8106 .................................................................................................. 4

11 U.S.C. § 362(a)(1).............................................................................................. 6

RCW 4.16.040(1) (contracts).................................................................................. 5

RCW 4.16.080 (torts)............................................................................................... 5

## I. Nature and Stage of Proceedings

This is an adversary proceeding in the context of the debtors' (collectively "GST") bankruptcy cases filed in 2000. Counterdefendant John Warta ("Warta") is a former CEO of certain GST entities. Warta timely filed proofs of claim in 2001 and, thereafter, amended his proofs of claim in January 2004 with the Court's permission. Warta seeks to recover for his unpaid wages, for GST's breach of his employment agreement, for indemnification arising from certain lawsuits that GST refused to defend, and for GST's bad faith in instituting baseless litigation against Warta.

In response, GST initiated this adversary proceeding. On February 12, 2004, GST filed objections to Warta's amended claims and asserted counterclaims for recovery of damages based on allegations of fraud (Count I), breach of fiduciary duty (Count II) conversion (Count III), breach of contract (Count IV), and equitable subordination (Count V). Counterclaim, ¶¶ 74-97; Amended Counterclaim, ¶¶ 30-47.[1] GST admitted it filed such counterclaims because Warta had "ratcheted up" the size of his claims. Ex. A, p. 28.[2]

This motion for summary judgment challenges the timeliness of counts I through IV of GST's Amended Counterclaim. Warta does not, for purposes of this motion for summary judgment, challenge the timeliness of GST's claim for equitable subordination (count V).

---

[1] Refers to GST's Objection of the Debtors to Amended Proofs of Claim Nos. 1211, 1212, and 1213 Filed by John Warta and Counterclaim for Recovery of Damages (the "Counterclaim") (Bankr. D.I. 2736) and GST's Amended Counterclaim (Bankr. D.I. 2805; Bankr. Adv. Pro. D.I. 1; District Court D.I. 7).

[2] "Ex." refers to exhibits to the accompanying the Affidavit of Daniel L. Keppler in Support of John Warta's Motion for Partial Summary Judgment Regarding Counts I-IV of GST's Amended Counterclaim, filed contemporaneously herewith.

## II. Summary of Argument

The Court should grant summary judgment in favor of Warta, and against GST's counterclaims filed on February 12, 2004 (as amended on October 7, 2004), because certain of GST's counterclaims are barred by the applicable statute of limitations. The Delaware statute of limitations applicable to Counts I-IV of GST's Amended Counterclaim is three years. GST alleges that all of the events giving rise to its counterclaims occurred in or before January 1997—approximately seven years *before* those claims were first asserted in this Court. There is no dispute of material fact that the statute of limitations applicable to each of GST's counterclaims for fraud, breach of fiduciary duty, conversion, and breach of contract had already run by the time GST filed those counterclaims in this case. Accordingly, this Court should dismiss, with prejudice, Counts I-IV of GST's Amended Counterclaim, as the claims asserted therein are time-barred.

## III. Statement of Facts

As noted above, GST initially filed its counterclaims in February 2004. Those counterclaims arise out of GST's transactions with a company called Magnacom Wireless, L.L.C. Counterclaim, ¶¶ 47-51, 74-97; Amended Counterclaim, ¶¶ 19-52. Magnacom was a domestic limited liability company organized to permit GST to enter the wireless personal communications services (PCS) business. Counterclaim, ¶¶ 47-51; Ex. 5, p. 2; Ex. 7, pp. 2-3. At the relevant time, Federal Communications Commission (FCC) rules limited the percentage of foreign ownership of FCC licenses. Ex. B, pp. 145-46; Ex. 7, p. 2. Because GST was a Canadian-owned company, GST's corporate and FCC lawyers arranged for Warta to be the sole owner of Magnacom and granted GST

certain options to obtain an interest in Magnacom, depending on the state of FCC ownership regulations. Ex. B., 165-66; Ex. 5, p. 2; Ex. C, pp. 2-3.

