# EXHIBIT 15

## INDEMNITY AGREEMENT

This Agreement is by and between GST Telecommunications, Inc. ("GST"), John Warta ("Warta"), and Pacwest Network, Inc. ("PNI") dated _____ August, 1998.

### Recitals:

A.  PNI and Warta are the owners, directly or indirectly, of Magnacom Wireless L.L.C., PCS Plus, Inc., PCS Plus Holdings Corporation, PCS Plus Pacific, Inc., PCS Plus Northwest, Inc., PCS Plus Southwest, Inc., PCS Plus Arkansas, Inc. and PCS Plus Hawaii, Inc. (collectively, the "PCS Companies").

B.  GST acknowledges and agrees that Warta, individually, PNI, and Warta in his capacity as member of Magnacom Wireless L.L.C. and shareholder, director and officer of PNI (collectively, the "Indemnitees"), have acted for the benefit of GST since the organization or acquisition, as applicable, of the PCS Companies and that the Indemnitees have been acting for the benefit of GST with respect to all aspects of the PCS Companies, including, without limitation, the formation, operation and sale of the PCS Companies.

C.  Warta, individually, PNI, and Warta in his capacity as member of Magnacom L.L.C., and shareholder, director and officer of PNI, represent and agree that (1) they have acted for the benefit of GST since the organization or acquisition, as applicable, of the PCS Companies; (2) all assets or funds of the PCS Companies have been used exclusively for the benefit of the PCS Companies; and (3) no such funds or assets were used for or applied to the personal benefit of Warta or for the benefit of PNI except for the indirect benefit to them from the use of such assets and funds for the benefit of the PCS Companies.

### Agreement:

The parties agree as follows:

1.  In consideration for GST's granting this Indemnity Agreement to Warta, Warta agrees to execute the Agreement for Purchase and Sale of Assets by and between Cricket Holdings, Inc. and the PCS Companies in his individual capacity with respect to Section 7.3, Non-Competition. He further agrees to cause the PCS Companies to execute the Agreement for Purchase and Sale of Assets and to cause the PCS Companies to take such other actions as are reasonably required to cause the FCC licenses owned by the PCS Companies to be transferred to Cricket Holdings, Inc. and to provide for the management by Cricket Holdings, Inc. of the assets to be acquired under the Agreement for Purchase and Sale of Assets.

2.  GST will indemnify and hold harmless the Indemnitees for, and will pay to the Indemnitees the amount of, any loss, obligation, liability, claim, damage (including, without limitation, incidental and consequential damages), expense (including, without limitation,

EXHIBIT "C"
PAGE 1 of 3

costs of investigation and defense and reasonable attorneys' fees) (collectively, "Damages") arising, directly or indirectly, from or in connection with:

(a) the formation, acquisition, ownership, capital structure, management, control, operation, sale of the assets or stock or other disposition or liquidation of the PCS Companies;

(b) the acts or omissions of the Indemnitees as member, shareholder, controlling party, director, officer, representative or agent, as applicable, of a PCS Company;

(c) the acquisition, maintenance or sale of the FCC licenses held by the PCS Companies; or

(d) any other acts or omissions related to the PCS Companies;

provided, however, that the indemnification shall not apply to the repayment by Magnacom Wireless, L.L.C. of the loan from Pacwest Network, LLC ("PNLLC") in the principal amount of approximately $424,165.72 (the "Loan"), which Loan shall be repaid in accordance with Section 5.

3. GST releases, acquits and discharges each Indemnitee from any and all claims, obligations, liabilities, demands and causes of action whatsoever, upon any legal or equitable theory, whether state or federal, common law, statutory, contractual or otherwise, whether direct or indirect, and whether known, unknown, claimed or suspected, which GST ever had, now has, or will have against an Indemnitee, arising out of or based in whole or in part upon or related in any way to (i) the ownership, capital structure, management, control or operation of the PCS Companies, (ii) the sale of the assets or stock or other dissolution or liquidation of a PCS Company, (iii) any transaction between GST and a PCS Company; and (iv) any other transaction, act or omission involving, directly or indirectly, the PCS Companies; provided, however, the release shall not apply to Warta's obligations under Section 7.3 of the Agreement for Purchase and Sale of Assets.

4. This Agreement does not constitute and shall not be deemed as an admission of liability. This Agreement is not intended to and does not benefit any other individual or party other than the parties to this Agreement.

5. GST agrees that it will use its best efforts to cause the PCS Companies to treat PNLLC fairly (as compared to GST and other creditors of the PCS Companies) with respect to repayment of the Loan and shall use its best efforts to assure that PNLLC will receive as close to the full amount of the principal balance as possible. All parties agree to cooperate in good faith in pursuing an orderly liquidation of the PCS Companies in order to accomplish the objective of repaying as much of the outstanding principal balance of the Loan to PNLLC as possible.

Page 2 – INDEMNITY AGREEMENT

EXHIBIT " C "
PAGE 2 of 3

6. This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, successors and assigns.

7. This Agreement may be executed in counterparts, each of which will be considered an original and all of which together will constitute one and the same agreement.

8. Facsimile transmission of any signed original document, and retransmission of any signed facsimile transmission, shall be the same as delivery of an original. At the request of either party, the parties shall confirm facsimile transmitted signatures by signing an original document.

9. If any arbitration, suit or action is instituted to interpret or enforce the provisions of this Agreement, to rescind this Agreement or otherwise with respect to the subject matter of this Agreement, the party prevailing on an issue shall be entitled to recover with respect to such issue, in addition to costs, reasonable attorneys' fees incurred in preparation or in prosecution or defense of such arbitration, suit or action as determined by the arbitrator or trial court, and if any appeal is taken from such decision, reasonable attorneys' fees as determined on appeal.

10. This Agreement shall be governed by and construed in accordance with the laws of the State of Washington, without regard to conflict of laws principles.

GST TELECOMMUNICATIONS, INC.        PACWEST NETWORK, INC.

By: _____       By: _____
Title: Chairman                      Title: _____

_____
JOHN WARTA

Page 3 - INDEMNITY AGREEMENT

EXHIBIT "C"
PAGE 3 of 3