# EXHIBIT 21

IN THE SUPERIOR COURT OF WASHINGTON

FOR KING COUNTY

RECEIVED
In King County Superior Court
JAN 25 1999
Cashier System
Superior Court Clerk

JOHN WARTA,

    Plaintiff,

v.

GST USA, Inc., a Delaware corporation; GST TELECOM, INC., a Delaware corporation; and GST TELECOMMUNICATIONS, INC., a Canadian corporation.

    Defendants.

Case No. 99-2-02287-4SEA

COMPLAINT
(Breach of Employment Agreement, Breach of Covenant of Good Faith and Fair Dealing, Violation of Wage Statutes and Indemnity)

Plaintiff alleges:

### Parties, Jurisdiction and Venue

1.

This is an action for breach of an employment contract and related claims.

2.

Plaintiff ("Warta") is a resident of Clark County, Washington, and was formerly the Chief Executive Officer and a Director of defendants GST USA, Inc., ("GUSA") and GST Telecom, Inc., ("Telecom").

3.

GUSA and Telecom are Delaware corporations and their principle places of business are in Vancouver, Washington. GUSA and Telecom are wholly owned subsidiaries of defendant GST Telecommunications, Inc., ("GST"), a Canadian corporation that is publicly owned.

Page  1 -  COMPLAINT

MARKOWITZ, HERBOLD, GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

EXHIBIT 1

4.

This case arises out of an employment contract by and between plaintiff, GUSA and Telecom, dated September 1, 1995, (attached as Exhibit A) as amended on August 22, 1997 (Exhibit B). (Collectively referred to as the "Agreement.") The contract provides that "any action, suit or proceeding with respect to this Agreement and the respective rights, remedies, duties and liabilities of the parties hereunder shall be brought in the courts of the State of Washington located in Seattle, Washington or in the United States District Court for the district in which Seattle is located . . ." Accordingly, jurisdiction and venue are proper in King County.

### Factual Background

5.

In 1994, Warta controlled an Oregon limited liability company known as Pacwest Network L.L.C. (Pacwest). Pacwest was in the telecommunications business in the continental United States and Hawaii. Warta and Pacwest were approached by a Canadian company, Greenstar Telecommunications, Inc., ("Greenstar") with a proposal to merger the operations of some of Pacwest's business into the operations Telecom, a subsidiary of Greenstar. Greenstar later became GST.

6.

On June 21, 1994, Greenstar, Warta, Pacwest and others entered into a Shareholder Agreement by which Greenstar and Pacwest became the holders of all of the issued and outstanding shares of Telecom. As a part of the negotiations of the Shareholder Agreement, the parties agreed that Warta would become employed by Telecom as its chief executive officer and president. In addition, the parties to the Shareholder Agreement also agreed that Warta would be responsible for the day-to-day management and operations of all Telecom subsidiaries.

///

Page   2 -   COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

7.

The Shareholder Agreement also provided that Pacwest and Warta were permitted to continue to perform their obligations under disclosed pre-existing contracts with others, and, in particular, were permitted to continue their consulting relationship known as Tomen and, in the event Tomen provided debt or equity financing to Telecom or its affiliates, would be entitled to compensation equal to one percent of the amount of the financing.

8.

On March 1, 1994, Warta entered into an employment agreement with Telecom. On September 1, 1995, this employment agreement was restated and amended to include GUSA (Exhibit A). Further amendments (Exhibit B) were signed on August 22, 1997. The term of the Agreement, as amended and restated, was to and including the 28th day of February, 1999. Under its terms, the Agreement may only be terminated by Telecom or GUSA for cause under the provisions of Section 16. Warta's compensation was subsequently raised to $315,000 per annum. Warta is also entitled to a bonus of $55,000 for 1998.

9.

From the period of June, 1994, through June 15, 1998, Warta presided as chief executive officer of Telecom and its subsidiaries and affiliates, including GUSA, and was also a member of the board of directors of these companies. In addition, Warta was appointed as CEO and served as a director of GST. During that time, the GST companies grew and developed their business from total revenues for fiscal year ending September 1995 of $6 million to total revenue for fiscal year ending 1997 of $119 million. Revenues for the first six months of 1998 were $70 million. In the same period, GST assets grew from $27 million to $948 million.

///

///

///

Page    3 -    COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

1                                FIRST CLAIM

2                       (Breach of Employment Agreement)

3                                     10.

4        During the twelve month period preceding June 15, 1998, and the twelve month

5 period preceding termination of the Contract, there was a change of control of Telecom as

6 defined in Section 18(ii) of the Agreement.

7                                     11.

8        On June 15, 1998, following a change in control, the Telecom and GUSA boards of

9 directors discharged Warta as chief executive officer without cause and in breach of the

10 Contract. Following a change in control, Warta resigned as a member of the GST board of

11 directors on September 15, 1998.

12                                   12.

13        Following his discharge, Warta and GST entered into a consulting agreement

14 whereby GST agreed to continue for an indefinite period to pay Warta a fee equal to the

15 compensation provided for under the Agreement, without prejudice to the position of Warta

16 or Telecom and GUSA in this litigation.

