# EXHIBIT 22

**CERTIFICATE OF SERVICE**
I certify under penalty of perjury under the laws of the State of Washington that on this day I caused to be sent via Federal Express, Next Day Delivery, a copy of this document to plaintiff's counsel of record.

Dated: February 23, 1999 at Seattle, Washington.

THE HONORABLE JEFFREY M. RAMSDELL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

JOHN WARTA,

     Plaintiff,

     v.

GST USA, INC., a Delaware corporation; GST TELECOM, INC., a Delaware corporation and GST TELECOMMUNICATIONS, INC., a Canadian corporation,

     Defendants.

GST USA, INC., a Delaware corporation; GST TELECOM, INC., a Delaware corporation and GST TELECOMMUNICATIONS, INC., a Canadian corporation,

     Counterclaim Plaintiffs,

JOHN WARTA and his MARITAL COMMUNITY, W. GORDON BLANKSTEIN, STEPHEN IRWIN, ROBERT H. HANSON, PETER E. LEGAULT, IAN WATSON, and GLOBAL LIGHT TELECOMMUNICATIONS, INC., a Yukon Territory Corporation,

     Counterclaim Defendants.

No. 99-2-02287-4SEA

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendants GST USA, Inc., GST Telecom, Inc., and GST Telecommunications, Inc.

(collectively, the "GST Companies") for their Answer to the Complaint of Plaintiff John

1    Warta, admit, deny and allege as follows:

2               1.

3       Answering paragraph 1, the GST Companies admit that Warta's action is for a

4    purported breach of an employment contract and related claims.

5               2.

6       Answering paragraph 2, the GST Companies admit the allegations of Paragraph 2 of

7    the Complaint.

8               3.

9       Answering paragraph 3, the GST Companies admit the allegations of Paragraph 3 of

10    the Complaint.

11               4.

12       Answering Paragraph 4, the GST Companies admit that an employment agreement

13    was entered into between GUSA, Telecom and Warta on September 1, 1995, and amended

14    on August 22, 1997. The GST Companies further admit that the contract provides that "any

15    action, suit or proceeding with respect to the Agreement . . . shall be brought in the courts of

16    the State of Washington located in Seattle, Washington or in the United States District Court

17    for the district in which Seattle is located . . . ." Except as so admitted, the GST Companies

18    deny each and every remaining allegation contained in Paragraph 4 of the Complaint.

19               5.

20       Answering Paragraph 5, the GST Companies admit that Warta controlled a company

21    known as Pacwest Network L.L.C. ("Pacwest"), and that Pacwest was in the

22    telecommunications industry. Defendants also admit that Greenstar Telecommunications,

23    Inc. ("Greenstar") became GST. Except as so admitted, the GST Companies are without

24    sufficient information or knowledge to form a belief as to the truth of the allegations

25    contained in Paragraph 5 of the Complaint, and on that basis, deny each and every remaining

26    allegation contained therein.

BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400

6.

Answering Paragraph 6, the GST Companies admit that a Shareholder Agreement was entered into on or about June 21, 1994. Except as so admitted, the GST Companies are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and on that basis, deny each and every remaining allegation contained therein.

7.

Answering Paragraph 7, the GST Companies are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and on that basis, deny each and every allegation contained therein.

8.

Answering Paragraph 8, the GST Companies admit that Warta entered into an employment agreement with Telecom on March 1, 1994. The GST Companies also admit that this employment agreement was amended to include GUSA on September 1, 1995, and further amended on August 22, 1997. Except as so admitted, the GST Companies deny each and every remaining allegation contained in Paragraph 8 of the Complaint.

9.

Answering Paragraph 9, the GST Companies admit that Warta presided as chief executive officer of Telecom and its subsidiaries, and was a member of the board of directors of these Companies, from on or about June 1994 through June 15, 1998. The GST Companies further admit that Warta was appointed as chief executive officer of GST. Except as so admitted, the GST Companies deny each and every remaining allegation contained in Paragraph 9 of the Complaint.

### AS TO THE FIRST CLAIM

10.

Answering Paragraph 10, the GST Companies deny each and every allegation

1   contained in Paragraph 10 of the Complaint.

2              11.

3      Answering Paragraph 11, the GST Companies admit that Warta resigned from the

4   GST Board of Directors on or about September 15, 1998. Except as so admitted, the GST

5   Companies deny each and every remaining allegation contained in Paragraph 11 of the

6   Complaint.

7              12.

