# EXHIBIT 23

SETTLEMENT AGREEMENT

**1.0    The Parties**

1.1    This settlement agreement ("Agreement") is entered into by and between Global Light Telecommunications, Inc. ("Global"), GST Mextel, Inc. ("Mextel"), W. Gordon Blankstein ("Blankstein"), Ian Watson ("Watson"), and Peter E. Legault ("Legault") (collectively, the "Global Parties") on the one hand, and GST Telecommunication, Inc. ("GST"), GST Telecom, Inc. ("Telecom"), and GST USA, Inc. ("GUS") (collectively, the "GST Parties") on the other hand.

**2.0    Recital**

2.1    Certain of the GST Parties have filed a civil action against the Global Parties and others in the Superior Court of California, County of Santa Clara, entitled GST Telecommunications, Inc. and GST Telecom, Inc. v. GST Global Telecommunications, Inc., W. Gordon Blankstein, Stephen Irwin John Warta, Robert H. Hanson, Peter E. Legault, and Ian Watson, Case Number CV777408; the GST Parties have filed counterclaims against the Global Parties and others in a civil action in the Superior Court of Washington, County of King, entitled John Warta v. GST USA, Inc., GST Telecom, Inc. and GST Telecommunications, Inc., Case Number 99-2-02287-4SEA; certain of the Global Parties have filed a civil action against certain of the GST Parties in the Supreme Court of British Columbia, entitled Global Light Telecommunications, Inc. and GST Mextel, Inc. v. GST Telecommunications, Inc. and GST Telecom, Inc., Case Number C990449, and the GST Parties have filed counterclaims therein; and certain of the Global Parties and others have filed a civil action against certain of the GST Parties and others in the Supreme Court of British Columbia, entitled Stephen Irwin, Robert Hanson, Peter Legault, Clifford Sander and John Warta v. GST Telecommunications, Inc., GST Telecom, Inc., Joseph Fogg, Robert Ferchat, Roy Megarry and Joseph Basile, Case Number C990488.

**CONFIDENTIAL**
Subject to Court Order

GST-WARTA 38369

2.2    The parties hereto, by this Agreement, desire to resolve finally and completely all claims between them related or connected to the actions described in paragraph 2.1 of this Agreement (the "Actions"), or arising from the transactions or occurrences upon which the Actions are based. Despite any other provision contained herein, this Agreement shall not apply to the civil action filed by certain of the GST Parties against certain of the Global Parties and others in the Supreme Court of British Columbia, entitled <u>GST Telecommunications, Inc. v. W. Gordon Blankstein, Robert Blankstein, Ian Watson and Clifford Sander</u>, Case Number C992879, or the transactions or occurrences upon which that action is based or any and all defenses, set offs, counterclaims, or third party claims, which may properly be raised or advanced by any one or more of the parties to that action.

2.3    In consideration of the promises, covenants, and payments contained herein, the sufficiency of which is hereby acknowledged by each of the parties hereto, the parties agree as follows:

## 3.0    Discontinuance or Dismissal of the Actions

3.1    In consideration for payment by the Global Parties as provided in sections 4.1 and 4.2 below, the parties hereto, on behalf of themselves, their respective affiliates, associates, directors, officers, administrators, assigns, successors and heirs, as applicable, concurrently with the execution hereof shall deliver to the GST parties, and the GST parties shall deliver to the Global parties, executed stipulations or motions, as may be required by the specific court involved, discontinuing or dismissing their claims in the Actions against any of the parties to this Agreement with prejudice.

## 4.0    Payment by the Global Parties

4.1    Concurrently with the execution hereof, the Global Parties shall pay GST, on behalf of the GST Parties, the sum of twenty-seven million United States dollars

CONFIDENTIAL
Subject to Court Order

GST-WARTA 38370

(US$27,000,000.00), which payment shall be made either by wire transfer to the account of GST or by immediately payable certified check or bank draft delivered to the offices of GST located at 4001 Main Street, Vancouver, Washington, or its counsel.

