# EXHIBIT 28

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

**PROOF OF CLAIM**
**CHAPTER 11**

GST TELECOM INC., et al.,    Case No. 00-1982 (GMS)
Jointly Administered

| | |
|---|---|
| Name of Debtor Against Which You Assert Your Claim:<br>**GST Telecom, Inc.** | Case Number:<br>**00-1982 (GMS)** |
| (See Bar Date Notice for complete list of affiliated debtors and case numbers.) | (See Bar Date Notice) |

Your Claim Is Scheduled As Follows:
Debtor: GST USA, Inc.
Classification: Unsecured Non-Priority Claim
Amount: $0.00
  Disputed
  Contingent
  Unliquidated

Note: This form should not be used to make a claim for an administrative expense arising after the commencement of the Debtor's bankruptcy case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or entity to whom the debtor owes money or property):
GST-21946-B1-20
WARTA, JOHN
C/O MARKOWITZ HERBOLD GLADE & MELHALF
ATTN: PETER GLADE, ESQ.
1211 SW 5TH AVENUE, STE. 3000
PORTLAND OR 97204

[X] Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement providing details.

[ ] Check this box if you have never received any notices in this case.

[ ] Check this box if your address differs from the address on the envelope sent to you.

DEBTOR: GST TELECOM
FILED: U.S.B.C.D.D.
CASE NO.: 00-1982 (GMS)
**CLAIM NO.: 764**

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the Debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is DISPUTED, UNLIQUIDATED OR CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

If address identified above is incorrect, or if notices should be sent to a different address, please complete the following:

Name of Creditor _____
Address of Creditor _____
City/State/Zip Code _____

Telephone No. of Creditor: **(503) 295-3085**
Fax No.: **(503) 323-9105**
Tax I.D. No. or Social Security No. of Creditor: **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**

Account or Other Number by Which Creditor Identifies Debtor:

Check here [ ] replaces
if this claim [ ] amends a previously filed claim, dated _____

**1. Basis For Claim:**
- [ ] Goods sold
- [X] Services performed
- [ ] Money loaned
- [ ] Personal injury/wrongful death
- [ ] Taxes
- [ ] Other _____
- [ ] Severance agreement
- [ ] Refund
- [ ] Real property lease
- [ ] Personal property lease
- [X] Other contract **indemnity**
- [ ] Retiree benefits as defined in 11 U.S.C. § 1114(a)
- [ ] Wages, salaries and compensation (fill out below)
  Your Social Security No. _____
  Unpaid compensation for services performed
  From: _____ to _____
       (date)      (date)

**2. Date Debt Was Incurred:**
**Various – see attached statement**

**3. If claim is based on a Court Judgment, Date Obtained:**

**4. Total Amount of Claim at Time Case Filed (May 17, 2000):**  $**1,904,639, plus – see attachment**

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
[X] Check this box if your claim includes interest or other charges in addition to the principal amount of the claim. Attach an itemized statement of all interest or additional charges.

**5. Secured Claim:**
[ ] Check this box if your claim is secured by collateral (including a right of setoff).
Brief description of collateral:
[ ] Real Estate  [ ] Motor Vehicle  [ ] Other _____
Value of collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:
$_____

**6. Unsecured Priority Claim:**
[ ] Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim
[ ] Wages, salaries or commissions (up to $4,300), earned within 90 days before the filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier -- 11 U.S.C. § 507(a)(3).
[ ] Contributions to an employee benefit plan -- 11 U.S.C. § 507(a)(4).
[ ] Up to $1,950 of deposits toward purchase, lease or rental of property or services for personal, family or household use -- 11 U.S.C. § 507(a)(6).
[ ] Alimony, maintenance or support owed to a spouse, former spouse or child -- 11 U.S.C. § 507(a)(7).
[ ] Taxes or penalties of governmental units -- 11 U.S.C. § 507(a)(8).
[ ] Other -- specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**7. Credits:** The amount of all payments on account of this claim has been credited and deducted for the purpose of making this proof of claim.
**8. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If such supporting documents are not available, explain. If the documents are voluminous, attach a summary.
**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed return envelope and copy of this proof of claim.

