# EXHIBIT 29

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GST TELECOM INC., et al., | ) | Case No. 00-1982 (GMS) |
| | ) | |
| Debtors. | ) | Jointly Administered |

Hearing Date: January 7, 2002 at 10:00 a.m.
Response Deadline: January 2, 2002 at 4:00 p.m.

## NOTICE OF OBJECTION TO CLAIMS AND HEARING DATE

PLEASE TAKE NOTICE that on December 7, 2001, the above-captioned debtors and debtors in possession (the "Debtors") filed the attached **Objection of Debtors and Debtors-in-Possession to Proofs of Claim Nos. 764, 765 and 766 Filed by John Warta** (the "Objection") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that a hearing on the Objection will be held before the Honorable Gregory M. Sleet in Courtroom 4A at the United States District Court, 844 North King Street, Wilmington, DE 19801 on January 7, 2002 at 10:00 a.m. at which time the Debtors will seek entry of a order approving the Objection.

PLEASE TAKE FURTHER NOTICE that any responses to the Objection must be made in writing, filed with the Bankruptcy Court and served upon, so as to actually be received by the undersigned counsel for the Debtor, on or before January 2, 2002 at 4:00 p.m. (Eastern Time).

1894

If no responses are timely filed in accordance with the above procedure, the Bankruptcy Court may enter an Order without further notice or hearing. Only those responses made in writing, timely filed, and served in accordance with the above procedures will be considered at such hearing.

Dated: December 7, 2001
Wilmington, Delaware

THE BAYARD FIRM

_/s/ Elio Battista_

Neil B. Glassman (#2087)
Steven M. Yoder (#3885)
Elio Battista, Jr. (#3814)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000

- and-

David S. Heller
Richard A. Levy
Josef S. Athanas
LATHAM & WATKINS
Suite 5800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 876-7700

Attorneys for Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 </br> ) </br> ) |
| GST TELECOM INC., et al., | ) </br> ) Case No. 00-1982 (GMS) |
| Debtors. | ) </br> ) Jointly Administered </br> ) </br> ) Hearing Date: January 7, 2002 at 10:00 a.m. </br> ) Response Deadline: January 2, 2002 at 4:00 p.m. </br> ) |
| -------------------------------------------- ) | |

## OBJECTION OF THE DEBTORS TO PROOFS OF CLAIM
## NOS. 764, 765 AND 766 FILED BY JOHN WARTA

GST Telecom Inc. and the other above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby object to Proofs of Claims Nos. 764, 765 and 766 filed by John Warta ("Claimant") in the amounts of $1,904,639.00, $724,059.00 and $1,904,639.00, respectively (the "Claims") pursuant to section 502 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support hereof, and based on the Affidavit of Erick Steinman attached hereto as Exhibit C, the Debtors respectfully represent as follows:

### Introduction

1.  On May 17, 2000 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On May 25, 2000 the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Creditors Committee") in these cases. The Debtors are continuing in possession of their respective properties and are operating their respective businesses, as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

CH_DOCS\319437.2 [W97]

2.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.  The statutory predicates for the relief requested herein are section 502 of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## Background

4.  Founded in 1994, GST was formed to develop, construct and operate telecommunications networks in the western United States. Prior to selling substantially all of their assets to Time Warner Telecom Inc. ("TWTC"), the Debtors had more than 1,000 employees and approximately 38,000 customers in 49 cities and eight states.

5.  The Debtors' revenues grew from $18,681,000 in fiscal 1995 to $321,922,000 in fiscal 1999. This rapid expansion, however, was funded primarily through the issuance of debt. Accordingly, as the Debtors' businesses grew, so had their debt service. Interest expense grew from $1,347,000 in fiscal 1995 to $115,481,000 in fiscal 1999, causing the Debtors' net loss to increase from $11,315,000 in fiscal 1995 to $182,569,000 in fiscal 1999.

6.  The result of the Debtors' heavy debt service and continuing losses has been a decrease in the Debtors' liquidity. Prior to filing these cases, the Debtors pursued a range of options to address their liquidity concerns, including new financing, refinancing and the sale of certain or all of the Debtors' assets or businesses. The above-captioned cases were instituted to enable the Debtors to maximize the value of their assets.

7.  On September 21, 2000, the Court entered an order (the "Sale Order")[1] approving the sale of substantially all of the Debtors' assets (the "Sale") to TWTC. The Sale closed on January 10, 2001 (the "Closing Date"). Since the Closing Date, the Debtors have been operating their remaining businesses and assets while marketing such businesses and assets for sale. The Debtors have filed a plan of liquidation in order to distribute the proceeds of such sales.

### Relief Requested

8.  By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, (a) disallowing and expunging Claim No. 766 as a duplicate claim, (b) disallowing in full and expunging Claim No. 765 because it is based on an invalid agreement and (c) disallowing in full and expunging Claim No. 764 because it is based on an employment agreement that does not provide relief for the Claimant.

