1  the lawsuit filed by John Warta in this Court, pursuant to CR 13(h) and CR 19(a).

## THE PARTIES

48.

Plaintiff and Counterclaim Defendant John Warta ("Warta") is a resident of Clark County, Washington, and is, or was during the course of events described below, President and Chief Executive Officer of GST, Chairman of the GST Board of Directors, a member of the GUSA Board of Directors, a member of the Telecom Board of Directors, a member of the GST Executive Committee, Vice-Chairman of the Global Board of Directors, a director of a Global subsidiary, a Global shareholder, the owner of Guam Net/PCS Plus Pacific, Inc., and, through Pacwest Network, Inc., the owner of Magnacom Wireless, LLC ("Magnacom"). Warta committed all acts alleged herein for his benefit and for the benefit of the marital community of himself and his wife. Said marital community is thus fully liable for all claims alleged against Warta.

49.

Counterclaim Plaintiff GUSA is a Delaware Corporation with its principal place of business in Vancouver, Washington. GUSA is a wholly-owned subsidiary of GST.

50.

Counterclaim Plaintiff Telecom is a Delaware Corporation with its principal place of business in Vancouver, Washington. Telecom is a wholly-owned subsidiary of GST.

51.

Counterclaim Plaintiff GST is a Canadian Corporation with its principal place of business in Vancouver, Washington. GST is a leading facilities-based provider of advanced telecommunications products and services. The common stock of GST is traded on the NASDAQ. The Company currently operates telecommunications networks in 18 cities and has 31 additional networks under development. The Company has built fiber and switching infrastructures in selected cities in the western United States and is pursuing a strategy of

Page 11 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400
Seattle, WA 98101-1618
Telephone (206) 292-8930

1  linking the markets it serves via advanced long haul fiber optic networks. GST's integrated
2  communications product and service offerings include Plain Old Telephone Service (POTS),
3  analog trunk, private line, long distance, data (frame relay and ATM), paging, Centrex, and
4  Custom Local Signaling Services (CLASS) such as call forwarding, caller I.D., voice mail,
5  and automatic call back. GST also offers a full complement of Internet services, including
6  dial-up, dedicated access, Electronic Data Interchange (EDI), and Web services. GST has no
7  business operations in Canada.

8                                    52.

9   Counterclaim Defendant W. Gordon Blankstein ("Blankstein") is a resident of British
10 Columbia, and is or was during the course of events described below, Chairman of the GST
11 Board of Directors, a member of the GST Executive Committee, a member of the GST
12 Finance Committee, a Director of Global, Acting President of Global, Chairman of the
13 Global Board of Directors (current), and a major Global shareholder (current).

14                                   53.

15  Counterclaim Defendant Stephen Irwin ("Irwin") is a resident of New Jersey, and is,
16 or was during the course of events described below, a Vice-President of GST, a Director of
17 GST, Vice-Chairman of the GST Board of Directors, a member of the GUSA Board of
18 Directors, a member of the Telecom Board of Directors, a member of the GST Executive
19 Committee, a member of the GST Finance Committee, Secretary of GST, counsel to GST,
20 Secretary to a Global subsidiary, counsel to Global, a Global shareholder, and an officer of
21 Magnacom Wireless, LLC ("Magnacom"). Irwin is also Of Counsel to the law firm of
22 Olshan Grundman Frome & Rosenzweig LLP, now known as Olshan Grundman Frome
23 Rosenzweig & Wolosky LLP ("Olshan"), in New York, New York.

24                                   54.

25  Counterclaim Defendant Robert H. Hanson ("Hanson") is a resident of Wyoming, and
26 is, or was during the course of events described below, Senior Vice-President of GST, Chief

Page 12 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400
Seattle, WA 98101-1618
Telephone (206) 292-8930

1. Financial Officer of GST, a Director of GST, a member of the GST Finance Committee, a Global shareholder, and a Global consultant.

55.

Earl C. Kamsky ("Kamsky") is now deceased, but was, during the course of events described below, President and Chief Executive Officer of Telecom, a Director of GST, President and Chief Executive Officer of Global, a Director of Global, President and Chief Executive Officer of a Global subsidiary and a Global shareholder.

56.

Counterclaim Defendant Peter E. Legault ("Legault") is a resident of Ontario, Canada and, is or was during the course of events described below, a Director of GST, a Director of Global, and a Global shareholder. Legault is also a Director and Vice-President of Thomson Kernaghan & Co. Ltd. ("Thomson").

57.

Counterclaim Defendant Ian Watson ("Watson") is a resident of Marin County, California and is, or was during the course of events described below, President and Chief Executive Officer of GST, Chairman of the GST Board of Directors, Vice-President of GUSA, a member of the GST Finance Committee, President and Chief Executive Officer of Global (current), Vice-Chairman of the Global Board of Directors (current), and a Global shareholder (current). Watson is also the beneficial owner of Tellson Holdings Limited ("Tellson").

