(g) that before it would approve the issuance of Global shares, the VSE would require evidence of the value of the Bestel Opportunity, but that no such evidence was prepared;

(h) that the Counterclaim Defendants had no intention of applying to the VSE for the issuance of three to five million Global shares to GST;

(i) that no steps were being taken to protect GST's interest in the Bestel Opportunity in the event that the VSE did not approve the issuance of an appropriate amount of Global shares;

(j) that no steps had been taken to secure GST's control of Global; and

(k) that the Bestel opportunity had been transferred to Global for no consideration months before GST's Board ever approved the transfer.

108.

In addition, Warta, Blankstein, Irwin, and Global in particular, falsely represented:

(a) that a wholly owned subsidiary of GST could not own the Bestel Opportunity without the consent of GST's lenders;

(b) that an application for approval of the issuance of Global shares to GST had been submitted to the VSE for approval;

(c) that the issuance to GST of 3,000,000 to 5,000,000 shares of Global stock would be fair consideration for the transfer of the Bestel Opportunity;

(d) that the transaction resulting in the transfer of the Bestel Opportunity to Global was fair and reasonable; and

(e) that the transaction would be supported by a fairness opinion.

Page 33 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

109.

Counterclaim Plaintiffs reasonably relied to their detriment on Counterclaim Defendants' material misrepresentations and on Counterclaim Defendants' duty to disclose all material facts.

110.

As a direct and proximate result of Counterclaim Defendants' conduct, non-disclosures and affirmative misrepresentations, Counterclaim Plaintiffs have been damaged in an amount exceeding $225 million, but not yet fully determined.

**SECOND COUNTERCLAIM**
(Fraud)
(Against Warta)

111.

Counterclaim Plaintiffs repeat and reallege the allegations of paragraphs 61 through 110 above as if fully set forth herein.

112.

Warta used his position as a director and officer of GST to facilitate his fraudulent scheme to divert GST's resources for his own use and benefit. Warta caused GST to transfer funds to Magnacom for the purchase of PCS licences without board approval, and deliberately failed to protect GST's interests prior to the transfer of such funds. Warta also caused GST to transfer funds to Guam Net under similar circumstances and with a similar deliberate failure to protect GST's interests and to secure adequate protection for GST prior to the transfer of such funds. Indeed, with respect to Guam Net, Warta never did receive even post-hoc board authorization.

113.

But for Warta's abuse of his corporate position, false representations to the GST Board of Directors regarding the advisability of advancing funds to Magnacom, and his

Page 34 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400
Seattle, WA 98101-1618
Telephone (206) 292-8930

failure to disclose the personal benefit that he sought to derive for himself and his marital community from both the Magnacom and Guam Net transfers, Warta could never have transferred GST funds to these two companies he owned.

114.

As a result of Warta's fraudulent transfer of GST assets to Magnacom and Guam Net, Warta and his marital community have benefitted and GST has been damaged in an amount exceeding $15 million.

**THIRD COUNTERCLAIM**
(Breach of Fiduciary Duty of Loyalty and Care)
(Against all Individual Counterclaim Defendants)

115.

Counterclaim Plaintiffs repeat and reallege the allegations of paragraphs 61 through 114 above as if fully set forth herein.

116.

As directors and officers of GST, the Individual Counterclaim Defendants owed a fiduciary duty to GST to act honestly, in good faith, and in a manner reasonably believed to be in the best interests of GST. The Individual Counterclaim Defendants also owed a duty to GST to refrain from using their power as directors and officers of GST for their own personal benefit and to make full and timely disclosure to the Board of GST of all material facts relating to business carried out on behalf of GST.

117.

The Individual Counterclaim Defendants breached their fiduciary duty to GST by failing to disclose, although under a duty to so, numerous material facts as set forth in paragraph 107, above.

118.

