# EXHIBIT 30

**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GST TELECOM INC., et al., | ) | Case No. 00-1982 (GMS) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## ORDER PURSUANT TO 28 U.S.C. § 1452 AND FED. R. BANKR. P. 9006 AND 9027 FURTHER EXTENDING THE TIME PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS

This matter coming on to be heard on the Debtors' Motion for an Order Pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9006 and 9027 Further Extending the Time Period Within Which the Debtors May Remove Actions (the "Motion"),[1] filed by the above-captioned debtors and debtors-in-possession (the "Debtors"); the Court having reviewed the Motion; it appearing to the Court that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court finding that notice of the Motion and the Hearing was sufficient under the circumstances; and the Court finding that due cause exists;

IT IS HEREBY ORDERED that:

1. The Motion is granted.

---

[1] Unless otherwise defined in this Order, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

1

827

2. Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the period within which the Debtors may seek to remove civil actions pending on the date of the commencement of their chapter 11 cases, as set forth in 28 U.S.C. § 1452 and Bankruptcy Rule 9027(a)(2), is enlarged and extended by an additional 90 days to and including the later to occur of (a) March 13, 2001, or (b) 30 days after entry of an order terminating the automatic stay with respect to the particular action sought to be removed.

3. Entry of this Order is without prejudice to the Debtors' right to seek from this Court further extensions of the time period within which the Debtors may remove pending proceedings.

4. This Court shall retain jurisdiction over all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
       December _6, 2000

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GST TELECOM INC., et al., | ) | Case No. 00-1982 (GMS) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER PURSUANT TO 28 U.S.C. § 1452 AND FED. R. BANKR.
P. 9006 AND 9027 FURTHER EXTENDING THE TIME PERIOD
<u>WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS</u>**

This matter coming on to be heard on the Debtors' Motion for an Order Pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9006 and 9027 Further Extending the Time Period Within Which the Debtors May Remove Actions (the "Motion"),[1] filed by the above-captioned debtors and debtors-in-possession (the "Debtors"); the Court having reviewed the Motion; it appearing to the Court that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court finding that notice of the Motion and the Hearing was sufficient under the circumstances; and the Court finding that due cause exists;

IT IS HEREBY ORDERED that:

1.  The Motion is granted.

---

[1] Unless otherwise defined in this Order, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

1



2.	Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the period within which the Debtors may seek to remove civil actions pending on the date of the commencement of their chapter 11 cases, as set forth in 28 U.S.C. § 1452 and Bankruptcy Rule 9027(a)(2), is enlarged and extended by 181 days to and including the later to occur of (a) September 10, 2001, or (b) 30 days after entry of an order terminating the automatic stay with respect to the particular action sought to be removed.

3.	Entry of this Order is without prejudice to the Debtors' right to seek from this Court further extensions of the time period within which the Debtors may remove pending proceedings.

4.	This Court shall retain jurisdiction over all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
       February 27, 2001

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GST TELECOM INC., et al., | ) | Case No. 00-1982 (GMS) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER PURSUANT TO 28 U.S.C. § 1452 AND FED. R. BANKR.
P. 9006 AND 9027 FURTHER EXTENDING THE TIME PERIOD
WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS**

This matter coming on to be heard on the Debtors' Motion for an Order Pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9006 and 9027 Further Extending the Time Period Within Which the Debtors May Remove Actions (the "Motion"),[1] filed by the above-captioned debtors and debtors-in-possession (the "Debtors"); the Court having reviewed the Motion; it appearing to the Court that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court finding that notice of the Motion and the Hearing was sufficient under the circumstances; and the Court finding that due cause exists;

IT IS HEREBY ORDERED that:

1. The Motion is granted.

---

[1] Unless otherwise defined in this Order, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

1

CH_DOCS\348152.2 [W97]

2. Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the period within which the Debtors may seek to remove civil actions pending on the date of the commencement of their chapter 11 cases, as set forth in 28 U.S.C. § 1452 and Bankruptcy Rule 9027(a)(2), is enlarged and extended by 182 days to and including the later to occur of (a) March 11, 2002, or (b) 30 days after entry of an order terminating the automatic stay with respect to the particular action sought to be removed.

3. Entry of this Order is without prejudice to the Debtors' right to seek from this Court further extensions of the time period within which the Debtors may remove pending proceedings.

