# EXHIBIT 35

```
                                                CAW/JL/LS
                                            RECEIVED      1.
                                            OCT 28 2004
                                         CHRISTOPHER A. WARD
 1            IN THE UNITED STATES BANKRUPTCY COURT

 2              IN AND FOR THE DISTRICT OF DELAWARE

 3                          - - -

 4   In re:                      :    Chapter 11
                                 :
 5   GST TELECOM INC., et al.,   :    Case No. 00-1982(GMS)
                                 :
 6              Debtors.         :    (Jointly Administered)

 7                          - - -

 8                     Wilmington, Delaware
                    Thursday, October 7, 2004
 9                        10:00 a.m.
                         In Chambers
10
                            - - -
11
     BEFORE:  HONORABLE GREGORY M. SLEET, U.S.D.C.J.
12
     APPEARANCES:
13
               RICARDO PALACIO, ESQ.
14             Ashby & Geddes, P.A.
                    -and-
15             CHRISTOPHER H. KENT, ESQ., and
               LESLIE S. JOHNSON, ESQ.
16             Kent Custis, LLP
               (Portland, Oregon)
17
                    Counsel for John Warta
18
               CHRISTOPHER WARD, ESQ.
19             The Bayard Firm
                    -and-
20             WILLIAM GIBBONS, ESQ., and
               DANIELLE KEMP, ESQ.
21             Latham & Watkins LLP
               (Chicago, Illinois)
22
                    Counsel for GST
23
                            - - -
24

25
```

1   with no notice to us. We thought our counterclaim against
2   Mr. Warta was still stayed until we got that request to
3   admit.
4           Our counsel in Washington filed the motion, I
5   believe, yesterday, to reinstate that. By the way, the
6   dismissal of that claim was without prejudice. And the
7   motion was filed yesterday to reinstate it. Mr. Kent also
8   talked about how, you know, we didn't pursue the claims.
9   They had been stayed. And I don't believe we are obligated
10  to pursue it when we are in bankruptcy.
11          We raised these claims vis-a-vis Mr. Warta as a
12  counterclaim here only after Mr. Warta filed his amended
13  claim in January of '04, ratcheting up his claim damages from
14  about 2.6 million to about 15 million. Prior to January of
15  '04 we thought, 2.6-million-dollar claim, it's a large
16  claim, but it's a claim we can deal with within this
17  bankruptcy. And in that regard, we went to mediation during
18  mid-'03 to try to resolve this issue.
19          When it gets ratcheted up to 15 million, and not
20  only gets ratcheted up to 15 million, Your Honor, but the
21  issues by which they inject into the litigation read in a
22  related way directly on what our counterclaim is, you know,
23  to somehow argue that we can't raise the counterclaim in
24  February of '04 after they essentially changed the playing
25  field that we were playing on one month earlier would be, I

1  believe, improper and inequitable. I know you are not going
2  to rule for me any more than you are going to rule for Mr.
3  Kent. But I am trying to identify for you that there are a
4  lot of factual issues with respect to that claim.
5              THE COURT: Well, you both have different
6  positions, obviously. Again, I just caution and urge counsel
7  to use the Court's time wisely.
8              The cutoff for filing motions of a dispositive
9  nature will be two weeks after the 28th day. Did I say that
10 already?
11             MS. JOHNSON: Yes.
12             THE COURT: You will brief under the Local Rule
13 here in Delaware, which your local counsel can assist you
14 with. It is essentially a ten-day response, five-day time
15 period to reply, and a 40-page limitation on your openings
16 and your answers.
17             I am going to leave you to work out with a small
18 piece of guidance I will give you the expert report
19 production issues and the cutoff for expert discovery. The
20 date you need to keep in mind is the date the pretrial order
21 is due, which is September 19th of '05. My form of order,
22 which will guide you in the preparation of your proposed
23 pretrial order, requires that all motions in limine, and it's
24 usually, I would expect it might be in a case like this,
25 where the expert witnesses are concerned, that these kinds of