IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>GST TELECOM INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 00-1982 (GMS)<br><br>Jointly Administered |
| GST TELECOM INC., et al.,<br><br>Counterplaintiffs,<br><br>v.<br><br>JOHN WARTA,<br><br>Counterdefendant. | Adv. Pro. No. 04-55890 (GMS)<br><br>Civil Action No.: 04-CV-1380 |

### CLAIMANT JOHN WARTA'S MOTIONS IN LIMINE

Claimant John Warta ("Warta") respectfully makes the following motions in limine:

MOTION 1:  EXCLUSION OF EVIDENCE REGARDING THE "BESTEL OPPORTUNITY," GLOBAL LIGHT, AND ALL OTHER ABANDONED CLAIMS OF GST.

Warta moves the Court for an order precluding any evidence or reference to any claims previously asserted but abandoned by debtor. Debtors (collectively "GST") previously had raised counterclaims relating to "the Bestel Opportunity" and "Global Light." At the parties' October 7, 2004 scheduling conference with the Court, GST agreed to withdraw all claims or defenses related to the Bestel Opportunity/Global Light transaction. Moreover, in its amended counterclaim, dated October 7, 2004, GST

dropped all references to the Bestel Opportunity or Global Light. GST's amended counterclaim is based entirely on what is known as the Magnacom transaction. For these reasons, Warta respectfully requests that all evidence and references to the Bestel Opportunity and Global Light be excluded from trial.

### MOTION 2: EXCLUDE EVIDENCE REGARDING WARTA'S FORMER COUNSEL IN THS ACTION.

Warta moves the Court for an order that no attorney, party, or witness should be allowed to mention, imply, or otherwise submit evidence regarding Warta's change of legal counsel in this action. In addition to being irrelevant, there is the danger of prejudice to Warta resulting from an adverse inference or implication regarding the merits of his claims. Thus, to avoid any prejudice or confusion, the Court should preclude any direct or indirect reference to Warta's change in legal counsel.

### MOTION 3: EXCLUSION OF IMPERMISSIBLE PAROL EVIDENCE REGARDING 1998 INDEMNITY AGREEMENT.

Warta moves the Court to exclude any evidence, which purports to vary or contradict the language of the 1998 Indemnity Agreement. To do so would violate Washington principles of contract interpretation, including the Washington parol evidence rule. Paragraph 10 requires the Indemnity Agreement to be construed in accordance with Washington law. The parol evidence rule is not a rule of evidence, but part of the substantive law of contract interpretation. *Cooley v. Hollister*, 38 Wash. App. 447, 452, 687 P.2d 230 (1984). It therefore must be applied by federal courts exercising jurisdiction over state law claims. *See State of New York v. Blank*, 27 F3d 783, 788 (2d

Cir. 1994); *Coplay Cement Co. v. Willis & Paul Group*, 983 F2d 1435, 1438 (7th Cir. 1993).

The Washington Supreme Court recently reaffirmed its adherence to the objective manifestation theory of contracts. *Hearst Communications, Inc. v. Seattle Times Co.*, 154 Wash.2d 493, 503, 115 P.3d 262 (2005). In *Hearst*, the court rejected the use of extrinsic evidence of subsequent events to vary or contradict the unambiguous terms of a written contract executed before those events. *Id.* at 510. The court explained its interpretive methodology:

> We attempt to determine the parties' intent by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties. * * * We impute an intention corresponding to the reasonable meaning of the words used. * * * Thus, when interpreting contracts, the subjective intent of the parties is generally irrelevant if the intent can be determined from the actual words used. We generally give words in a contract their ordinary, usual, and popular meaning unless the entirety of the agreement clearly demonstrates a contrary intent. **We do not interpret what was intended to be written but what was written**.

*Hearst Communications*, 145 Wash. 2d at 503-04 (emphasis added, citations omitted). Thus, Washington courts exclude evidence of the parties' intention that differs from what was clearly expressed in a written contract. *Id.*; *See also Go2Net, Inc. v. C I Host, Inc.*, 115 Wash. App. 73, 60 P.3d 1245 (2003) (extrinsic evidence admissible solely for aiding interpretation of the instrument, and not for showing intention independent of the instrument).

One of the bases for Warta's claims is GST's failure to honor this Indemnity Agreement with him. This Court should exclude any extrinsic or parol evidence offered by GST to vary or contradict the language of the Indemnity Agreement. Attached hereto as <u>Exhibit A</u> is a copy of the two and one-half page agreement. The language is clear and

3

unambiguous. Contrary to GST's current legal theory in this case, the Indemnity Agreement recites:

> "GST acknowledges and agrees that Warta, individually, PNI, and Warta in his capacity as a member of Magnacom Wireless LLC and shareholder, director, and officer of PNI (collectively, the "indemnities"), have acted for the benefit of GST since the organization or acquisition, as applicable, of the PCS Companies and that the indemnities have been acting for the benefit of GST with respect to all aspects of the PCS Companies, including, without limitation, the formation, operation and sale of the PCS Companies."

