IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GST TELECOM INC., et al.,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 00-1982 (GMS)<br>)<br>) Jointly Administered<br>)<br>)<br>)<br>) |
| GST TELECOM INC., et al.,<br><br>Counterplaintiffs,<br><br>v.<br><br>JOHN WARTA,<br><br>Counterdefendant. | )<br>)<br>) Civil Docket No. 04-CV-1380<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## GST'S MOTION IN LIMINE REGARDING WARTA'S PURPORTED DETRIMENTAL RELIANCE/BAD FAITH DAMAGES

GST Telecom Inc. and the other debtors and debtors-in-possession in the above-captioned cases (collectively, "GST"), by their attorneys, hereby submit this motion *in limine* for an order barring claimant John Warta from presenting any evidence or argument regarding alleged "Detrimental Reliance/Bad Faith" damages. As described in his Amended Proof of Claim, Warta's alleged damages for "Detrimental Reliance/Bad Faith" consist of damage allegedly done to Warta's "business reputation." Warta claims that his loss of business reputation damages has "two components." *See* Warta's Resp. to GST's Second Set of Interrogs. (Ex. 1 hereto) at 6-7 (response to interrogatory no. 5). First, Warta seeks damages in the amount of $4 million as a result of the bankruptcy of PF.Net. *Id.* Second, Warta seeks additional

599514v1
CH\784619.3

damages in the amount of $7.6 million for the "loss of value of his [Warta's] GST stock." *Id.* Warta is not entitled to either measure of damages.

### A. Warta Is Not Entitled to Tort Damages

Warta purports to base his new claims on Washington and Delaware authority that supposedly "recognize bad faith breaches of contract as giving rise to special damages when the contracting parties had a special relationship, such as in the employment context." Warta's Motion for Leave to File Amended Proofs of Claim ¶ 20. Nothing in that law, however, entitles Warta to the damages he now seeks. Warta cites two cases in which courts have held that a plaintiff may obtain **punitive** damages for a "bad faith" breach of contract in the very specific context of the relationship between an insured and its insurer, and the closely related relationship between the issuer of a surety bond and the obligee party protected by the bond. *See International Fidelity Ins. Co. v. Delmarva Sys. Corp.*, 2001 WL 541469 (Del. Super. Ct. 2001); *Anderson v. State Farm Ins. Co.*, 2 P.3d 1029 (Wash. Ct. App. 2000). Cases involving such special relationships affected by public policy implications represent narrowly-drawn exceptions to the general rule that only contract damages are available for breaches of contract. *See, e.g., Tackett v. State Farm Fire and Cas. Ins. Co.*, 653 A.2d 254, 264-65 (Del. 1995) *citing Hadley v. Baxendale*, 156 Eng. Rep. 145 (1854). GST contends that no such special relationship exists here, and Warta is not entitled to bring an action for "bad faith" breach of contract.

Even if Warta were allowed to assert his so-called "Detrimental Reliance/Bad Faith" claim, however, nothing in any of the cases on which Warta relied in his motion for leave to file his amended proofs of claim suggest that Warta is entitled to the type of damages that he here seeks. To the contrary, those cases expand the available damages only to allow **punitive damages** in addition to contract damages. Warta, however, has not sought punitive damages.

Nor could he.[1] Even in the context of insurance actions – the only context in which the "bad faith" breach claim has been allowed – the Delaware Supreme Court has specifically adopted a "contract basis" for determining permissible damages in such cases. *Tackett, supra.*, 653 A.2d at 265. Damages that are not "reasonably foreseeable at the time the contract is made" may not be obtained. *Id.* For that reason, the *Tackett* Court expressly held that damages for "emotional distress" are not available. For the same reasons, Mr. Warta's allegation of damage for loss of "business reputation" are equally unavailable.[2]

### B. Warta's Alleged PF.Net Damages Are Unrelated to His Claim

Even if Warta had a cognizable claim against GST for "Detrimental Reliance/Bad Faith," he could not assert damages for the loss in value of his PF.Net stock, for at least three reasons.

First, any claim for damages for the diminution in value of stock as a result of alleged injury to the corporation – here Warta's allegation that GST's conduct made PF.Net unable to survive – is a derivative claim shared by all stockholders of the corporation that belongs to the corporation, not to any one stockholder. "In order to bring a *direct* claim, a plaintiff must have experienced some 'special injury.' A special injury is a wrong that 'is separate and distinct from

---

[1] Warta cannot bring a claim for punitive damages. Had claims seeking punitive damages been filed on a timely basis, other creditors would have had the right to object on the ground that they should be subordinated under Bankruptcy Code §§ 726(a)(4) and 1129(a)(7)(ii). Warta has not sought punitive damages and cannot do so now..