With this arrangement in place, GST transferred funds to Magnacom to allow Magnacom to bid on PCS licenses. Ex. B, pp. 147; Ex. 5, p. 2. The GST board of directors was fully aware of Warta's ownership interest in Magnacom. Ex., 5. p. 2; Ex. 7, p. 3. The board's finance committee approved the transfers in a meeting on August 1, 1996 and the actions were approved by the full board during its meetings on September 16-17, 1996 and January 14-16, 1997. Ex. 5, p.2; Ex. 7, pp. 2-3; Ex. C, pp. 3-4. Despite the clear evidence that the board was fully informed and consented to the transfers to Magnacom, GST now claims that the transfers amounted to fraud, breach of fiduciary duty, conversion, and breach of contract by Warta. Each of these alleged claims arise from events that GST alleges occurred from 1996 through January 1997. Counterclaim, ¶¶ 47-51, 74-97; Amended Counterclaim, ¶¶ 19-29.

Although GST did not file counterclaims in this case until February 2004, the claims themselves are not new. GST previously asserted similar claims against Warta regarding Magnacom in 1999 in the state courts of Oregon and Washington. Ex. D, ¶¶ 70-98; Ex. E, ¶¶ 100-04, 111-14, 122-26. GST also previously sued Warta on various other grounds in California and British Columbia. None of the claims GST brought against Warta was litigated to judgment on the merits, and Warta did not pay to settle GST's claims. Indeed, Warta intends to demonstrate to the jury in this case that GST brought those claims and other lawsuits against Warta in bad faith and as part of a strategy to tarnish Warta's reputation among financiers in the telecommunications industry.

GST's counterclaims against Warta arising from the Magnacom transaction have not improved with age. Warta disputes all of GST's allegations of wrongdoing. However, assuming the truth of GST's allegations for purposes of summary judgment, GST's counterclaims filed in this case are untimely and barred under Delaware's three-year statute of limitations.

## IV. Summary Judgment Standard

This Court must grant summary judgment under Fed.R.Civ.P. 56(c),

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

*See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Summary judgment is an appropriate vehicle to raise the statute of limitations as a bar to a party's claims. *Aronow Roofing Co. v. Gilbane Bldg. Co.*, 902 F.2d 1127, 1128 (3d Cir. 1990) (affirming summary judgment on grounds that Delaware statute of limitations barred the plaintiff's claim).

## V. Argument

### A. Delaware's three-year statute of limitations applies to GST's counterclaims.

GST's counterclaims against Warta arise from his status as an officer and director of GST's Delaware corporations. Amended Counterclaim, ¶¶ 7-8, 14-15. The Delaware statute of limitations for fraud, breach of fiduciary duty, conversion, and breach of contract is three years from the date of the alleged act or omission giving rise to the claim. 10 Del. C. § 8106; *Isaacson, Stolper & Co. v. Artisan's Sav. Bank*, 330 A.2d 130, 132 (Del. 1974).

Delaware's choice of law statute requires application of the Delaware statute of limitations here. 10 Del. C. § 8121. That provision applies the shorter of either the Delaware statute of limitations or the statute of limitations of the state where the cause of action arose. *National Iranian Oil Co. v. Mapco Int'l, Inc.*, 983 F.2d 485, 494 (3d Cir. 1992) (applying Delaware's three-year statute of limitations instead of longer foreign statute of limitation, even though all events occurred in foreign nation).

GST Telecommunications was headquartered in Washington, and Warta was employed there. Washington has a three-year statute of limitations for tort claims and a six-statute of limitations for contract claims. RCW 4.16.080 (torts); RCW 4.16.040(1) (contracts). Even if GST's counterclaims can be said to have arisen in Washington, that state's statutes of limitation are no shorter than Delaware's. Accordingly, Delaware's three-year statute of limitation applies to GST's counterclaims filed in this Court.

**B. GST alleges its injury occurred by January 1997.**

GST alleges that Warta improperly advanced $14.4 million of GST funds to Magnacom as reported to the GST board by its vice chairman in January 1997. GST Counterclaim, ¶ 50. GST further alleges that Warta improperly caused GST to enter into a reseller agreement with Magnacom. GST Counterclaim, ¶ 51. GST and Magnacom executed the reseller agreement in October 1996. Ex. F, p. 1. GST has not alleged any facts, nor are there any relevant facts, relating to Magnacom that occurred after January 1997.

Thus, there is no dispute that all of the events with respect to Magnacom as alleged in GST's counterclaims occurred *approximately seven years* before GST first

filed them in this case. Those counterclaims are unquestionably barred under Delaware's three-year statute of limitations.