17                                   13.

18        Following defendants' discharge of Warta, they have failed to pay Warta or provide

19 him with the benefits set for in the Agreement, including the value of 19 weeks in vacation

20 time accumulated at the time of Warta's discharge.

21                                   14.

22        As a result of the change in control alleged above, defendants' discharge of Warta,

23 defendants' failure to pay Warta's benefits, and Warta's departure from the GST board of

24 directors, defendants are obligated pursuant to Section 18 of the Agreement to pay Warta

25 2.99 times the "base amount" of his compensation, or $941,850.

26 ///

Page   4 -   COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

15.

Despite repeated demands, defendants have not paid Warta his compensation under the Agreement or the consulting arrangement, his accumulated vacation pay, his bonus, nor have they paid Warta the $941,850 liquidated damages provided for in Section 18 of the Agreement, and therefore have breached the Agreement.

16.

Defendants breach of the Agreement has directly and proximately caused Warta damages in the amount of $941,850, together with the amount of Warta's base compensation at the rate of $315,000 per annum for the period of June 11, 1998, through February 28, 1999, and the value of the benefits defendants have failed to provide, and his $55,000 bonus, less amounts paid under the terms of the consulting arrangement alleged in paragraph 12.

17.

Warta is entitled to recover prejudgment interest on his damages alleged above from June 20, 1998, to the date the defendants pay their obligation to Warta.

18.

Pursuant to Section 27 of the Contract, Warta is entitled to recover his reasonable attorneys' fees.

## SECOND CLAIM

(Breach of Duty of Good Faith and Fair Dealing)

19.

Plaintiff realleges paragraphs 1 through 18 above.

20.

Defendants discharged Warta in June, 1998, as a part of a scheme and plan to effect a change in control, as defined in Section 18(ii) of the Agreement, without having to pay Warta the liquidated damages provided for in Section 18(i). In carrying out this scheme, defendants

Page    5 -    COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

1 breached their duty of good faith and fair dealing in that they intentionally and wrongfully
2 sought to subvert the express purpose of Section 18 of the Agreement.

3                                      21.

4    As a result of their breach of their duty of good faith and fair dealing, defendants are
5 liable to Warta in the amount of $941,850.

6                                      22.

7    Warta is entitled to recover his reasonable attorneys' fees.

## THIRD CLAIM

(Wage Claim - Violation of RCW §§ 49.48.010 and 49.52.050(2))

10                                     23.

11   Warta realleges paragraphs 1 - 18 above.

12                                     24.

13   At the time they discharged Warta, Telecom and GUSA owed Warta accumulated
14 vacation time of 240 hours at his current annual rate of pay of $315,000. At the time they
15 discharged Warta, defendants also owed him a bonus of $55,000, and $941,850 in liquidated
16 damages for change of control as alleged above. Defendants continue to withhold payment
17 of Warta's wages.

18                                     25.

19   Defendants failed to pay Warta the value of the accrued vacation time at the end of
20 the established pay period in violation of RCW § 49.48.010. Defendants have willfully
21 withheld payment of compensation depriving Warta of compensation by paying him less than
22 they are obligated to pay in violation of RCW § 49.52.050(2).

23                                     26.

24   Pursuant to the terms of RCW § 49.52.070, Warta is entitled to recover double
25 damages, together with, and pursuant to RCW § 49.48.030, his reasonable attorneys' fees.

26   ///

Page   6 -   COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

## FOURTH CLAIM

(Indemnity - GST)

27.

Warta realleges paragraphs 1 - 18.

28.

In August, 1998, Warta and GST entered into an Indemnity Agreement, a copy of which is attached as Exhibit C.

29.

Following the formation of the Indemnity Agreement, Warta incurred damages as that term is defined in Section 2 of the Indemnity Agreement in amounts that currently exceed $385,000 ("Damages"). Warta continues to incur such Damages.

30.

Warta has performed all conditions precedent to the payment of Damages, and remains prepared to perform his obligations under the Indemnity Agreement.

31.

GST is liable to Warta for the damages set forth above and any other damages he incurs up to the date of trial of this matter.

32.

Warta is entitled to recover his reasonable attorneys' fees.

WHEREFORE, Plaintiff is entitled to judgment against defendants as follows:

1. Against Telecom and GUSA in the amounts set forth above, together with additional damages to be proved at trial,

2. Against GST in the amount of $385,000, together with additional damages to be proved at trial,

///

///

Page 7 - COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

1  3.  Against all defendants for prejudgment interest, and

2  4.  Against all defendants for costs, disbursements and attorneys' fees.

3

4  DATED this 19 day of January, 1999.

5                      MARKOWITZ, HERBOLD, GLADE
                        & MEHLHAF, P.C.

6

7                           /s/ Peter H. Glade
                    By:_____

8                        Peter H. Glade, WSB #15681
                      Of Attorneys for Plaintiff

9

10                      Trial Attorney:  Peter H. Glade

11

12  WARTGS\1017.DOC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page   8 -   COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085