8      Answering Paragraph 12, the GST Companies admit to past and present payment of

9   fees and provision of benefits to Warta equal to those under his previous employment

10   agreement with GST, with such payments and provisions to terminate on February 28, 1999,

11   and without prejudice to the parties in the present litigation. Except as so admitted, the GST

12   Companies deny each and every remaining allegation contained in Paragraph 12 of the

13   Complaint.

14              13.

15      Answering Paragraph 13, the GST Companies deny each and every allegation

16   contained in Paragraph 13 of the Complaint.

17              14.

18      Answering Paragraph 14, the GST Companies deny each and every allegation

19   contained in Paragraph 14 of the Complaint.

20              15.

21      Answering Paragraph 15, the GST Companies deny each and every allegation

22   contained in Paragraph 15 of the Complaint.

23              16.

24      Answering Paragraph 16, the GST Companies deny each and every allegation

25   contained in Paragraph 16 of the Complaint.

26

17.

Answering Paragraph 17, the GST Companies deny each and every allegation contained in Paragraph 17 of the Complaint.

18.

Answering Paragraph 18, the GST Companies deny each and every allegation contained in Paragraph 18 of the Complaint.

**AS TO THE SECOND CLAIM**

19.

Answering Paragraph 19, the GST Companies repeat and reallege the admissions and denials contained in paragraphs 1 through 18 above.

20.

Answering Paragraph 20, the GST Companies deny each and every allegation contained in Paragraph 20 of the Complaint.

21.

Answering Paragraph 21, the GST Companies deny each and every allegation contained in Paragraph 21 of the Complaint.

22.

Answering Paragraph 22, the GST Companies deny each and every allegation contained in Paragraph 22 of the Complaint.

**AS TO THE THIRD CLAIM**

23.

Answering Paragraph 23, the GST Companies repeat and reallege the admissions and denials contained in paragraphs 1 through 22 above.

24.

Answering Paragraph 24, the GST Companies deny each and every allegation contained in Paragraph 24 of the Complaint.

BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400
Seattle, WA 98101-1618

25.

Answering Paragraph 25, the GST Companies deny each and every allegation contained in Paragraph 25 of the Complaint.

26.

Answering Paragraph 26, the GST Companies deny each and every allegation contained in Paragraph 26 of the Complaint.

**AS TO THE FOURTH CLAIM**

27.

Answering Paragraph 27, the GST Companies repeat and reallege the admissions and denials contained in paragraphs 1 through 26 above.

28.

Answering Paragraph 28, the GST Companies admit that Warta, GST and Pacwest entered into an indemnity agreement (the "Indemnity Agreement") in August, 1998.

29.

Answering Paragraph 29, the GST Companies admit that Section 2 of the Indemnity Agreement includes provisions for damages. Except as so admitted, the GST Companies deny each and every remaining allegation contained in Paragraph 29 of the Complaint.

30.

Answering Paragraph 30, the GST Companies deny each and every allegation contained in Paragraph 30 of the Complaint.

31.

Answering Paragraph 31, the GST Companies deny each and every allegation contained in Paragraph 31 of the Complaint.

32.

Answering Paragraph 32, the GST Companies deny each and every allegation contained in Paragraph 32 of the Complaint.

1          33.

2          Except as expressly admitted above, the GST Companies deny each and every

3     allegation contained in the Warta's Complaint, and the whole thereof.

4          **FOR A FIRST AFFIRMATIVE DEFENSE**, the GST Companies allege as follows:

5          34.

6          (Estoppel, Waiver or Forfeiture)

7          Warta's claims are barred, in whole or in part, by the doctrines of estoppel, waiver

8     and forfeiture by reason of Warta's conduct, actions and communications with the GST

9     Companies and/or their agents or employees.

10         **FOR A SECOND AFFIRMATIVE DEFENSE**, the GST Companies allege as

11    follows:

12         35.

13         (Claims Barred By Contract)

14         Warta's claims are barred, in whole or in part, by the express written contractual

15    terms concerning his employment and employment benefits and by Warta's violation of

16    those contractual terms.

17         **FOR A THIRD AFFIRMATIVE DEFENSE**, the GST Companies allege as

18    follows:

19         36.