    4.2    In addition to the payment required under section 4.1 above, the Global parties shall pay GST, on behalf of the GST Parties, three million United States dollars (US$3,000,000.00), at the time and by the method of payment described in section 4.1 above, if the average closing price for common shares of Global on the American Stock Exchange for the twenty day period immediately preceding but not including the Closing Date is greater than or equal to ten United States dollars (US$10.00) per share.

    4.3    The Global Parties shall fully and competently protect, defend, hold harmless and indemnify the GST Parties and their insurers, agents, subsidiaries, affiliates, assigns, predecessors, successors, officers and directors against any and all liens, subrogation claims, and other rights or claims that might be asserted by any person or entity against the amounts paid pursuant to sections 4.1 and 4.2 above. Despite any other provision contained herein, this Agreement shall not apply so as to require the Global Parties to protect, defend, hold harmless or indemnify the GST Parties in respect of any claims, demand or assertion of right by any one or more of Stephen Irwin, Robert Hanson, Clifford Sander, John Warta, or any of their respective marital communities, or the New York Limited Liability Partnership of Olshan Grundman, Frome & Rosenzweig LLP, or Olshan Grundman Frome Rosenzweig & Wolosky, LLP that they are, or any of them is, or may be entitled to a reduction of damages as a result of or in respect of any payment by the Global Parties to the GST Parties pursuant to or in respect of this Agreement.

## 5.0 Covenants

    5.1    Covenant Not to Sue by the GST Parties

CONFIDENTIAL
Subject to Court Order

GST-WARTA 38371

Concurrent with and by execution of this Agreement, the GST Parties, on behalf of each of themselves and on behalf of each of their respective parent corporations, divisions, subsidiaries, affiliates, directors, officers, predecessors, successors and assigns, hereby agree never to threaten or assert any claim or cause of action and/or to institute any action, litigation or proceeding of any kind against any of the Global Parties or any of their divisions, subsidiaries, affiliates, directors, officers, predecessors, successors, or assigns or Tellson Holdings arising out of or relating to the Actions, or which could have been raised in the Actions, except as provided in section 2.2 above or for any action required to enforce the terms of this Agreement. Notwithstanding the foregoing or any other provision of this Agreement, this covenant not to sue does not extend to, and shall not be construed to extend to, any of the following individuals: John Warta, Stephen Irwin, Robert Hanson, Clifford Sander, Olshan Grundman Frome & Rosenzweig, LLP, or Olshan Grundman Frome Rosenzweig & Wolosky, LLP.

5.2    Covenant Not to Sue by the Global Parties

Concurrent with and by execution of this Agreement, the Global Parties, on behalf of each of themselves and on behalf of each of their respective parent corporations, divisions, subsidiaries, affiliates, directors, officers, predecessors, successors and assigns, hereby agree never to threaten or assert any claim or cause of action and/or to institute any action, litigation or proceeding of any kind against any of the GST Parties or any of their divisions, subsidiaries, affiliates, directors, officers, predecessors, successors, or assigns arising out of or relating to the Actions, or which could have been raised in the Actions, except as provided in section 2.2 above or for any action required to enforce the terms of this Agreement. Notwithstanding the foregoing or any other provision of this Agreement, this covenant not to sue does not extend to, and shall not be construed to extend to, any of the following individuals: John Warta, Stephen Irwin, Robert Hanson, Clifford Sander, Olshan Grundman Frome & Rosenzweig, LLP, or Olshan Grundman Frome Rosenzweig & Wolosky, LLP.