This Space Is For Court Use Only

RECEIVED BY (CLERK'S COPY) '01 JAN 30 A10:13

Date: **1/29/01**

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
_[signature]_
**Peter H. Glade**
**Attorney for Claimant**

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152 and 3571.*

In re GST Telecom, Inc., No. 00-1982 (Bankr. D. Del.)
In re GST Telecommunications, Inc., No 00-1983 (Bankr. D. Del.)
In re GST USA, Inc. No. 00-1984 (Bankr. D. Del.)

## ATTACHMENT TO PROOFS OF CLAIM OF JOHN WARTA

Claimant John Warta was a member of the Board of Directors of GST Telecommunications, Inc. ("GST") from June 1994 through September 15 1998, and an officer and employee of GST and certain of its subsidiaries from June 1994 through June 15, 1998. As such, Warta is the beneficiary of various charter and by-law provisions relating to the indemnification of directors, officers and employees of GST and its subsidiaries. Warta is also a party to an Indemnification Agreement dated April 3, 1996 between Warta and GST, and an Amended and Restated Employment Agreement dated September 1, 1995 between Warta and GST USA, Inc. and GST Telecom, Inc. At all times that he was associated with GST and/or its subsidiaries, Warta acted honestly and in good faith with a view to the best interests of GST and its subsidiaries.

### CLAIMS AGAINST GST USA, INC. and GST Telecom, Inc.

Warta claims damages against GST USA, Inc. and GST Telecom, Inc. for breach of his employment contract as stated in the complaint he filed in the Superior Court of Washington for King County, a copy of which is attached as Exhibit 1 to this attachment. The total amount of the claim is $1,306,850 together with 12% interest calculated from June 20, 1998 to May 17, 2000 in the amount of $455,854, and attorney fees pursuant to the Employment Agreement in the amount of $141,935.

### CLAIMS AGAINST GST Telecommunications, Inc.

Warta also claims a right of indemnity under an Indemnity Agreement dated August __, 1998, against GST Telecommunications, Inc., as set forth in Exhibit 1, in the amount of $385,000.

By reason of his being an officer and director of GST and its affiliates, Warta has also incurred expenses prior to May 17, 2000, in connection with litigation pending in Oregon (Ford v. GST), Hawaii (Lewis v. GST) and New York (GST v. Irwin). Warta's fees and costs associated with that litigation amount to $121,314.10 in Ford, $611 in Lewis, and $2134 in Irwin.

Warta claims an additional right to indemnity GST and its subsidiaries for action they initiated. By reason of his being an director, officer and/or employee of GST and/or certain of its subsidiaries, Warta has been made a party to improper litigation in California and British Columbia in which GST and GST Telecom, Inc. have asserted unfounded claims against Warta. Warta's motion to dismiss or stay the California action on the ground that California was an improper forum was granted, and the order staying the action was sustained on appeal. GST and GST Telecom have also filed unfounded counterclaims against Warta in the Washington action in which Warta sought to recover

Page 1 - ATTACHMENT TO PROOFS OF CLAIM OF JOHN WARTA

his claims for breach of his employment contract. Since the filing of its chapter 11 petition, GST has taken no steps to prosecute its claims in British Columbia, but has not dismissed those claims. In connection with this litigation, Warta has incurred and continues to incur costs, charges and expenses, including legal fees, with respect to which he is entitled to be made whole by GST and/or its subsidiaries.

In addition, Warta has asserted claims in British Columbia under the Canada Business Corporation Act s. 241 against GST, GST Telecom and certain of their officers and directors seeking compensatory and other relief, including loss and damage to his reputation, loss in the value of his GST shares and expense incurred in both working with GST in its investigation and in defending the various unfounded claims made against him, punitive and exemplary damages and solicitor and client costs.

Through January 18, 2001 legal costs and expenses incurred by Warta defending the unfounded claims asserted against him by GST and GST Telecom total approximately $215,000. Such costs and expenses are expected to increase if GST and GST Telecom continue to pursue the litigation described above.