### Objection to Claim No. 766

9.  Claim No. 766 is a duplicate of Claim No. 764, in the same amount and for the same liability. Although Claim No. 766 is against Debtor GST USA, Inc. and Claim No. 764 is against Debtor GST Telecom Inc., the Claimant is seeking a double recovery on his claim. In addition, the Debtors filed the First Amended Joint Plan of Liquidation of GST Telecom Inc.,

---

[1]  Order Under 11 U.S.C. §§105, 363, 365 and 1146(c) and Fed. R. Bankr. P. 6004 and 6006 (A) Approving Purchase Agreement with Time Warner Telecom, (B) Authorizing Sale of Assets and Assumption and Assignment of Assumed Contracts Free and Clear of Liens, Claims, Encumbrances and Interests and Exempt from Any Stamp, Transfer, Recording or Similar Tax, (C) Fixing Lease and Executory Contract Cure Amounts and (D) Granting Related Relief dated September 21, 2000.

et al., which provides that all of the monies owed by the Debtors, except for GST Telecommunications, Inc., will be substantively consolidated. Accordingly, Claim No. 766 should be disallowed in full and expunged.

### Objection to Claim No. 764

10. In Claim No. 764 Claimant seeks to be compensated for the Debtors' alleged breach of his employment agreement (the "Employment Agreement"), attached as Exhibit A, for wrongful termination in June of 1998. The Debtors contend in their answer and counterclaim to Warta v. GST USA, Inc., et al., No. 99-2-02287-4SEA, County of King, Superior Court of the State of Washington (the "Counterclaim"), attached hereto as Exhibit B and incorporated herein by reference, that the Claimant was not terminated by the Debtors, but resigned voluntarily. Counterclaim ¶ 38. The Employment Agreement does not provide for the Claimant to receive compensation in the event the Claimant voluntarily terminates his employment with the Debtors. Accordingly, Claim No. 764 should be disallowed in full and expunged.

11. In the alternative, if the Court finds that the Claimant did not voluntarily resign, Claim No. 764 should be disallowed in full and expunged because the Claimant was terminated for Cause, as defined in the Employment Agreement. The Employment Agreement expressly permits the Debtors to terminate the Claimant for Cause. Paragraph 16, in pertinent part, provides: "For purposes of this Agreement, the following shall constitute Cause...(iii) theft, embezzlement, fraud, misappropriation of funds, other acts of dishonesty or the violation of any law or ethical rule relating to [the Claimant's] employment." The Counterclaim alleges, among other things, that the Claimant committed fraud by diverting the Debtors' resources for his own benefit and made false representations regarding the advisability of advancing funds to a

4

company he owned. Counterclaim ¶ 112. Accordingly, the Claimant cannot avail himself of the protection of the Employment Agreement, and Claim No. 764 should be disallowed in full and expunged.

### Objection to Claim No. 765

12. In Claim No. 765 Claimant seeks to be reimbursed for expenses and attorneys fees that he is allegedly entitled to under several indemnity agreements. The Claimant has only provided a copy of one indemnity agreement dated August, 1998 (the "August Indemnity Agreement"), and the Debtors have no record of the Indemnification Agreement dated April 3, 1996 that Claimant alleges to be a party to. The Debtors contend that the Claimant's indemnification claim is barred because he acted outside the scope of his responsibilities and obligations to the Debtors as an officer and director by, among other things, breaching his fiduciary duty and taking advantage of the Debtors' opportunities for his own benefit and, consequently, is not entitled to recover under any indemnity relationship with the Debtors. Counterclaim ¶¶ 36, 116, 123 and 124.

13. Claimant did not act in good faith and in the best interests of the Debtors and, thus, should not receive the benefit the August Indemnity Agreement or any other indemnification agreement. Accordingly, Claim No. 765 should be disallowed in full and expunged.

### Reservation of Rights

14. The Debtors reserve their rights to make additional objections to the Claims objected to herein on any grounds not stated herein. In addition, the Debtors reserve their rights to object to all other claims filed in their chapter 11 cases, including, without limitation,

any other claims asserted by the Claimant. The Debtors also reserve the right to file an adversary complaint against the Claimant in the Bankruptcy Court.

### Notice

15. No trustee or examiner has been appointed in the Debtors' chapter 11 cases. Copies of this Objection and all exhibits hereto will be served on the United States Trustee, counsel to the Creditors Committee and the Claimant. Notice of the hearing on this Objection will be served on all remaining parties on the Limited Service List established by the Court. The Debtors submit that no further notice is necessary.

### No Prior Request

16. No prior motion for the relief requested herein has been made to this or any other court.

## Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter an order (a) disallowing and expunging Claim No. 766 as a duplicate claim, (b) disallowing in full and expunging Claim Nos. 764 and 765 and (c) granting such other and further relief as the Court deems just and proper.

Dated: December 7, 2001                              Respectfully Submitted,

*Elio Battista* [signature]
Neil B. Glassman (No. 2087)
Steven M. Yoder (No. 3885)
Elio Battista, Jr. (No. 3814)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000

-and-

David S. Heller
Richard A. Levy
Josef S. Athanas
Danielle S. Kemp
LATHAM & WATKINS
Suite 5800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 876-7700

Attorneys for the Debtors and Debtors-in-Possession