58.

Counterclaim Defendant Global Light Telecommunications, Inc. ("Global"), formerly known as "GST Global Telecommunications, Inc.," and before that, "Canadian Programming Concepts, Inc." ("CPC"), is incorporated under the laws of Yukon Territory, Canada with its "executive offices" in Vancouver, British Columbia and its principal operations in Mountain View, California. Global is a telecommunications company whose common stock is traded

Page 13 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400
Seattle, WA 98101-1618
Telephone (206) 292-8930

1  on the American Stock Exchange and the Vancouver Stock Exchange. Apart from a few
2  employees in its Vancouver, British Columbia office, Global has no business operations in
3  Canada.

4                                               59.

5  On information and belief, each of the Counterclaim Defendants conspired with,
6  participated with, and acted in concert with, each of the other Counterclaim Defendants in
7  the activities hereinafter alleged, and, at all times herein mentioned, each of such
8  Counterclaim Defendants was the agent of and authorized to act for and was acting for and
9  on behalf of and with the knowledge and consent of each of the other Counterclaim
10 Defendants.

11                                              60.

12 Dr. Thomas E. Sawyer, Jack Armstrong, and Takashi Yoshida were directors of GST
13 during the relevant period and are not named as defendants herein. These directors are
14 hereinafter collectively referred to as the "Independent Directors." Sawyer has, since the
15 events described herein, become affiliated with Counterclaim Defendant Global.

16                                         **THE FACTS**

17                                              61.

18 In early 1996, GST had developed a significant business opportunity in Mexico (the
19 "Bestel Opportunity") whereby it could acquire a 49% interest in one of seven concessions
20 which had been granted by the Mexican telecommunications authority (the "SCT") to a
21 Mexican consortium, Grupo Varo, to construct and operate a public telecommunications
22 network in Mexico. By the fall of 1996, however, the Counterclaim Defendants - the
23 individuals of whom were not only directors and officers of GST, but also significant
24 undisclosed shareholders of Global - had fraudulently transferred the Bestel Opportunity to
25 Global for no consideration. There was not at that time, or ever, any written agreement or
26 even a term sheet between GST and Global stating the terms for transfer of the Bestel

Page 14 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400
Seattle, WA 98101-1618
Telephone (206) 292-8930

1   Opportunity. A May 1998 independent analyst's report has placed the value of the Bestel
2   Opportunity at $460 million. Thus, GST's 49% interest - wrongly taken by Global - has
3   been independently valued at $225 million. Upon information and belief, the value of Bestel
4   has increased since the date of the valuation.

**Global**

62.

Global was formerly known as Canadian Programming Concepts Ltd. ("CPC"). CPC was a Yukon Territory corporation incorporated in 1993 as the shell owner of a tiny existing Texas business known as Programming Concepts, Inc. Before the Counterclaim Defendants caused the Bestel Opportunity to be fraudulently transferred to CPC for no consideration, CPC was a lightly-traded shell corporation listed on the Vancouver Stock Exchange with no material assets.

63.

From the time of its incorporation, CPC was controlled by Blankstein and his associates. In or about May of 1995, CPC was listed on the Vancouver Stock Exchange (the "VSE"). Since approximately August of 1998, CPC, now known as Global, has been trading on the American Stock Exchange.

64.

Blankstein, then Chairman of the GST Board, had been attempting to induce GST to acquire an interest in CPC for some time. In October of 1995, at a GST Board of Directors meeting in Japan, Blankstein suggested to the GST Board that GST acquire a shell corporation. In July of 1996, upon Blankstein's urging, and with Warta's support, the Board finally authorized a significant purchase of CPC stock.

65.

GST purchased 2.1 million shares of CPC stock on June 3, 1996. 1,450,000 of these shares were purchased by GST directly from Blankstein at a cost of $72,500 or 5 cents per

Page 15 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400
Seattle, WA 98101-1618
Telephone (206) 292-8930

share.

66.

In the same transaction in which GST purchased shares from Blankstein personally, GST also purchased 125,000 CPC shares from Teleport Canada Development Corporation ("Teleport") for $87,500 (70 cents per share), 425,000 shares from Quest Capital Corporation for $193,750 (45 cents per share) and 100,000 shares from associates of Blankstein for $50,000 (50 cents per share). Teleport was a corporation in which Blankstein and his brother Robert Blankstein had a substantial beneficial interest. The fact that GST was purchasing shares from a company in which its Chairman had a significant financial stake was not disclosed at the time to the Independent Directors.

67.

At the time of GST's acquisition of 2.1 million shares, Global had outstanding shares totaling 3,450,001. Thus, through its June 3, 1996 purchase of 2.1 million shares GST acquired approximately 60% of Global's outstanding shares.