The Individual Counterclaim Defendants further breached their fiduciary duties by

Page 35 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400
Seattle, WA 98101-1618
Telephone (206) 292-8930

1  their misappropriation of a corporate opportunity, Global Shares, based on the misuse of
2  Counterclaim Plaintiffs' proprietary inside information, for their own personal profit at the
3  expense of GST and its shareholders.

### 119.

The Individual Counterclaim Defendants further breached their fiduciary duties by causing the GST Companies to transfer the Bestel Opportunity to Global without any agreement to compensate GST, without receiving fair value for the transfer, and with the knowledge that Global had not agreed to compensate the GST Companies for the transfer.

### 120.

But for the Individual Counterclaim Defendants' breach of their fiduciary duties and the misuse of their positions as directors and officers of GST, the Individual Counterclaim Defendants would not have been able misappropriate the Bestel Opportunity, or cause the transfer of the Bestel Opportunity.

### 121.

As a result of the Individual Counterclaim Defendants' breach of their fiduciary duties, the Individual Counterclaim Defendants have benefitted and GST has been damaged in an amount exceeding $225 million, the value of the Bestel Opportunity.

**FOURTH COUNTERCLAIM**
(Breach of Fiduciary Duty of Loyalty and Care)
(Against Warta and Irwin)

### 122.

Counterclaim Plaintiffs repeat and reallege the allegations of paragraphs 61 through 121 above as if fully set forth herein.

### 123.

As directors and officers of GST, Warta and Irwin owed a fiduciary duty to GST to act honestly, in good faith, and in a manner reasonably believed to be in the best interests of

Page 36 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400
Seattle, WA 98101-1618
Telephone (206) 292-8930

1  GST. Counterclaim Defendants also owed a duty to GST to refrain from using their power
2  as directors and officers of GST for their own personal benefit, and to uphold their duty of
3  loyalty to GST by refraining from accepting obligations to other parties that might interfere
4  with their duty to GST.

5  124.

6  Counterclaim Defendants Warta and Irwin breached their fiduciary duty to GST by
7  causing GST to transfer funds to Magnacom for the purchase of PCS licences without board
8  approval and without adequate consideration of GST's best interests, and by failing to secure
9  any protection or recourse for GST prior to the transfer of such funds. Warta further
10 breached his fiduciary duty to GST by causing GST to transfer funds to Guam Net under
11 similar circumstances and with a similar failure to consider GST's best interests and to
12 secure adequate protection for GST prior to the transfer of such funds.

13 125.

14 But for Counterclaim Defendants Warta's and Irwin's breach of their fiduciary duty
15 and the misuse of their positions as directors and officers of GST, GST would not have
16 transferred any funds to Magnacom or Guam Net.

17 126.

18 As a result of Counterclaim Defendants Warta's and Irwin's breach of their fiduciary
19 duty, GST has been damaged in an amount exceeding $15 million.

**FIFTH COUNTERCLAIM**
(Negligent Misrepresentation)
(Against Global)

127.

Counterclaim Plaintiffs repeat and reallege the allegations of paragraphs 61 through
104 and 115 through 126 above as if fully set forth herein.

Page 37 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400
Seattle, WA 98101-1618
Telephone (206) 292-8930

128.

Counterclaim Defendant Global, through its agents, made false representations to the GST Board of Directors regarding the transfer of the Bestel Opportunity as alleged above. In making the representations and omissions, and in doing the acts alleged above, Global acted without any reasonable grounds for believing the representations were true, and intended by those representations to induce reliance on the part of the GST Board of Directors. The GST Board of Directors relied upon these false representations in deciding to purchase an interest in Global and in allowing the transfer of the Bestel opportunity to Global. Given the relationship between GST and the Counterclaim Defendants, such reliance was justified. As a result, GST has been damaged in an amount exceeding $225 million, but not yet fully determined.

### SIXTH COUNTERCLAIM
(Unjust Enrichment)
(Against all Counterclaim Defendants)

129.

Counterclaim Plaintiffs repeat and reallege the allegations of paragraphs 61 through 128 above as if fully set forth herein.