4. This Court shall retain jurisdiction over all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
October 7, 2001

_____
UNITED STATES DISTRICT JUDGE

2

CH_DOCS\348152.2 [W97]

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GST TELECOM INC., et al., | ) | Case No. 00-1982 (GMS) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## ORDER PURSUANT TO 28 U.S.C. § 1452 AND FED. R. BANKR. P. 9006 AND 9027 FURTHER EXTENDING THE TIME PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS

This matter coming on to be heard on the Motion of Debtors for an Order Pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9006 and 9027 Further Extending the Time Period Within Which the Debtors May Remove Actions (the "Motion"),[1] filed by the above-captioned debtors and debtors-in-possession (the "Debtors"); the Court having reviewed the Motion; it appearing to the Court that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court finding that notice of the Motion and the Hearing was sufficient under the circumstances; and the Court finding that due cause exists;

IT IS HEREBY ORDERED that:

1. The Motion is granted.

2. Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the period within which the Debtors may seek to remove civil actions pending on the date of the commencement of their chapter 11 cases,

---

[1] Unless otherwise defined in this Order, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

as set forth in 28 U.S.C. § 1452 and Bankruptcy Rule 9027(a)(2), is enlarged and extended by 90 days to and including the later to occur of (a) June 11, 2002, or (b) 30 days after entry of an order terminating the automatic stay with respect to the particular action sought to be removed.

       3.      Entry of this Order is without prejudice to the Debtors' right to seek from this Court further extensions of the time period within which the Debtors may remove pending proceedings.

       4.      This Court shall retain jurisdiction over all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
_____, 2002

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GST TELECOM INC., et al.,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 00-1982 (GMS)<br>)<br>) Jointly Administered<br>)<br>) Hearing Date: April 16, 2002 at 2:00 p.m.<br>) Objection Deadline: March 27, 2002 at 4:00 p.m. |

**MOTION OF DEBTORS AND DEBTORS-IN-POSSESSION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1452 AND
FED. R. BANKR. P. 9006 AND 9027 FURTHER EXTENDING THE TIME
PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS**

GST Telecom Inc. ("GST") and the other debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") hereby move (the "Motion") the Court for the entry of an order pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9006 and 9027 further extending the time period within which the Debtors may remove pending proceedings. In support of this Motion, the Debtors respectfully represent as follows:

### Introduction

1. On May 17, 2000 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"). On May 25, 2000, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Creditors Committee") in these cases. The Debtors are continuing in possession of their respective properties and are operating their respective businesses, as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief sought herein are 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

4. Founded in 1994, GST was formed to develop, construct and operate telecommunications networks in the western United States. Prior to selling substantially all of their assets to Time Warner Telecom Inc. ("TWTC"), the Debtors' had more than 1,000 employees and approximately 38,000 customers in 49 cities and eight states.

5. The Debtors' revenues grew from $18,681,000 in fiscal 1995 to $321,922,000 in fiscal 1999. This rapid expansion, however, was funded primarily through the issuance of debt. Accordingly, as the Debtors' businesses grew, so did their debt service. Interest expense grew from $1,347,000 in fiscal 1995 to $115,481,000 in fiscal 1999, causing the Debtors' net loss to increase from $11,315,000 in fiscal 1995 to $182,569,000 in fiscal 1999.

6. The result of the Debtors' heavy debt service and continuing losses was a decrease in the Debtors' liquidity. Prior to filing these cases, the Debtors pursued a range of options to address their liquidity concerns, including new financing, refinancing and the sale of certain or all of the Debtors' assets or businesses. The above-captioned cases were instituted to enable the Debtors to maximize the value of their assets.

7. On September 21, 2000[1], the Court entered an order (the "Sale Order") approving the sale of substantially all o the Debtors' assets (the "Sale") to TWTC. The Sale closed on January 10, 2001 (the "Closing Date"). Since the Closing Date, the Debtors have been operating their remaining businesses and assets while marketing such businesses and assets for sale. Presently the Debtors are in the process of negotiating of with their major parties in interest as to the form and content of a consensual plan of liquidation in order to distribute the proceeds of such sales.

### Request for Extension of Time
### Within Which To Remove Actions

8. By an order dated August 25, 2000, the Court granted the Debtors an initial 120-day extension of the period during which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 until December 13, 2000.

9. On December 6, 2000, the Court further enlarged and extended the time by which they may file notices of removal with respect to any actions pending on the Petition Date.

10. By a further order dated February 22, 2001, the Court further enlarged and extended the time by which they may file notices of removal with respect to any actions pending on the Petition Date (the "Renewal Deadline").