Similarly, the indemnifications are clear, unambiguous, and unconditional:

> "The parties agree as follows:
>
> * * * *
>
> 2. GST will indemnify and hold harmless the indemnities [Warta] for, and will pay to the indemnities [Warta] the amount of, any loss, obligation, liability, claim, damage (including, without limitation, incidental and consequential damages), expense (including, without limitation, costs of investigation and defense and reasonable attorneys' fees) (collectively, "damages") arising directly or indirectly from or in connection with:
>
>    a. the formation, acquisition, ownership, capital structure, management, control, operation, sale of the assets or stock, or other disposition or liquidation of the PCS companies [Magnacom];
>
>    b. the acts or omissions of the indemnities [Warta] as a member, shareholder, controlling party, director, officer, representative or agent, as applicable, of a PCS company [Magnacom];
>
>    c. the acquisition, maintenance or sale of the FCC licenses held by the PCS companies [Magnacom]; or
>
>    d. any other acts or omissions related to the PCS companies [Magnacom]."

In addition, Section 3 of the Indemnity Agreement provides Warta with a general release "from any and all claims * * * which GST ever had, now has, or will have, against [Warta]" arising out of transactions involving Magnacom.

4

Warta anticipates GST will attempt to elicit testimony seeking to vary or contradict the language of the Indemnity Agreement, including testimony suggesting that GST's indemnity obligation was somehow contingent upon an unstated condition. To permit such evidence would violate Washington contract principles and its parol evidence rule.

The Indemnity Agreement between GST and Warta is clear and unambiguous. Parol evidence is not admissible to the extent it is inconsistent with or contradicts the terms of the Indemnity Agreement. Therefore, in the event GST intends to offer testimony or other extrinsic evidence that is inconsistent with any terms of the Indemnity Agreement, that evidence must be excluded.

**[remainder of page intentionally left blank]**

DATED: August 29, 2005

        ASHBY & GEDDES, P.A.

        */s/ Philip Trainer, Jr.*
        Philip Trainer, Jr. (I.D. #2788)
        Ricardo Palacio (I.D. #3765)
        222 Delaware Avenue, 17th Floor
        PO Box 1150
        Wilmington, DE 19899-1150
        (302) 654-1888

        *-and-*

        KENNEDY, WATTS, ARELLANO & RICKS LLP
        Joseph C. Arellano (OSB #80151)
        Daniel L. Keppler (OSB #92353)
        1211 SW Fifth Avenue, Suite 2850
        Portland, OR 97204-3733
        503-228-6191

        *Counsel for John Warta*

160851.1

# EXHIBIT A

## INDEMNITY AGREEMENT

This Agreement is by and between GST Telecommunications, Inc. ("GST"), John Warta ("Warta"), and Pacwest Network, Inc. ("PNI") dated _____ August, 1998.

### Recitals:

A.   PNI and Warta are the owners, directly or indirectly, of Magnacom Wireless L.L.C., PCS Plus, Inc., PCS Plus Holdings Corporation, PCS Plus Pacific, Inc., PCS Plus Northwest, Inc., PCS Plus Southwest, Inc., PCS Plus Arkansas, Inc. and PCS Plus Hawaii, Inc. (collectively, the "PCS Companies").

B.   GST acknowledges and agrees that Warta, individually, PNI, and Warta in his capacity as member of Magnacom Wireless L.L.C. and shareholder, director and officer of PNI (collectively, the "Indemnitees"), have acted for the benefit of GST since the organization or acquisition, as applicable, of the PCS Companies and that the Indemnitees have been acting for the benefit of GST with respect to all aspects of the PCS Companies, including, without limitation, the formation, operation and sale of the PCS Companies.

C.   Warta, individually, PNI, and Warta in his capacity as member of Magnacom L.L.C., and shareholder, director and officer of PNI, represent and agree that (1) they have acted for the benefit of GST since the organization or acquisition, as applicable, of the PCS Companies; (2) all assets or funds of the PCS Companies have been used exclusively for the benefit of the PCS Companies; and (3) no such funds or assets were used for or applied to the personal benefit of Warta or for the benefit of PNI except for the indirect benefit to them from the use of such assets and funds for the benefit of the PCS Companies.

### Agreement:

The parties agree as follows:

1.   In consideration for GST's granting this Indemnity Agreement to Warta, Warta agrees to execute the Agreement for Purchase and Sale of Assets by and between Cricket Holdings, Inc. and the PCS Companies in his individual capacity with respect to Section 7.3, Non-Competition. He further agrees to cause the PCS Companies to execute the Agreement for Purchase and Sale of Assets and to cause the PCS Companies to take such other actions as are reasonably required to cause the FCC licenses owned by the PCS Companies to be transferred to Cricket Holdings, Inc. and to provide for the management by Cricket Holdings, Inc. of the assets to be acquired under the Agreement for Purchase and Sale of Assets.