[2] Moreover, when Warta sought leave to file his amended proofs of claim, he pointedly failed to cite a single case for the proposition that his relationship with GST was "special" in a way that could allow him to seek any type of tort damages, let alone his current "business reputation damages." To the contrary, the only case he cited for the proposition that a claim for bad faith can exist outside of the insurance contract stood for precisely the opposite proposition. *See, e.g., Ariba, Inc. v. Electronic Data Sys. Corp.*, 2003 WL 943249 (Del. Super. Ct. 2003) (court acknowledged that a tort of bad faith generally did not exist in Delaware, but declined to dismiss the claim because it was not clear from the face of the complaint whether the plaintiff sought anything other than contract damages). *See also E.I. du Pont de Nemours and Co. v. Pressman*, 679 A.2d 436, 447 (Del. 1996) (no "special" relationship or bad faith damages from employment contract).

that suffered by other shareholders,... or a wrong involving a contractual right of a shareholder, such as the right to vote, or to assert majority control, which exists independently of any right of the corporation." *In re Berkshire Realty Co. Inc.*, 2002 WL 31888345, at *3 (Del. Ch. Dec. 18, 2002). Warta has no standing to assert claims on behalf of PF.Net for any alleged injury done to PF.Net stockholders. *See id.* Nor can he bring an individual claim whose sole damage is one shared with all other stockholders. *See Infinity Investors, Ltd. v. Takefman*, 2000 WL 130622, at *6 (Del. Ch. 2000).

Second, as discussed in greater detail in GST's Motion In Limine Regarding Newspaper or Other Reporting of Litigation Between GST and Warta, in order to establish Warta's claim for damages resulting from alleged false statements in the press, Warta would have to plead and prove the elements of a defamation case. This he has not even attempted to do. He cannot make an end-run around the strictures of defamation law and seek defamation damages without proving the elements of that claim.

Finally, there is no link between the alleged conduct by GST and the destruction of PF.Net. Warta contends that GST's "bad faith" damaged Warta's effectiveness as a fundraiser for PF.Net, thereby destroying PF.Net. But on that very point, Warta himself admitted that PF.Net raised all the funding it ever sought – $1.2 to $1.4 billion – and that there were no "significant dislocations in the timing of the raising of that capital." *See* Warta Dep. at 50:18-51:6 (Ex. 2 hereto). There is simply no legal or factual basis on which GST would ever be responsible to Warta for the loss of his PF.Net investments.

C. **Warta Cannot Seek GST Stock-Related Losses**

Nor can Warta ask GST to reimburse him for reductions in the value of his GST stock. As stated previously, any claim for the value of his stock belongs to the company, not to him

directly. Thus any such claim can be brought only by the estate or derivatively on behalf of the estate. Under no circumstances can Warta bring such a claim *against* the estate. Any loss of Warta's GST stock value is precisely the same injury suffered by all shareholders when GST filed for bankruptcy. Neither he nor any other shareholder has a right to reimbursement of those losses.

Moreover, if Warta were allowed to seek reimbursement of the loss in value of his stock individually, his claims as a stockholder would inherently be treated differently from all other stockholders. This is impermissible under the bankruptcy code, which requires all holders of like claims to be treated in like manner. Indeed, what Warta seeks is to be placed ahead of all other stockholders and to receive payment alongside holders of legitimate unsecured claims because, as Warta has stated, GST's litigation strategy "had the affect [sic] of driving GST's stock down to the point that it became essentially valueless." Ex. 1 at 7 (response to interrogatory no. 5).

Finally, as if to punctuate just how outrageous Warta's claim of alleged "Detrimental Reliance/Bad Faith" damages is, Warta's calculation of GST stock-related damages includes over 200,000 shares of GST stock that Warta purchased *after GST filed for bankruptcy*. Nonetheless, although Warta paid only pennies for this stock, he asks this Court to require the estate to pay him $17-19 for every such share, regardless of when he purchased them.

CONCLUSION

Warta is not entitled to any of the alleged damages he seeks by virtue of this "Detrimental Reliance/Bad Faith" claim. Neither his loss of PF.Net stock nor the value of his GST stock is an appropriate measure of his damages. Because these are the only two measures of damages disclosed by Warta throughout discovery, he should be barred from presenting them or any other damage theory related to his "Detrimental Reliance/Bad Faith" claim.

Date: August 29, 2005

                                     /s/ Steven M. Yoder
Steven M. Yoder (No. 3885)
Christopher A. Ward (No. 3877)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000

-and-

David S. Heller
William J. Gibbons
Josef S. Athanas
Michael J. Faris
Danielle S. Kemp
LATHAM & WATKINS LLP
Suite 5800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 876-7700

Attorneys for the Debtors