**C. The Washington litigation is irrelevant to the untimely filing here.**

It is expected that GST may respond by arguing about claims pending against Warta in Washington state court. At the October 7, 2004 conference, GST suggested that GST's lawsuit against Warta in Washington somehow rendered its counterclaim filed here timely. Ex. A, pp. 27-28. Whether GST timely filed claims against Warta in another jurisdiction has no bearing on whether its claims *filed in this Court* are timely under the Delaware statute of limitations. *In re GNK Enters.*, 197 B.R. 444 (Bankr. S.D.N.Y. 1996) (dismissing Debtor's claims as untimely where such claims were previously asserted and pending in different court; refusing to find that claims asserted in bankruptcy court adversary proceeding relate-back to earlier claims filed in pending district court litigation).

In February 1999, GST asserted counterclaims against Warta involving Magnacom in King County Superior Court in Washington. Ex. E, pp. 1, 34-37. GST's claims in Washington were not automatically stayed by GST's bankruptcy filing, despite GST's belief to the contrary.[3] *Maritime Electric Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir.1991) ("[W]ithin one case, actions *against* a debtor will be suspended [by the automatic stay in 11 U.S.C. § 362(a)(1)] even though closely related claims asserted *by* the debtor may continue.") (emphasis in original). GST abandoned or ignored its pending claims, and the Washington court dismissed the case in December

[3] At the October 7, 2004 conference with the Court, GST stated (wrongly) that its counterclaims against Warta in Washington state court were stayed by the bankruptcy filing. GST allowed those claims to be

2000. Ex. G, p. 4. Nearly four years later, in October 2004, GST successfully moved to reinstate its claims pending in the Washington court. Ex. G, pp. 1-2; Ex. H, pp. 1-2. Warta respectfully submits that whether GST's reinstatement was proper under Washington law and relates back to the 1999 filing date for Washington statute of limitations purposes is for the Washington courts to decide.

In any event, the dismissal and subsequent reinstatement of the Washington action does not revive barred claims filed in this Court. The mere fact that GST *may* have timely claims pending in a Washington state court does not render timely the late filing of its counterclaims here—more than seven years after the events that GST alleges gave rise to its claims.

---

administratively dismissed in Washington then chose to pursue them in this Court only after this Court granted Warta leave to amend his claims. Ex. A, pp. 27-28.

**VI. Conclusion**

The Court should grant summary judgment in favor of Warta and against GST on GST's counterclaims. The applicable Delaware statute of limitations is three years. There is no dispute of material fact that GST's counterclaims all arise from events that occurred more than seven years before GST filed them in this action. The revival of a previously-filed parallel action in Washington state does not cure the untimely counterclaims GST filed in this Court.

DATED: March 15, 2005

KENNEDY, WATTS, ARELLANO & RICKS LLP
Joseph C. Arellano, pro hac vice
Daniel L. Keppler, pro hac vice
1211 SW 5th Ave., Suite 2850
Portland, OR 97204
503-228-6191

ASHBY & GEDDES

*/s/ Ricardo Palacio*
Philip Trainer, Jr. (#2788)
Ricardo Palacio (#3765)
222 Delaware Avenue, 17th Floor
PO Box 1150
Wilmington, DE 19899-1150
(302) 654-1888

*Attorneys for Counterdefendant John Warta*

**CERTIFICATE OF SERVICE**

I, Ricardo Palacio, Esquire hereby certify that, on the 15th day of March, 2005, I caused a true and correct copy of the attached *Opening Brief in Support of John Warta's Motion for Partial Summary Judgment Regarding Counts I-IV of GST's Amended Counterclaim* to be served upon below listed counsel by U.S. Mail, postage pre-paid, or in the manner so indicated.

**U.S. MAIL**
William J. Gibbons, Esq.
Danielle S. Kemp, Esq.
Latham & Watkins
Suite 5800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
Facsimile: 312-993-9767

**HAND DELIVERY**
Steven M. Yoder, Esq.
Christopher A. Ward, Esq.
The Bayard Firm
222 Delaware Ave., Suite 900
Wilmington, Delaware 19899

*/s/ Ricardo Palacio*
Ricardo, Palacio (I.D. #3765)

154614.1