20         (Good Faith and Fair Dealing)

21         Warta's claims are barred because the GST Companies acted at all times fairly and in

22    good faith and abided by, honored and acted in accordance with the lawful agreements,

23    policies, practices and procedures which governed the relationship between them.

24         **FOR A FOURTH AFFIRMATIVE DEFENSE**, the GST Companies allege as

25    follows:

26

37.

(Failure of Conditions Precedent)

Warta's claim for breach of employment agreement is barred because conditions precedent to the GST Companies' alleged performance did not occur.

**FOR A FIFTH AFFIRMATIVE DEFENSE,** the GST Companies allege as follows:

38.

(Plaintiff At Fault)

Warta's claims are barred because Warta resigned voluntarily.

**FOR A SIXTH AFFIRMATIVE DEFENSE,** the GST Companies allege as follows:

39.

(Novation)

Warta's claim for breach of employment agreement is barred by the doctrine of novation.

**FOR A SEVENTH AFFIRMATIVE DEFENSE,** the GST Companies allege as follows:

40.

(Unclean Hands)

Warta's claims are barred, in whole or in part, based on the doctrine of unclean hands.

**FOR AN EIGHTH AFFIRMATIVE DEFENSE,** the GST Companies allege as follows:

41.

(Failure to State a Claim)

Warta's claims are barred, in whole or in part, because he has failed to state a claim under Washington law.

1     **FOR A NINTH AFFIRMATIVE DEFENSE**, the GST Companies allege as

2 follows:

3                            42.

4                      (Set-Off)

5     Any potentially compensable damages alleged in Warta's complaint are less than

6 Counterclaim Plaintiffs' damages as set forth below and, therefore, would be compensable

7 only as a set-off against Counterclaim Plaintiffs' damages.

8     **FOR A FURTHER ANSWER, AND AS COUNTERCLAIMS**, the GST

9 Companies allege as follows:

10                     **INTRODUCTION**

11                       43.

12     The termination of Warta's employment may only be placed in proper perspective

13 through the facts and circumstances of Warta's actions as a GST fiduciary. Thus, by this

14 Counterclaim, the GST Companies, as Counterclaim Plaintiffs, seek to hold Warta and the

15 other Individual Counterclaim Defendants accountable for gross and flagrant abuses of their

16 corporate offices held with Counterclaim Plaintiffs. Seemingly oblivious to their fiduciary

17 duties as directors and officers, let alone as fiduciaries to a publicly-traded corporation, the

18 Individual Counterclaim Defendants used their positions for self-enrichment through

19 manipulation of inside information and the transfer of GST assets to shell corporations they

20 controlled, in particular, to a company now called Global Light Telecommunications, Inc.

21 ("Global"), a corporation incorporated under the laws of the Yukon Territory in the hope that

22 United States jurisdiction could be evaded.

23                       44.

24     Specifically, this Counterclaim seeks, among other matters, to remedy the fraud of

25 Warta and other individuals using thinly-traded stock of a shell corporation to effect a fraud

26 upon GST, a NASDAQ-traded telecommunications company headquartered in Vancouver,

1    Washington. The Individual Counterclaim Defendants, led by Warta and W. Gordon

2    Blankstein, acquired cheap stock in a Vancouver, British Columbia, Stock Exchange "shell"

3    corporation, "Canadian Programming Concepts, Ltd.", and then used their positions as GST

4    insiders - members of GST's Board of Directors - to transfer an immensely lucrative

5    Mexican business opportunity, the "Bestel Opportunity," to the shell corporation, with no

6    compensation to GST. The opportunity so transferred has recently been valued in excess of

7    $200 million. In short order, the Individual Counterclaim Defendants' cheap stock in

8    Canadian Programming Concepts, since renamed GST Global Telecommunications, Inc.,

9    and then Global Light Telecommunications, Inc., quadrupled in value, resulting in the

10    personal enrichment of the Individual Counterclaim Defendants at the expense of GST and

11    its shareholders.

12                        45.

13       As described herein, the GST Companies seek to hold the Counterclaim Defendants

14    accountable for their fraud and to return all equitable and legal interests in and to the Bestel

15    Opportunity to its rightful owner, GST. Additionally, the Counterclaim seeks to hold

16    Counterclaim Defendants Warta and Irwin accountable for their reckless breach of duties

17    regarding the "Magnacom" entities, breaches which have cost GST more than $10 million.