**CONFIDENTIAL**
Subject to Court Order

GST-WARTA 38372

**6.0  Ongoing Litigation**

6.1  Each of the Global Parties hereby appoint irrevocably an agent in the United States of America to accept service of subpoenas and other requests for discovery issued by the GST parties in the context of litigation to which any of the GST Parties are parties commenced prior to the date of this Agreement and referred to in paragraph 2.1, or consisting of the matters <u>GST Telecommunications, Inc., et al., v. Stephen Irwin, et al.</u> No. 98 CIV. 8865 (LAP), pending in the United States District Court for the Southern District of New York, or <u>Corey Ford, v. GST Telecommunications, Inc., et al.</u>, No. 9902-01746, pending in the Circuit Court of the State of Oregon for the county of Multnomah, and which is not fully dismissed pursuant to Section 3.1 hereof. This Agreement shall apply to such litigation without regard to any amendment, transfer, consolidation, dismissal or other change in form of such litigation subsequent to the date of this Agreement. Such agents are as follows:

(1) Agent for Global Light Telecommunications, Inc.:

> William Freeman, Esq.
> Cooley Godward
> Five Palo Alto Square
> 3000 El Camino Real
> Palo Alto, CA 94306

(2) Agent for W. Gordon Blankstein:

> Ragesh Tangri, Esq.
> Keker & Van Nest
> 710 Sansome Street
> San Francisco, CA 94111

(3) Agent for Ian Watson:

> Ragesh Tangri, Esq.
> Keker & Van Nest
> 710 Sansome Street
> San Francisco, CA 94111

CONFIDENTIAL
Subject to Court Order

GST-WARTA 38373

(4) Agent for Peter E. Legault:

Ragesh Tangri, Esq.
Keker & Van Nest
710 Sansome Street
San Francisco, CA 94111

6.2 Should any agent designated for service be unavailable or unwilling to serve as agent, the respective principal shall, within five business days of notice delivered by any of the GST Parties pursuant to section 15.1 below, either (a) designate in writing a successor agent in the United States; or (b) agree in writing to accept service upon the same basis as set forth in section 6.1 above.

6.3 Upon receipt of subpoenas or other discovery requests subject to section 6.1 above, each of the Global Parties shall cooperate with requests for testimony and/or documents in accordance with the rules of the jurisdiction and/or forum of the action to which the discovery is related. Each Global Party irrevocably waives the right to resist such discovery on the basis of personal or subject matter jurisdiction or conflict of law principles.

6.4 The parties hereto agree that this accommodation does not constitute, and will not be contended by any party to constitute waiver of any other jurisdictional objection in any other context by any of the Global Parties.

**7.0 Confidentiality**

7.1 The parties hereto understand and agree that this Agreement, the negotiations, correspondence and discussions concerning this Agreement, and the Letter Agreement between the parties dated July 12, 1999, are and shall remain confidential. The parties agree to hold in strictest confidence and not to disclose any such information without prior written consent of all of the parties hereto; provided, however, that each party shall be permitted to disclose the terms and

**CONFIDENTIAL**
Subject to Court Order

GST-WARTA 38374

conditions of this Agreement to: (1) their respective employees, attorneys, directors, and representatives of their respective companies and affiliates who have a bona fide need to know; (2) their respective accountants, bankers and other financial advisors; (3) as required by law or any court or government agency or by regulatory policy or the rules of any stock exchange on which the shares of a party may be listed. Notwithstanding the foregoing, the parties hereto, or their attorneys, may disclose the contents of this Agreement, the negotiations and discussions concerning this Agreement, and/or the Letter Agreement between the parties dated July 12, 1999, in connection with legal proceedings brought to enforce or interpret any provision herein or relating to the good faith of the settlement.

**8.0   Warranty Not to Sell**

   8.1   The GST Parties hereby warrant that they have made no sale of Global shares after July 1, 1999 and prior to September 15, 1999.

**9.0   No Admission of Liability**

   9.1   It is understood that this Agreement is not an admission by any of the parties hereto of any liability, but is in compromise of disputed claims, and this Agreement shall never be treated as an admission of liability or responsibility at any time for any purpose.

**10.0   Representation and Advice of Attorney**

   10.1   The parties hereto represent and warrant that they have been fully advised by their respective attorneys concerning their rights and have further been advised by their attorneys as to the terms and effect of this Agreement.