The documents upon which Warta bases his claims are voluminous. Copies may be obtained from Warta's attorney at the address shown on the proof of claim.

Warta files this proof of claim without prejudice to his rights (i) to increase the amount claimed to the extent he incurs further costs and expenses for which he is entitled to indemnification, (ii) to assert a claim for his legal costs and expenses as a rejection claim under 11 U.S.C. § 365 or (iii) to seek satisfaction of the Debtors' indemnification obligation to him as an administrative expense, in whole or in part.

Warta believes that related claims will be filed by other former officers and directors of GST.

IN THE SUPERIOR COURT OF WASHINGTON

FOR KING COUNTY

JOHN WARTA,

    Plaintiff,

v.

GST USA, Inc., a Delaware corporation; GST TELECOM, INC., a Delaware corporation; and GST TELECOMMUNICATIONS, INC., a Canadian corporation.

    Defendants.

Case No. 99-2-02287-4SEA

COMPLAINT
(Breach of Employment Agreement, Breach of Covenant of Good Faith and Fair Dealing, Violation of Wage Statutes and Indemnity)

RECEIVED
In King County Superior Court
JAN 25 1999
Cashier Section
Superior Court Clerk

Plaintiff alleges:

**Parties, Jurisdiction and Venue**

1.

This is an action for breach of an employment contract and related claims.

2.

Plaintiff ("Warta") is a resident of Clark County, Washington, and was formerly the Chief Executive Officer and a Director of defendants GST USA, Inc., ("GUSA") and GST Telecom, Inc., ("Telecom").

3.

GUSA and Telecom are Delaware corporations and their principle places of business are in Vancouver, Washington. GUSA and Telecom are wholly owned subsidiaries of defendant GST Telecommunications, Inc., ("GST"), a Canadian corporation that is publicly owned.

Page   1 -   COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

EXHIBIT 1

4.

This case arises out of an employment contract by and between plaintiff, GUSA and Telecom, dated September 1, 1995, (attached as Exhibit A) as amended on August 22, 1997 (Exhibit B). (Collectively referred to as the "Agreement.") The contract provides that "any action, suit or proceeding with respect to this Agreement and the respective rights, remedies, duties and liabilities of the parties hereunder shall be brought in the courts of the State of Washington located in Seattle, Washington or in the United States District Court for the district in which Seattle is located . . ." Accordingly, jurisdiction and venue are proper in King County.

**Factual Background**

5.

In 1994, Warta controlled an Oregon limited liability company known as Pacwest Network L.L.C. (Pacwest). Pacwest was in the telecommunications business in the continental United States and Hawaii. Warta and Pacwest were approached by a Canadian company, Greenstar Telecommunications, Inc., ("Greenstar") with a proposal to merger the operations of some of Pacwest's business into the operations Telecom, a subsidiary of Greenstar. Greenstar later became GST.

6.

On June 21, 1994, Greenstar, Warta, Pacwest and others entered into a Shareholder Agreement by which Greenstar and Pacwest became the holders of all of the issued and outstanding shares of Telecom. As a part of the negotiations of the Shareholder Agreement, the parties agreed that Warta would become employed by Telecom as its chief executive officer and president. In addition, the parties to the Shareholder Agreement also agreed that Warta would be responsible for the day-to-day management and operations of all Telecom subsidiaries.

///

Page   2 -   COMPLAINT

7.

The Shareholder Agreement also provided that Pacwest and Warta were permitted to continue to perform their obligations under disclosed pre-existing contracts with others, and, in particular, were permitted to continue their consulting relationship known as Tomen and, in the event Tomen provided debt or equity financing to Telecom or its affiliates, would be entitled to compensation equal to one percent of the amount of the financing.

8.

On March 1, 1994, Warta entered into an employment agreement with Telecom. On September 1, 1995, this employment agreement was restated and amended to include GUSA (Exhibit A). Further amendments (Exhibit B) were signed on August 22, 1997. The term of the Agreement, as amended and restated, was to and including the 28th day of February, 1999. Under its terms, the Agreement may only be terminated by Telecom or GUSA for cause under the provisions of Section 16. Warta's compensation was subsequently raised to $315,000 per annum. Warta is also entitled to a bonus of $55,000 for 1998.