68.

The GST Board was not informed that GST had purchased CPC shares until a month later. As recorded in the minutes of a July 2, 1996 telephonic meeting of the GST Board that was chaired by Blankstein and attended by Warta, Irwin, Armstrong, Hanson, Legault, Sawyer and Watson:

> The Chairman [Blankstein] then discussed proposed arrangements pertaining to the acquisition of control of an existing Canadian corporation, Canadian Programming Concepts, Inc., whose shares were currently traded on the Vancouver Stock Exchange. The Company proposed to acquire 2,100,000 shares...which would result in its ownership of 37.5% of the outstanding capital stock. It was contemplated that the new corporation, with a working name of GST Global Communications...would be used for non-U.S. telecommunications projects .... The Board determined that the Company should cause Messrs. Blankstein, Warta, Irwin and Legault to be elected initially as directors of GST Global ...

Page 16 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

(Emphasis supplied). No mention was made at this meeting of the identity of the sellers, Blankstein and Teleport, of the fact that it was not a "proposed" acquisition, but one that had already occurred, or of the fact that, on the day of this acquisition GST had acquired 60%, rather than 37.5% of the then outstanding Global shares.

69.

One day after GST's acquisition of Global shares, Blankstein caused Global to announce a private placement of 1.5 million units (the "Units") at $1.50 Canadian per Unit. Each Unit consisted of one share and a one-share-purchase warrant exercisable at $2.00 Canadian for one year. The issuance of the Units resulted in the substantial dilution of GST's interest in Global.

70.

The placees in this private placement included Counterclaim Defendants Warta, Blankstein, Irwin, Hanson and Watson (through Tellson), each of whom received 65,000 units. In addition, Legault purchased 75,000 Units in the name of Thomson Kernaghan, a company in which he held a material interest. The private placement of the Units closed on or about August 14, 1996.

71.

Between June 3, 1996, when GST first acquired Global shares, and the present, Warta, Blankstein, and the other Individual Counterclaim Defendants, despite being directors or officers of GST, continued to cause Global to issue more shares, thereby substantially diluting GST's interest in Global. This is illustrated in the following chart:

**Dilution Of GST's Interest In Global**

| Issue Date | Number of shares Issued by Global | GST's purchases | GST's percentage interest in Global | Global shares Outstanding |
|---|---|---|---|---|
| 7/96 | | 2.1 million | 61% | 3.45 million |

Page 17 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400
Seattle, WA 98101-1618
Telephone (206) 292-8930

| Issue Date | Number of shares Issued by Global | GST's purchases | GST's percentage interest in Global | Global shares Outstanding |
|---|---|---|---|---|
| 8/96 | 1.5 million | | 42% | 4.95 million |
| 9/96 | .32 million | | 40% | 5.27 million |
| 11/96 | 3 million | 1.5 million | 46% | 8.27 million |
| 1/97 | 2.75 million | | 33% | 11.02 million |
| 2/97 | 1.12 million | | 30% | 12.14 million |

By December 31, 1997, following various other stock issuances by Global, the 3.6 million Global shares that were owned by GST represented only 20.6% of Global's outstanding shares. This dilution, which occurred through the knowledge and acquiescence of Warta and the other Counterclaim Defendants, placed GST at risk of violating various debt covenants.

### GST Insiders Buy Into Global

72.

On July 3, 1996, the day after the GST Board approved the "proposed" acquisition of Global stock, the Global Board granted 67,000 stock options each to Warta, Irwin, and Blankstein, and 20,000 options to Legault. These stock options were separate and apart from the Units that the Individual Counterclaim Defendants purchased in the Global private placement. As a result, by no later than August 14, 1996 (the date the private placement of 1.5 million Units closed), the Individual Counterclaim Defendants' holdings of Global shares included:

**Irwin**  65,000 common shares @ $1.50[1] per share

65,000 warrants exercisable for one year @ $2.00 per share

67,000 options @ $1.66 per share until June 4, 2001

---

[1] All dollar amounts in these tables are in Canadian dollars.

Page 18 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400
Seattle, WA 98101-1618
Telephone (206) 292-8930

| | | |
|---|---|---|
| Warta | 65,000 common shares @ $1.50 per share | |
| | 65,000 warrants exercisable for one year @ $2.00 per share | |
| | 67,000 options @ $1.66 per share until June 4, 2001 | |
| Legault | 20,000 options @ $1.66 per share until June 4, 2001 | |
| | 75,000[2] common shares @ 1.50 per share | |
| | 75,000 warrants exercisable for one year @ $2.00 per share | |
| Watson[3] | 65,000 common shares @ $1.50 per share | |
| | 65,000 warrants exercisable for one year @ $2.00 per share | |
| Blankstein | 65,000 common shares @ $1.50 per share | |
| | 65,000 warrants exercisable for one year @ $2.00 per share | |
| | 67,000 options @ $1.66 per share until June 4, 2001 | |
| Hanson | 65,000 common shares @ $1.50 per share | |
| | 65,000 warrants exercisable for one year @ $2.00 per share | |

73.