130.

Counterclaim Plaintiffs are informed and believe, and based thereon allege, that by virtue of Counterclaim Defendants' failure to comply with their promises and obligations to Counterclaim Plaintiffs and Counterclaim Defendants' material misrepresentations and failure to disclose material information to Counterclaim Plaintiffs, Counterclaim Defendants have received and will continue to receive substantial interests and revenues which they would not otherwise have received. Counterclaim Plaintiffs estimate the amount of Counterclaim Defendants' collective unjust enrichment to be in excess of $240 million.

Page 38 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400
Seattle, WA 98101-1618
Telephone (206) 292-8930

131.

Counterclaim Defendants have no right to any revenues or interest resulting from their misappropriation of GST's business opportunity, and Counterclaim Defendants have been unjustly enriched through their wrongful conduct.

132.

Counterclaim Plaintiffs are thus entitled to restitution of all legal and equitable rights in the Bestel Opportunity and all profits therefrom.

**SEVENTH COUNTERCLAIM**
(Violation of the Washington State Securities Act, RCW §§21.20.010 et seq.)
(Against all Counterclaim Defendants)

133.

Counterclaim Plaintiffs repeat and reallege the allegations of paragraphs 61 through 132 above as if fully set forth herein.

134.

This claim is asserted against all Counterclaim Defendants for primary or secondary liability under RCW §21.20.430 for violation of RCW §21.20.010, as each of the Counterclaim Defendants was a seller of the securities at issue, a director, officer or controller of a seller, or a substantial contributive factor in the sales transaction.

135.

As discussed above, each of the Counterclaim Defendants either directly or indirectly represented to GST, or substantially contributed to the representation to GST, that GST would be compensated with three to five million shares of Global stock in consideration for transferring the Bestel Opportunity to Global. Each of the Counterclaim Defendants also either directly or indirectly represented to GST, or substantially contributed to the representation to GST, that such consideration was reasonable and adequate, that the VSE would not allow greater compensation for the transfer, that acceptance of such consideration

Page 39 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400
Seattle, WA 98101-1618
Telephone (206) 292-8930

1  was otherwise in GST's best interests, or that Global would transfer to GST three to five
2  million shares of Global stock upon receipt of the Bestel Opportunity. These representations
3  were accomplished by untrue or misleading statements and omissions. These untrue or
4  misleading statements and omissions were material, were made in furtherance of a scheme to
5  defraud GST, and did operate as a fraud or deceit upon GST.

                                      136.

Through the conduct alleged herein, Counterclaim Defendants violated RCW § 21.20.010, in that they (1) employed a device, scheme or artifice to defraud, (2) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (3) engaged in acts, practices, or a course of business which operated as a fraud or deceit upon GST.

                                      137.

In reliance on Counterclaim Defendants' direct or indirect representations or omissions in violation of RCW §21.20.010, GST approved the transfer of the Bestel Opportunity to Global, resulting in severe economic injury to GST in an amount exceeding $225 million, the value of the Bestel Opportunity. GST would not have approved the transfer of the Bestel Opportunity to Global if it had known that the Counterclaim Defendants' representations or omissions, or the representations or omissions to which the Counterclaim Defendants substantially contributed, were untrue or misleading.

                                      138.

As a result of Counterclaim Defendants' violation of the Washington State Securities Act and GST's resulting injury, Counterclaim Plaintiffs are entitled to rescission of any agreement or transaction whereby the Bestel Opportunity was transferred to Global, and to the return of the Bestel Opportunity to Counterclaim Plaintiffs.

Page 40 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400
Seattle, WA 98101-1618
Telephone (206) 292-8930

## EIGHTH COUNTERCLAIM
(Violation of the Washington Consumer Protection Act, RCW §§19.86.010 et seq.)
(Against all Counterclaim Defendants)

139.

Counterclaim Plaintiffs repeat and reallege the allegations of paragraphs 61 through 138 above as if fully set forth herein.

140.