---

[1] Order Under 11 U.S.C. §§ 105, 363, 365 and 1146(c) and Fed. R. Bankr. P. 6004 and 6006 (A) Approving Purchase Agreement with Time Warner Telecom, (B) Authorizing Sale of Assets and Assumption and Assignment of Assumed Contracts Free and Clear of Liens, Claims, Encumbrances and Interests and Exempt from Any Stamp, Transfer, Recording or Similar Tax, (C) Fixing Lease and Executory Contract Cure Amounts and (D) Granting Related Relief dated September 21, 2000.

11.     By a further order dated October 4, 2001, the Court again further enlarged and extended the time by which they may file notices of removal with respect to any actions pending on the Petition Date.

12.     By this Motion, the Debtors request the entry of an order pursuant to Bankruptcy Rule 9006(b) further extending by an additional 90 days the Removal Deadline. The Debtors propose that the Removal Deadline be extended to the later to occur of (a) June 11, 2002, or (b) 30 days after entry of an order terminating the automatic stay with respect to the particular action sought to be removed.

### Basis for Relief

13.     The Debtors are parties to numerous judicial and administrative proceedings currently pending in various courts or administrative agencies throughout the country (collectively, the "State Court Actions"). The actions involve a wide variety of claims.

14.     Because of the number of State Court Actions involved and the wide variety of claims, the Debtors require additional time to determine which, if any, of the State Court Actions should be removed and, if appropriate, transferred to this District.

15.     Moreover, the Debtors are currently in the process of analyzing, and in some instances already have commenced, objecting to claims and bringing preference actions and related causes of actions, each of which have a substantial effect on the Debtors ability to analyze and proceed with a determination of the State Court Actions. In addition and most importantly, the Debtors recently concluded the process of extensive negotiations with the Creditors' Committee and the unofficial committee of

secured bondholders as to confirmation of a plan of liquidation. These negotiations were complex and time consuming. For these reasons, the Debtors are unable to proceed with the State Court Actions within the timeframe presently provided.

16. The Debtors submit that the relief requested is in the best interests of their estates and creditors. The extension sought will afford the Debtors a sufficient opportunity to make fully informed decisions concerning the possible removal of the State Court Actions, protecting the Debtors' valuable right to economically adjudicate lawsuits pursuant to 28 U.S.C. § 1452 if the circumstances warrant removal. Moreover, the Debtors' adversaries will not be prejudiced by such an extension because such adversaries may not prosecute the State Court Actions absent relief from the automatic stay. Furthermore, nothing herein will prejudice any party to a proceeding the Debtors seek to remove from pursuing remand pursuant to 11 U.S.C. § 1452(b). Accordingly, the proposed extension requested herein will not prejudice the rights of other parties to any of the State Court Actions.

## Applicable Authority

17. 28 U.S.C. § 1452 and Bankruptcy Rule 9027 govern the removal of pending civil actions. Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

5

18. Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed [in the bankruptcy court] only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

19. Bankruptcy Rule 9006(b) provides that the Court can extend unexpired time periods:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1). It is well settled that this Court is authorized to expand the removal period as requested herein. See In re Pacor, Inc., 743 F.2d 984, 995 n.17 (3d Cir. 1984) (referring to whether the time limit for removal can be extended the court stated "[u]nder the new Rules of Bankruptcy Procedure, it is clear the court may grant such an extension"); Saint Joseph's Hosp. v. Dept. of Police Welfare & the Commonwealth of Pa. (In re Saint Joseph's Hosp.), 103 B.R. 643, 648 (Bankr. E.D. Pa. 1989) (court extended 90-day time period in which to seek removal of pending state court litigation).

20. Other than as set forth herein, no prior application for the relief requested herein has been made by the Debtors to this or any other Court.

## Notice

21.     No trustee or examiner has been appointed in the Debtors' Chapter 11 cases. Notice of this Motion has been provided to the United States Trustee, counsel to the Creditors' Committee and each of the other parties on the Limited Service List established by the Court. The Debtors submit that under the circumstances no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an Order substantially in the form of the proposed order accompanying this Motion (i) extending by an additional 90 days the period set forth in Bankruptcy Rule 9027(a)(2)(A) during which they may remove Actions and (ii) granting such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
       March 12, 2002

                                        THE BAYARD FIRM

                                        _____
                                        Neil B. Glassman (No. 2087)
                                        Steven M. Yoder (No. 3885)
                                        Christopher A. Ward (No. 3877)
                                        222 Delaware Avenue, Suite 900
                                        P.O. Box 25130
                                        Wilmington, Delaware 19899
                                        (302) 655-5000

                                        -and-

David S. Heller
Richard A. Levy
Josef S. Athanas
Timothy A. Barnes
LATHAM & WATKINS
Suite 5800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 876-7700

Attorneys for the Debtors and
Debtors-in-Possession

8