2.   GST will indemnify and hold harmless the Indemnitees for, and will pay to the Indemnitees the amount of, any loss, obligation, liability, claim, damage (including, without limitation, incidental and consequential damages), expense (including, without limitation,

GST-WARTA0000867

costs of investigation and defense and reasonable attorneys' fees) (collectively, "Damages") arising, directly or indirectly, from or in connection with:

    (a)    the formation, acquisition, ownership, capital structure, management, control, operation, sale of the assets or stock or other disposition or liquidation of the PCS Companies;

    (b)    the acts or omissions of the Indemnitees as member, shareholder, controlling party, director, officer, representative or agent, as applicable, of a PCS Company;

    (c)    the acquisition, maintenance or sale of the FCC licenses held by the PCS Companies; or

    (d)    any other acts or omissions related to the PCS Companies;

provided, however, that the indemnification shall not apply to the repayment by Magnacom Wireless, L.L.C. of the loan from Pacwest Network, LLC ("PNLLC") in the principal amount of approximately $424,165.72 (the "Loan"), which Loan shall be repaid in accordance with Section 5.

    3.    GST releases, acquits and discharges each Indemnitee from any and all claims, obligations, liabilities, demands and causes of action whatsoever, upon any legal or equitable theory, whether state or federal, common law, statutory, contractual or otherwise, whether direct or indirect, and whether known, unknown, claimed or suspected, which GST ever had, now has, or will have against an Indemnitee, arising out of or based in whole or in part upon or related in any way to (i) the ownership, capital structure, management, control or operation of the PCS Companies, (ii) the sale of the assets or stock or other dissolution or liquidation of a PCS Company, (iii) any transaction between GST and a PCS Company; and (iv) any other transaction, act or omission involving, directly or indirectly, the PCS Companies; provided, however, the release shall not apply to Warta's obligations under Section 7.3 of the Agreement for Purchase and Sale of Assets.

    4.    This Agreement does not constitute and shall not be deemed as an admission of liability. This Agreement is not intended to and does not benefit any other individual or party other than the parties to this Agreement.

    5.    GST agrees that it will use its best efforts to cause the PCS Companies to treat PNLLC fairly (as compared to GST and other creditors of the PCS Companies) with respect to repayment of the Loan and shall use its best efforts to assure that PNLLC will receive as close to the full amount of the principal balance as possible. All parties agree to cooperate in good faith in pursuing an orderly liquidation of the PCS Companies in order to accomplish the objective of repaying as much of the outstanding principal balance of the Loan to PNLLC as possible.

Page 2 – INDEMNITY AGREEMENT

GST-WARTA0000868

6. This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, successors and assigns.

7. This Agreement may be executed in counterparts, each of which will be considered an original and all of which together will constitute one and the same agreement.

8. Facsimile transmission of any signed original document, and retransmission of any signed facsimile transmission, shall be the same as delivery of an original. At the request of either party, the parties shall confirm facsimile transmitted signatures by signing an original document.

9. If any arbitration, suit or action is instituted to interpret or enforce the provisions of this Agreement, to rescind this Agreement or otherwise with respect to the subject matter of this Agreement, the party prevailing on an issue shall be entitled to recover with respect to such issue, in addition to costs, reasonable attorneys' fees incurred in preparation or in prosecution or defense of such arbitration, suit or action as determined by the arbitrator or trial court, and if any appeal is taken from such decision, reasonable attorneys' fees as determined on appeal.

10. This Agreement shall be governed by and construed in accordance with the laws of the State of Washington, without regard to conflict of laws principles.

GST TELECOMMUNICATIONS, INC.

By: ____________________

Title: ____________________

PACWEST NETWORK, INC.

By: ____________________

Title: ____________________

____________________
JOHN WARTA

## CERTIFICATE OF SERVICE

I, Ricardo Palacio, hereby certify that on this 29th day of August, 2005, I caused a true and correct copy of the **Motions in Limine** to be served upon the parties listed below in the manner so indicated:

Ricardo Palacio (#3765)

**HAND DELIVERY**
Neil B. Glassman, Esq.
Steven M. Yoder, Esq.
Christopher A. Ward, Esq.
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
PO Box 25130
Wilmington, Delaware 19899

**UNITED STATES MAIL, E-MAIL NOTIFICATION & FACSIMILE**
David S. Heller, Esq.
William J. Gibbons, Esq.
Josef S. Athanas, Esq.
Michael J. Faris, Esq.
Danielle S. Kemp, Esq.
LATHAM & WATKINS LLP
Suite 5800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
Fax: (312) 993-9767
david.heller@lw.com
william.gibbons@lw.com
josef.athanas@lw.com

160851.1