18                 **JURISDICTION AND VENUE**

19                        46.

20       This Court has jurisdiction over all causes of action in this Counterclaim pursuant to

21    RCW §2.08.010 and RCW §4.28.185 because jurisdiction has not been vested exclusively in

22    any other court, and because Counterclaim Plaintiffs are residents of Washington, and submit

23    to the jurisdiction of this court, and many of the events giving rise to this complaint occurred

24    in Washington.

25                        47.

26       Venue is proper in King County, Washington because it arises as a Counterclaim to

1  the lawsuit filed by John Warta in this Court, pursuant to CR 13(h) and CR 19(a).

2  **THE PARTIES**

3  48.

4  Plaintiff and Counterclaim Defendant John Warta ("Warta") is a resident of Clark

5  County, Washington, and is, or was during the course of events described below, President

6  and Chief Executive Officer of GST, Chairman of the GST Board of Directors, a member of

7  the GUSA Board of Directors, a member of the Telecom Board of Directors, a member of

8  the GST Executive Committee, Vice-Chairman of the Global Board of Directors, a director

9  of a Global subsidiary, a Global shareholder, the owner of Guam Net/PCS Plus Pacific, Inc.,

10  and, through Pacwest Network, Inc., the owner of Magnacom Wireless, LLC ("Magnacom").

11  Warta committed all acts alleged herein for his benefit and for the benefit of the marital

12  community of himself and his wife.  Said marital community is thus fully liable for all claims

13  alleged against Warta.

14  49.

15  Counterclaim Plaintiff GUSA is a Delaware Corporation with its principal place of

16  business in Vancouver, Washington.  GUSA is a wholly-owned subsidiary of GST.

17  50.

18  Counterclaim Plaintiff Telecom is a Delaware Corporation with its principal place of

19  business in Vancouver, Washington.  Telecom is a wholly-owned subsidiary of GST.

20  51.

21  Counterclaim Plaintiff GST is a Canadian Corporation with its principal place of

22  business in Vancouver, Washington.  GST is a leading facilities-based provider of advanced

23  telecommunications products and services.  The common stock of GST is traded on the

24  NASDAQ.  The Company currently operates telecommunications networks in 18 cities and

25  has 31 additional networks under development. The Company has built fiber and switching

26  infrastructures in selected cities in the western United States and is pursuing a strategy of

1    linking the markets it serves via advanced long haul fiber optic networks.  GST's integrated

2    communications product and service offerings include Plain Old Telephone Service (POTS),

3    analog trunk, private line, long distance, data (frame relay and ATM), paging, Centrex, and

4    Custom Local Signaling Services (CLASS) such as call forwarding, caller I.D., voice mail,

5    and automatic call back.  GST also offers a full complement of Internet services, including

6    dial-up, dedicated access, Electronic Data Interchange (EDI), and Web services.  GST has no

7    business operations in Canada.

8                                    52.

9            Counterclaim Defendant W. Gordon Blankstein ("Blankstein") is a resident of British

10   Columbia, and is or was during the course of events described below, Chairman of the GST

11   Board of Directors, a member of the GST Executive Committee, a member of the GST

12   Finance Committee, a Director of Global, Acting President of Global, Chairman of the

13   Global Board of Directors (current), and a major Global shareholder (current).

14                                   53.

15           Counterclaim Defendant Stephen Irwin ("Irwin") is a resident of New Jersey, and is,

16   or was during the course of events described below, a Vice-President of GST, a Director of

17   GST, Vice-Chairman of the GST Board of Directors, a member of the GUSA Board of

18   Directors, a member of the Telecom Board of Directors, a member of the GST Executive

19   Committee, a member of the GST Finance Committee, Secretary of GST, counsel to GST,

20   Secretary to a Global subsidiary, counsel to Global, a Global shareholder, and an officer of

21   Magnacom Wireless, LLC ("Magnacom").  Irwin is also Of Counsel to the law firm of

22   Olshan Grundman Frome & Rosenzweig LLP, now known as Olshan Grundman Frome

23   Rosenzweig & Wolosky LLP ("Olshan"), in New York, New York.

24                                   54.

25           Counterclaim Defendant Robert H. Hanson ("Hanson") is a resident of Wyoming, and

26   is, or was during the course of events described below, Senior Vice-President of GST, Chief

Page 12 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400