**11.0   Freedom From Duress**

   11.1   It is expressly understood and agreed that this Agreement has been freely and voluntarily entered into by the parties hereto and that no representations or promises of any kind

CONFIDENTIAL
Subject to Court Order

GST-WARTA 38375

other than as contained in this Agreement have been made by any party to induce any other party to enter into this Agreement

## 12.0 Payment of Costs

12.1 Each of the parties hereto shall pay its own or their costs and expenses, including any attorneys' fees, incurred or to be incurred, in the Actions or in negotiating the settlement and execution of this Agreement or in satisfying obligations arising from this Agreement.

## 13.0 Severability

13.1 In the event that any term, sentence or provision of this Agreement is determined by a court of competent jurisdiction to be void, such sentence or paragraph shall be deemed severed from the remainder of this Agreement, and the balance of this Agreement shall remain in effect.

## 14.0 Choice of Forum

14.1 It is the intention of the parties hereto that any action, special proceeding, or other proceeding that may be brought arising out of, in connection with, or by reason of this Agreement be brought in the Superior Court of Washington, King County, in the United States District Court for the Western District of Washington, or in the Supreme Court of British Columbia to the exclusion of all other courts. The parties hereto agree that, in the event that any party brings an action, special proceeding, or other proceeding arising out of, in connection with, or by reason of this Agreement in the Superior Court of Washington, King County, in the United States District Court for the Western District of Washington, or in the Supreme Court of British Columbia, no party to this Agreement shall challenge or deny the propriety of the forum or venue on the grounds of jurisdiction, forum non conveniens, or other grounds, and shall not take any action to transfer the action, special proceeding, or other proceeding to any other forum or venue.

CONFIDENTIAL
Subject to Court Order

GST-WARTA 38376

14.2   In the event of a breach of provisions 3.0 (including subparts) and 4.0 (including subparts) of this settlement agreement, the nonbreaching parties may pursue remedies for breach of contract or, at their option, treat this agreement as a nullity. Should the nonbreaching parties choose to treat this agreement as a nullity, all parties shall be restored in the position they were in prior to the negotiation and execution of this agreement, without prejudice to any claims or defenses held by the parties prior to the negotiation and execution of this agreement.

**15.0   Counterparts**

15.1   This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together constitute one and the same instrument. A facsimile of this Agreement, or the counterparts, will have the same force and effect as an original.

**16.0   Notice**

16.1   All notices, demands or other communications that are required to be given under this Agreement shall be in writing and shall be deemed to have been duly given when delivered personally or by overnight carrier, return receipt acknowledged, or five days after being sent by registered or certified mail, return receipt requested:

**CONFIDENTIAL**
Subject to Court Order

GST-WARTA 38377

(1) If to any of the GST Parties, to:

> GST Telecommunications, Inc.
> 4001 Main Street
> Vancouver, Washington 98663
> Attention: Chief Executive Officer
>
> copy to:
>
> John B. Goodrich, Esq.
> David S. Steuer, Esq.
> Wilson Sonsini Goodrich & Rosati
> Professional Corporation
> 650 Page Mill Road
> Palo Alto, California 94304-1050

(2) If to any of the Global Parties, to:

> Global Light Telecommunications, Inc.
> Suite 1030
> 999 West Hastings
> Vancouver, BC, Canada
> V6C2W2

**17.0  Captions**

17.1  The captions of this Agreement are for convenience only, and are not part of this Agreement, and do not in any way limit or amplify the terms or provisions of this Agreement, and shall have no effect on its interpretation.

**18.0  Amendment or Modification**

18.1  The parties hereto agree that this Agreement may not be altered, amended, modified or otherwise changed except by a writing executed by each of the parties hereto.

CONFIDENTIAL
Subject to Court Order

GST-WARTA 38378

**19.0    Use of Agreement**

19.1    The parties hereto agree that this Agreement may not be used as evidence in a proceeding of any kind except one in which a party alleges a breach of the terms of this Agreement or one in which a party elects to use this Agreement as a defense to any claim.