9.

From the period of June, 1994, through June 15, 1998, Warta presided as chief executive officer of Telecom and its subsidiaries and affiliates, including GUSA, and was also a member of the board of directors of these companies. In addition, Warta was appointed as CEO and served as a director of GST. During that time, the GST companies grew and developed their business from total revenues for fiscal year ending September 1995 of $6 million to total revenue for fiscal year ending 1997 of $119 million. Revenues for the first six months of 1998 were $70 million. In the same period, GST assets grew from $27 million to $948 million.

///

///

///

Page  3 -  COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

FIRST CLAIM

(Breach of Employment Agreement)

10.

During the twelve month period preceding June 15, 1998, and the twelve month period preceding termination of the Contract, there was a change of control of Telecom as defined in Section 18(ii) of the Agreement.

11.

On June 15, 1998, following a change in control, the Telecom and GUSA boards of directors discharged Warta as chief executive officer without cause and in breach of the Contract. Following a change in control, Warta resigned as a member of the GST board of directors on September 15, 1998.

12.

Following his discharge, Warta and GST entered into a consulting agreement whereby GST agreed to continue for an indefinite period to pay Warta a fee equal to the compensation provided for under the Agreement, without prejudice to the position of Warta or Telecom and GUSA in this litigation.

13.

Following defendants' discharge of Warta, they have failed to pay Warta or provide him with the benefits set for in the Agreement, including the value of 19 weeks in vacation time accumulated at the time of Warta's discharge.

14.

As a result of the change in control alleged above, defendants' discharge of Warta, defendants' failure to pay Warta's benefits, and Warta's departure from the GST board of directors, defendants are obligated pursuant to Section 18 of the Agreement to pay Warta 2.99 times the "base amount" of his compensation, or $941,850.

///

Page   4 -   COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

15.

Despite repeated demands, defendants have not paid Warta his compensation under the Agreement or the consulting arrangement, his accumulated vacation pay, his bonus, nor have they paid Warta the $941,850 liquidated damages provided for in Section 18 of the Agreement, and therefore have breached the Agreement.

16.

Defendants breach of the Agreement has directly and proximately caused Warta damages in the amount of $941,850, together with the amount of Warta's base compensation at the rate of $315,000 per annum for the period of June 11, 1998, through February 28, 1999, and the value of the benefits defendants have failed to provide, and his $55,000 bonus, less amounts paid under the terms of the consulting arrangement alleged in paragraph 12.

17.

Warta is entitled to recover prejudgment interest on his damages alleged above from June 20, 1998, to the date the defendants pay their obligation to Warta.

18.

Pursuant to Section 27 of the Contract, Warta is entitled to recover his reasonable attorneys' fees.

### SECOND CLAIM

### (Breach of Duty of Good Faith and Fair Dealing)

19.

Plaintiff realleges paragraphs 1 through 18 above.

20.

Defendants discharged Warta in June, 1998, as a part of a scheme and plan to effect a change in control, as defined in Section 18(ii) of the Agreement, without having to pay Warta the liquidated damages provided for in Section 18(i). In carrying out this scheme, defendants

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

breached their duty of good faith and fair dealing in that they intentionally and wrongfully sought to subvert the express purpose of Section 18 of the Agreement.

21.

As a result of their breach of their duty of good faith and fair dealing, defendants are liable to Warta in the amount of $941,850.

22.

Warta is entitled to recover his reasonable attorneys' fees.

### THIRD CLAIM

(Wage Claim - Violation of RCW §§ 49.48.010 and 49.52.050(2))

23.

Warta realleges paragraphs 1 - 18 above.

24.

At the time they discharged Warta, Telecom and GUSA owed Warta accumulated vacation time of 240 hours at his current annual rate of pay of $315,000. At the time they discharged Warta, defendants also owed him a bonus of $55,000, and $941,850 in liquidated damages for change of control as alleged above. Defendants continue to withhold payment of Warta's wages.