At the September 16, 1996 GST Board meeting held in Vancouver, Washington, which was attended by Warta, Blankstein, Irwin, Armstrong, Watson, Hanson, Sawyer and Legault, the Independent Directors were informed that Global had issued 67,000 stock options to Warta, Irwin, Blankstein and Legault. This was, at best, a half-truth. The Individual Counterclaim Defendants, for their own profit and for the benefit of Global, did not tell the Independent Directors that each of the Individual Counterclaim Defendants had previously purchased, directly and indirectly, thousands of shares of Global stock. Moreover, although the Board refused, at this meeting, to ratify the issuance of Global options to Warta, Irwin, Blankstein or Legault, these Individual Counterclaim Defendants did

---

[2] These purchases were made through Thomson Kernaghan.

[3] These purchases were made though Tellson, a company in which Watson held a material interest.

Page 19 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

1  not divest themselves of their Global options.

2                                       74.

3       By March of 1997, the Individual Counterclaim Defendants' holdings of Global
4  shares or stock options, which holdings were never fully disclosed to the Independent
5  Directors, included:

| | |
|---|---|
| **Irwin** | 99,896 common shares @ 96 cents per share |
| | 65,000 common shares @ $1.50 per share |
| | 65,000 warrants exercisable @ $2.00 per share |
| | 67,000 options @ $1.66 per share until June 4, 2001 |
| **Warta** | 65,000 common shares @ $1.50 per share |
| | 65,000 warrants exercisable @ $2.00 per share |
| | 67,000 options @ $1.66 per share until June 4, 2001 |
| **Legault** | 20,000 options @ $1.66 per share until June 4, 2001 |
| | 75,000[4] common shares @ $1.50 per share |
| | 75,000 warrants exercisable @ $2.00 per share |
| **Watson** | 65,000[5] common shares @ $1.50 per share |
| | 65,000 warrants exercisable @ $2.00 per share |
| | 74,000 options @ $5.30 per share until Jan. 28, 2002 |
| **Blankstein** | 65,000 common shares @ $1.50 per share |
| | 65,000 warrants exercisable @ $2.00 per share |
| | 67,000 options @ $1.66 per share until June 4, 2001 |
| | 65,500 options @ $5.30 per share until Jan. 28, 2002 |
| **Hanson** | 65,000 common shares @ $1.50 per share |

---

[4] These are purchases made through Thomson Kernaghan.

[5] These are purchases made though Tellson.

Page 20 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400
Seattle, WA 98101-1618
Telephone (206) 292-8930

Case 1:04-cv-01380-GMS    Document 47-5    Filed 04/05/2005    Page 11 of 11


65,000 warrants exercisable for one year @ $2.00 per share

## Development of the Bestel Opportunity

**75.**

As noted above, GST had begun developing the Bestel Opportunity in early 1996. Eventually, a letter of intent was negotiated between Grupo Varo, a Mexican company, and GST. Irwin was designated by GST to represent GST's interests in these negotiations. In April 1996, the letter of intent was signed by Grupo Varo and GST to negotiate in good faith and enter into a final agreement pursuant to which the parties would jointly own (through a company called Cableados y Sistemas, S.A. de C.V. ("Cystel"), and subsequently renamed Bestel S.A. de C.V. ("Bestel")) and finance construction and operation of the Network.

**76.**

On or about May 21, 1996, the GST Board met with Grupo Varo representatives at a Special Joint Meeting of the Boards of Directors of GST and GUSA in Vancouver, Washington. Each of the individual Defendants attended the meeting. Manuel Vasquez Robles of Grupo Varo provided the Board with a description of the proposed joint venture between GST and Grupo Varo. The joint venture was to design, construct, and operate a fibre optic network consisting of approximately 2,200 kilometers linking Nuevo Laredo, Mexico City, Guadalajara and Manzanillo. Moreover, GST would be able to link this network with its own network in the southern United States.

**77.**

On or about May 22, 1996, the GST Board authorized GST to proceed with the joint venture through a wholly-owned subsidiary. GST appointed Warta, Irwin, and Kamsky, as a negotiating team to meet with representatives of Grupo Varo in order to negotiate joint venture agreements for consideration and approval by the Board. Thereafter, Warta, Irwin, and Kamsky traveled to Mexico to conduct due diligence of the Bestel Opportunity on behalf of GST. In total, GST expended approximately $1,000,000 to develop the Bestel

Page 21 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400
Seattle, WA 98101-1618
Telephone (206) 292-8930