Counterclaim Defendants' commercially related fraudulent acts, misrepresentations and omissions as alleged above also constitute unfair and or deceptive acts or practices in violation of RCW §19.86.020. This conduct implicates the public interest in preventing Washington residents from being deceived in business transactions and in preventing such deceptions from occurring in the State of Washington. In addition, Counterclaim Defendants' violation of the Washington State securities laws, as alleged above, in contravention of the public interest, constitutes a per se violation of RCW §19.86.020.

141.

Counterclaim Plaintiffs suffered severe economic injury in an amount exceeding $225 million, the value of the Bestel Opportunity, as a direct result of Counterclaim Defendants' unfair and or deceptive acts or practices. Accordingly, Counterclaim Plaintiffs are entitled to recover their damages, costs of suit, including attorneys' fees, and the maximum additional damages allowed pursuant to RCW §19.86.090.

## NINTH COUNTERCLAIM
(Constructive Trust)
(Against all Counterclaim Defendants)

142.

Counterclaim Plaintiffs repeat and reallege the allegations of paragraphs 61 through 141 above as if fully set forth herein.

Page 41 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400
Seattle, WA 98101-1618
Telephone (206) 292-8930

143.

The Bestel Opportunity was wrongfully misappropriated by the Counterclaim Defendants. GST is, therefore, entitled to imposition of a constructive trust over the Bestel Opportunity and all proceeds therefrom.

144.

Counterclaim Plaintiffs are further entitled to imposition of a constructive trust upon all Global stock unlawfully acquired by the Counterclaim Defendants.

### TENTH COUNTERCLAIM
(Accounting)
(Against all Counterclaim Defendants)

145.

Counterclaim Plaintiffs repeat and reallege the allegations of paragraphs 61 through 144 above as if fully set forth herein.

146.

By reason of the wrongful misappropriation by Global and its agents of the Bestel Opportunity, and the use of that asset, the GST is entitled to a full accounting and payment of all profits of the Counterclaim Defendants' businesses.

147.

Counterclaim Plaintiffs are further entitled to an accounting of all unlawful profits obtained by the Individual Counterclaim Defendants.

WHEREFORE, Counterclaim Plaintiffs seek judgment as follows:

a.   For an award of compensatory damages against Counterclaim Defendants in an amount to be proven at trial;

b.   For an accounting from Counterclaim Defendants of all profits they have made from wrongful exploitation of opportunities belonging to Counterclaim Plaintiffs;

c.   For rescission of any agreement or transaction whereby the Bestel Opportunity

Page 42 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400
Seattle, WA 98101-1618
Telephone (206) 292-8930

1  was transferred to Global, and restitution of all legal and equitable interests in the Bestel
2  Opportunity;
3      d    For imposition of a constructive trust on the corporate opportunities which are
4  the property of GST and of all profits unlawfully obtained by the Counterclaim Defendants;
5      e.   For special damages pursuant to RCW § 19.86.090.
6      f.   For Counterclaim Plaintiffs' costs of suit, including reasonable attorneys' fees;
7  and
8      g:   Granting Counterclaim Plaintiffs such other and further relief as the Court may
9  deem just and proper.

DATED this 23rd day of February, 1999.

BULLIVANT HOUSER BAILEY
A Professional Corporation

By _____
Thomas D. Adams
WSBA No. 18470
RICHARD G. MATSON
WSBA No. 19641

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
DAVID S. STEUER
JARED L. KOPEL
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendants and Counterclaim Plaintiffs,
GST USA, INC., GST TELECOM, INC., and GST
TELECOMMUNICATIONS, INC.

\\SEA1\VOL1\CLIENTS\98\8935\GST\PLDGS\ANSWER AND AFFIRMATIVE DEFENSES.DOC

Page 43 - DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

BULLIVANT HOUSER BAILEY
A Professional Corporation
1601 Fifth Avenue, Suite 2400
Seattle, WA 98101-1618
Telephone (206) 292-8930