**20.0    Integration**

20.1    The parties hereto intend this Agreement to be a final expression of their agreement and as a complete and exclusive statement of its terms. This agreement, including the recitals set forth herein, constitutes the entire and only agreement and understanding between the parties and supercedes any and all prior discussions, negotiations and/or agreements, whether oral or in writing, between the parties, including but not limited to the Agreements alleged in the Actions and the letter agreement dated July 12, 1999 entered into by the parties hereto.

**21.0    Construction**

21.1    The language in all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, strictly neither for nor against any party hereto, and without implying a presumption that the terms thereof shall be more strictly construed against the person who drafted the document, it being acknowledged and agreed that representatives of each party have participated equally in the preparation hereof.

**CONFIDENTIAL**
Subject to Court Order

GST-WARTA 38379

**22.0  Authority**

    22.1  The undersigned parties hereby warrant that they are legally authorized and entitled to settle and release every claim herein released as provided by this Agreement and to give a valid full and final acceptance therefore.

**GST TELECOMMUNICATIONS, INC.**

By: _[signature]_
Authorized Signatory  9-15-99

**GST TELECOM, INC.**

By: _[signature]_
Authorized Signatory  9-15-99

**GST USA, INC.**

By: _[signature]_
Authorized Signatory  9-15-99

**GLOBAL LIGHT TELECOMMUNICATIONS, INC.**

By: _[signature]_
Authorized Signatory

**GST MEXTEL, INC.**

By: _[signature]_
Authorized Signatory

_____
W. Gordon Blankstein

_____
Ian Watson

_____
Peter E. Legault

CONFIDENTIAL
Subject to Court Order

GST-WARTA 38380

22.0   Authority

      22.1   The undersigned parties hereby warrant that they are legally authorized and entitled to settle and release every claim herein released as provided by this Agreement and to give a valid full and final acceptance therefore.

**GST TELECOMMUNICATIONS, INC.**

By: _____
      Authorized Signatory

**GST TELECOM, INC.**

By: _____
      Authorized Signatory

**GST USA, INC.**

By: _____
      Authorized Signatory

**GLOBAL LIGHT TELECOMMUNICATIONS, INC.**

By: _____
      Authorized Signatory

**GST MEXTEL, INC.**

By: _____
      Authorized Signatory

_____
W. Gordon Blankstein

_____
Ian Watson

_____/s/_____
Peter E. Legault

CONFIDENTIAL
Subject to Court Order

GST-WARTA 38381

22.0 Authority

22.1 The undersigned parties hereby warrant that they are legally authorized and entitled to settle and release every claim herein released as provided by this Agreement and to give a valid full and final acceptance therefore.

GST TELECOMMUNICATIONS, INC.

By: _____
    Authorized Signatory

GST TELECOM, INC.

By: _____
    Authorized Signatory

GST USA, INC.

By: _____
    Authorized Signatory

GLOBAL LIGHT
TELECOMMUNICATIONS, INC.

By: _____[signature]_____
    Authorized Signatory

GST MEXTEL, INC.

By: _____[signature]_____
    Authorized Signatory

_____[signature]_____
W. Gordon Blankstein

_____
Ian Watson

_____
Peter E. Legault

CONFIDENTIAL
Subject to Court Order

GST-WARTA 38382

### 22.0 Authority

22.1 The undersigned parties hereby warrant that they are legally authorized and entitled to settle and release every claim herein released as provided by this Agreement and to give a valid full and final acceptance therefore.

**GST TELECOMMUNICATIONS, INC.**                **GST MEXTEL, INC.**

By: _____                      By: _____
    Authorized Signatory                            Authorized Signatory


**GST TELECOM, INC.**

                                                W. Gordon Blaukstein
By: _____
    Authorized Signatory                        /s/ Ian Watson
                                                _____
                                                Ian Watson

**GST USA, INC.**

By: _____                      _____
    Authorized Signatory                        Peter E. Legault


**GLOBAL LIGHT
TELECOMMUNICATIONS, INC.**

By: _____
    Authorized Signatory

CONFIDENTIAL
Subject to Court Order    GST-WARTA 38383