25.

Defendants failed to pay Warta the value of the accrued vacation time at the end of the established pay period in violation of RCW § 49.48.010. Defendants have willfully withheld payment of compensation depriving Warta of compensation by paying him less than they are obligated to pay in violation of RCW § 49.52.050(2).

26.

Pursuant to the terms of RCW § 49.52.070, Warta is entitled to recover double damages, together with, and pursuant to RCW § 49.48.030, his reasonable attorneys' fees.

///

Page   6 -   COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

|   |   |
|---|---|
| 1 | FOURTH CLAIM |
| 2 | (Indemnity - GST) |
| 3 | 27. |
| 4 | Warta realleges paragraphs 1 - 18. |
| 5 | 28. |

6  In August, 1998, Warta and GST entered into an Indemnity Agreement, a copy of
7  which is attached as Exhibit C.

8                                  29.

9  Following the formation of the Indemnity Agreement, Warta incurred damages as that
10  term is defined in Section 2 of the Indemnity Agreement in amounts that currently exceed
11  $385,000 ("Damages"). Warta continues to incur such Damages.

12                                 30.

13  Warta has performed all conditions precedent to the payment of Damages, and
14  remains prepared to perform his obligations under the Indemnity Agreement.

15                                 31.

16  GST is liable to Warta for the damages set forth above and any other damages he
17  incurs up to the date of trial of this matter.

18                                 32.

19  Warta is entitled to recover his reasonable attorneys' fees.

20  WHEREFORE, Plaintiff is entitled to judgment against defendants as follows:

21  1. Against Telecom and GUSA in the amounts set forth above, together with
22     additional damages to be proved at trial,

23  2. Against GST in the amount of $385,000, together with additional damages to
24     be proved at trial,

25  ///
26  ///

Page  7 -  COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

1   3.   Against all defendants for prejudgment interest, and
2   4.   Against all defendants for costs, disbursements and attorneys' fees.
3
4   DATED this 19 day of January, 1999.
5                           MARKOWITZ, HERBOLD, GLADE
                                    & MEHLHAF, P.C.
6
7                           /s/ Peter H. Glade
                            By:_____
8                           Peter H. Glade, WSB #15681
                            Of Attorneys for Plaintiff
9
10                          **Trial Attorney:** Peter H. Glade
11
12  WARTGS\1017.DOC
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Page   8 -   COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

RESTATED AND AMENDED EMPLOYMENT AGREEMENT

THIS RESTATED AND AMENDED EMPLOYMENT AGREEMENT made as of this 1st day of September, 1995, by and between GST USA, INC. ("GUSA") and GST TELECOM INC. ("Telecom" and together with GUSA, the "Corporations"), each Delaware corporations with their principal offices at 4317 N.E. Thurston Way, Vancouver, Washington 98662, and JOHN WARTA, residing at 13513 N.E. 132nd Avenue, Brush Prairie, Washington 98606 (the "Executive").

W I T N E S S E T H :

WHEREAS, Executive has heretofore been employed pursuant to an Employment Agreement dated as of March 1, 1994 between Telecom and Executive; and

WHEREAS, Telecom and Executive desire to restate and amend the terms of Executive's employment and to provide that Executive shall be jointly employed by GUSA and Telecom;

NOW, THEREFORE, in consideration of the premises and the mutual covenants hereinafter set forth, the parties hereto agree as follows:

1. <u>Employment of Executive</u>. The Corporations hereby employ Executive as their Chief Executive Officer, to perform the duties and responsibilities incident to such office, subject at all times to the control and direction of the Boards of Directors of the Corporations (the "Boards").

2. <u>Acceptance of Employment; Time and Attention</u>. Executive hereby accepts such employment and agrees that throughout the period of his employment hereunder, except as hereinafter provided, he will devote substantially all his time, attention, knowledge and skills, faithfully, diligently and to the best of his

24359.3    3/6/96

EXHIBIT " A "
PAGE 1 of 19

ability, in furtherance of the business of the Corporations, their parent corporation, GST Telecommunications, Inc. ("GST") and their subsidiaries (collectively, the "GST Companies"), and will perform the duties assigned to him pursuant to Paragraph 1 hereof, subject, at all times, to the direction and control of the Boards. Executive shall be the principal executive officer of the GST Companies and shall in general manage and control all of the day-to-day operations of the GST Companies. Executive shall also perform such specific duties and shall exercise such specific authority related to the management of the day-to-day operations of the Corporations consistent with his position as Chief Executive Officer as may be assigned to Executive from time to time by the Boards. Executive shall at all times be subject to, observe and carry out such rules, regulations, policies, directions and restrictions as the GST Companies shall from time to time establish. During the period of his employment hereunder, Executive shall not, except as hereinafter provided, directly or indirectly, accept employment or compensation from, or perform services of any nature for, any business enterprise other than the GST Companies. The Corporations acknowledge that Executive (i) is a party to that certain Consulting Agreement dated December 29, 1993 with Tomen Telecom International, Inc. ("Tomen"), pursuant to which he has agreed to provide consulting services, (ii) will also provide marketing services to Tomen, (iii) will render services to the Hi-Rim Projects, as such term is defined in the Restated and Amended Agreement effective as of June 21, 1994, by and among GST, GUSA, Pacwest Network L.L.C., Executive, Clifford V. Sander and Telecom (the "Shareholder Agreement"), (iv) will continue to

conduct business through Green Arbor Development, Pacwest Telecom, Inc. and Pacwest Network Inc. and (iv) proposes to engage in charitable activities. Neither the performance of such services, nor such engagement, shall constitute a breach of this Agreement, provided that they do not interfere with the performance by Executive of his duties hereunder, and provided, further, that the services referred to in clauses (i), (ii), (iii) and (iv) hereof do not require the devotion of more than five percent of Executive's working hours in any year. Apart from any travel required to perform Executive's employment duties, Executive shall not be required to be regularly based at any office of the Corporation located outside the metropolitan areas of Portland, Oregon or Vancouver, Washington, without Executive's prior written consent (which may be withheld in Executive's discretion). Executive shall be elected or appointed to such offices of the GST Companies other than the Corporations as shall be determined from time to time by the Board of Directors of GST (the "GST Board"). During the period of Executive's employment hereunder, he shall not be entitled to additional compensation for serving in any offices of the GST Companies other than the Corporations to which he is elected or appointed.

    3.    <u>Term</u>. Except as otherwise provided herein, the term of Executive's employment hereunder shall commence as of the date hereof and shall continue to and including the 28th day of February, 1999.

    4.    <u>Compensation</u>. As compensation for his services hereunder, the Corporations shall pay to Executive (i) a base salary at the rate of $200,000 per annum, payable in equal

installments no less frequently than semi-monthly and (ii) such incentive compensation and bonuses, if any, as the GST Board (or the Compensation Committee thereof) in its absolute discretion may determine to award Executive; provided that this Agreement shall in no event be construed to require the payment to Executive of incentive compensation or bonuses. At least annually, the GST Board or the Compensation Committee thereof shall review Executive's base salary and shall determine whether any adjustment thereof is warranted. If it is determined to adjust Executive's base salary, such adjustment shall be based upon (i) the nature, magnitude and quality of the services performed by Executive for the GST Companies, (ii) the condition (financial and other) and results of operations of the GST Companies and (iii) the compensation paid for positions of comparable responsibility and authority within the telecommunications industry, provided that no such adjustment shall reduce such base salary below $200,000 per annum. All compensation paid to Executive shall be subject to withholding and other employment taxes imposed by applicable law.

    5.    <u>Additional Benefits</u>. In addition to such base salary and any incentive compensation and bonuses awarded Executive, he (and his family) shall be entitled to participate, to the extent he is (and they are) eligible under the terms and conditions thereof, in any profit sharing, pension, retirement, hospitalization, insurance, disability, medical service, stock option, bonus or other employee benefit plan generally available to the executive officers of the Corporations that may be in effect from time to time during the period of Executive's employment hereunder. The Corporations shall be under no obligation to