## Exhibit 1

RECEIVED

FEB 09 2004

STEVEN M. YODER

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) ) ) ) ) | Chapter 11 |
| | | Case No. 00-1982 9GMS) |
| GST TELECOM INC., et al., | | Jointly Administered |
| Debtors. | | |

## CLAIMANT JOHN WARTA'S RESPONSE TO
## DEBTORS' SECOND SET OF INTERROGATORIES

Claimant John Warta hereby responds to Debtors' Second Set of Interrogatories as follows:

### GENERAL OBJECTIONS AND CONDITIONS

1.      Warta generally objects to the Definitions and Instructions contained in Debtors' Interrogatories and incorporated in Debtors' Second Interrogatories in so far as they seek to impose upon Warta duties and obligations that go beyond those imposed by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

2.      Warta objects to service of a number of interrogatories, with subparts, far in excess of the number allowed by Fed.R.Civ.P. 33.

Subject to and without waiving these general objections, Warta responds as follows, reserving the right to update or supplement these Responses as anticipated by applicable Federal Rules.

### SPECIFIC RESPONSES

**INTERROGATORY NO. 1:** Identify each and every person who has any knowledge relating to Claimant's claims for "Detrimental Reliance/Bad Faith" as set forth in the Attachment to Amended Proofs of Claim of John Warta.

**RESPONSE:** In addition to his general Objections, Warta objects to this interrogatory as duplicative of prior interrogatories and the parties' Rule 26 disclosures. Subject to and

without waiving his objections, Warta incorporates his prior responses to Interrogatories 4, 5, 6, 7 and 9 of Debtors' First Set of Interrogatories, and supplements those responses as follows:

(1)  Peter Glade, attorney to John Warta during the events referred to in the Amended Claims, Markowitz, Herbold, Glade & Mehlhaf, P.C., 3000 Pacwest Center, 1201 SW Sixth Avenue, Portland, OR 97204.

(2)  Clint Warta, c/o Christopher Kent, Kent Custis LLP, 1500 SW Taylor, Portland, OR 97205, (503) 220-0717.

(3)  Greg Warta, c/o Christopher Kent, Kent Custis LLP, 1500 SW Taylor, Portland, OR 97205, (503) 220-0717.

**INTERROGATORY NO. 2:** With regard to Claimant's alleged claim for "emotional distress" as claimed in the Attachment to Amended Proofs of Claim of John Warta, identify: (a) the manner in which the claimed "emotional distress" has manifested itself, (b) each and every person who has any knowledge relating to Claimant's alleged "emotional distress," (c) each and every document that refers or relates to, or tends to support or refute Claimant's claim for "emotional distress," and (d) each and every person who Claimant intends to call as a witness at trial to testify regarding his claim for "emotional distress."

**RESPONSE:**

(a)  Weight gain, hypertension, nervous appetite, poor sleep, poor concentration, general funk, and reduced productivity at work.

(b)  John Warta, Georgiana Warta, Clint Warta, Greg Warta, Steve Irwin. Also Gary Pape, MD, 5050 NE Hoyt St., Suite 213, Portland, OR 97213, (503) 230-9224.

(c) None, except to the extent that reference will be made to the negative press previously produced in this action.

(d) In addition to his general objections, Warta specifically objects to each request purporting to call for designation of Warta's trial witnesses as premature. Subject to and without waiving his objections, Warta responds that at the present time he anticipates calling at trial one or more of the following witnesses, reserving the right to supplement at the time pre-trial disclosures are due: John Warta will describe his distress and the resulting symptoms. In addition, Warta anticipates calling Clint Warta, Greg Warta, Steve Irwin and Gary Pape, MD.

**INTERROGATORY NO. 3:** With regard to Claimant's alleged damages for "emotional distress" as claimed in the Attachment to Amended Proofs of Claim of John Warta, state with particularity Claimant's contentions concerning the theories, amounts and methods of calculating Claimant's alleged damages for emotional distress, including without limitation by identifying: (a) all facts and circumstances that support Claimant's calculation thereof, (b) each and every person who has any knowledge relating to the calculation thereof, (c) each and every document that refers or relates to, or tends to support or refute Claimant's calculation thereof, and (d) each and every person who Claimant intends to call as a witness at trial to testify regarding this claim for damages.

**RESPONSE:** See Response to Interrogatory No. 2. In addition:

(a) The emotional distress caused by GST's treatment of Warta, as it was manifested in the ways described in the preceding Response, negatively impacted Warta's productivity at work, his ability to participate in fund-raising activities for his company, and his home life.

(b)    John Warta

(c)    None.

(d)    In addition to his general objections, Warta specifically objects to each request purporting to call for designation of Warta's trial witnesses as premature. Subject to and without waiving his objections, Warta responds that at the present time he anticipates calling at trial one or more of the following witnesses, reserving the right to supplement at the time pre-trial disclosures are due: John Warta.

<u>INTERROGATORY NO. 4:</u> With regard to Claimant's alleged claim for "loss of business reputation" as claimed in the Attachment to Amended Proofs of Claim of John Warta, identify: (a) the manner in which the claimed "loss of business reputation" has manifested itself, (b) each and every person who has any knowledge relating to Claimant's alleged "loss of business reputation," (c) each and every document that refers or relates to, or tends to support or refute Claimant's claim for "loss of business reputation," and (d) each and every person who Claimant intends to call as a witness at trial to testify regarding his claim for "loss of business reputation."

<u>RESPONSE:</u>

(a)    In his earlier employment and during his tenure at GST, Warta had been highly successful at fundraising in the stock and equity markets for ventures in the telecommunications industry. After GST, in light of the false and negative information GST put out to the telecommunications/financing market about Warta, his ability to pursue financing for his subsequent ventures, including but not limited fund-raising for PF.Net, substantially deteriorated. At least two financing prospects for PF.Net that had indicated strong interest prior to GST's negative press campaign against Warta ultimately withdrew from bidding,

specifically citing Warta's involvement. Warta was forced to resign as president of PF.Net in order to protect its fundraising prospects, and to otherwise lower his profile in this venture. Road shows were specifically arranged without him because of prospective bankers' awareness of the GST misinformation. The success of PF.Net fundraising suffered as a result. To this day, Warta has faced and had to refute lingering information – particularly in light of the longevity of web-based material – placed there by GST or reflecting quotes or allegations from GST maligning Warta's business reputation.

(b)   See Response to Interrogatory No. 1. In addition: Tom McCaleb, KHSW (an affiliate of Koch), 9900 FM 1942, Mont Bellview, TX 77580, (281) 385-3535, who served as an officer of PF.Net and participated in road shows and other fund-raising activities; Tony Martin, former president of PF.Net, 2113 Polo Pointe Dr., Vienna, VA 22181, (703) 927-1557, also participated in road shows and served as officer of PF.Net.

(c)   Subject to and without waiving his objections to this and other documents requests, Warta has already or will produce responsive, non-privileged documents.

(d)   In addition to his general objections, Warta specifically objects to each request purporting to call for designation of Warta's trial witnesses as premature. Subject to and without waiving his objections, Warta responds that at the present time he anticipates calling at trial one or more of the following witnesses, reserving the right to supplement at the time pre-trial disclosures are due: John Warta, Steve Irwin.

**INTERROGATORY NO. 5:** With regard to Claimant's alleged damages for "loss of business reputation" as claimed in the Attachment to Amended Proofs of Claim of John Warta, state with particularity Claimant's contentions concerning the theories, amounts and methods of calculating Claimant's alleged damages for loss of business reputation, including without limitation by identifying: (a) all facts and circumstances that support Claimant's calculation thereof, (b) each and every person who has any knowledge relating to the calculation thereof, (c) each and every document that refers or relates to, or tends to support or refute Claimant's calculation thereof, and (d) each and every person who Claimant intends to call as a witness at trial to testify regarding this claim for damages.

**RESPONSE:**

(a)    Warta's loss of business reputation damages has two components. Because of the false and negative information in the marketplace, Warta's ability to fundraise and conduct business generally and, consequently, his usefulness to PF.Net and his other business ventures, was negatively impacted. Warta lost his entire investment of $4 million in cash and debt in PF.Net, in addition to the time and energy invested, when it could not survive without his active, visible leadership. Warta is also seeking damages for the loss of value of his GST stock in the amount of $7.6 million. Warta believes that the timing of GST's litigation against Warta and its negative press against him was designed to impair his ability to exercise options or to cash out his GST stock at a time when the stock value was still going up as a result of his successes at GST. The litigation strategy then had

the affect of driving GST's stock down to the point that it became essentially valueless.

(b)   See Responses to Interrogatory Nos. 1 and 4 above.

(c)   Subject to and without waiving his objections to this and other documents requests, Warta has already or will produce responsive, non-privileged documents.

(d)   In addition to his general objections, Warta specifically objects to each request purporting to call for designation of Warta's trial witnesses as premature. Subject to and without waiving his objections, Warta responds that at the present time he anticipates calling at trial one or more of the following witnesses, reserving the right to supplement at the time pre-trial disclosures are due: John Warta.

**INTERROGATORY NO. 6:** With regard to the statement "Plaintiff acted in reliance on GST's representations of an intention to honor the Agreement by resigning from the Board to his detriment," which appears in the Attachment to Amended Proofs of Claim of John Warta at page 3, identify: (a) each and every person who has any knowledge relating to this contention, (b) each and every person who Claimant intends to call as a witness at trial to testify regarding this contention, and (c) each and every document that refers or relates to, or tends to support or refute this contention.

**RESPONSE:** In addition to his general objections, Warta objects to Interrogatory No. 6 as duplicative of Interrogatory No. 9 of Debtors' First Set of Interrogatories. Subject to and without waiving his objections, Warta responds:

(a)   John Warta and all members of the GST Board of Directors (see Response to Interrogatory No. 9, First Set).

(b)    In addition to his general objections, Warta specifically objects to each request purporting to call for designation of Warta's trial witnesses as premature. Subject to and without waiving his objections, Warta responds that at the present time he anticipates calling at trial one or more of the following witnesses, reserving the right to supplement at the time pre-trial disclosures are due:  John Warta, Steve Irwin.

(c)    Warta has produced all responsive, non-privileged documents within his possession or control of which he is presently aware.

**INTERROGATORY NO. 7:**  With regard to the claim that "GST's intention [to "honor" the Employment Agreement] was recently confirmed by the deposition testimony of Warta's successor as chairman of the Board of GST, Robert Ferchat," which appears in the Attachment to Amended Proofs of Claim of John Warta at pages 3-4, identify the specific page and line numbers in Mr. Ferchat's deposition at which Claimant believes this intention was confirmed.

**RESPONSE:**  Pages 213, line 3, to page 215, line 9, of the deposition testimony of Robert Ferchat taken down May 13, 2003.

**INTERROGATORY NO. 8:**  With regard to the claim that "GST willfully and intentionally initiated litigation against Warta without an objectively reasonable basis for its claims," which appears in the Attachment to Amended Proofs of Claim of John Warta at page 4, identify: (a) all facts and/or circumstances that support this contention, (b) each and every person who has any knowledge relating to this contention, (c) each and every person who Claimant intends to call as a witness at trial to testify regarding this

contention, and (d) each and every document that refers or relates to, or tends to support or refute this contention.

**RESPONSE:**

(a)    GST's Board of Directors had been evaluating possible claims relating to Global Telecommunications in the spring of 1998. The Board organized a Litigation Committee in March, 1998, made up of Warta, Steve Irwin, Joseph Fogg and Roy Megarry; that committee retained Canadian lawyer Winton Derby. Derby plainly communicated to the Litigation Committee his opinion that he could not identify actionable representations regarding Global in light of the volume and scope of the disclosures made by the parties involved. Warta and Irwin were off the Litigation Committee by summer, 1998. After Warta's separation from GST, the Litigation Committee retained different counsel and proceeded with the California action despite Derby's opinion.

(b)    John Warta, Winton Derby, Steve Irwin, Joseph Fogg, Roy Megarry, the remainder of the GST Board of Directors, Peter Glade, and John Goodrich and David Steuer, GST's counsel at Wilson Sonsini.

(c)    In addition to his general objections, Warta specifically objects to each request purporting to call for designation of Warta's trial witnesses as premature. Subject to and without waiving his objections, Warta responds that at the present time he anticipates calling at trial one or more of the following witnesses, reserving the right to supplement at the time pre-trial disclosures are due: John Warta, Steve Irwin.

(d)   See the pleadings in each of the cases listed in Warta's Amended Claims, along with the dismissals and settlement documents reflecting resolution of those actions. As far as Warta is aware, all such non-privileged responsive documents have been previously produced in this action.

**INTERROGATORY NO. 9:** With regard to the claim that "GST ... used litigation as a strategy to deflect its own legal responsibility for GST's declining performance following Warta's departure as well as to avoid its contractual and legal duties to Warta as imposed by the Employment Agreement and Indemnity Agreement," which appears in the Attachment to Amended Proofs of Claim of John Warta at page 4, identify: (a) all facts and/or circumstances that support this contention, (b) each and every person who has any knowledge relating to this contention, (c) each and every document that refers or relates to, or tends to support or refute this contention, and (d) each and every person who Claimant intends to call as a witness at trial to testify regarding this contention.

**RESPONSE:**

Warta incorporates his Responses to Interrogatory No. 8.

**INTERROGATORY NO. 10:** State whether Claimant contends that the termination of Claimant's employment occurred in connection with a change in control as defined in Section 18(ii) of the Employment Agreement and , if so, identify: (a) all facts and circumstances that support this contention, (b) each and every person who has any knowledge relating to his contention, (c) each and every person who Claimant intends to call as a witness at trial to testify regarding this contention, and (d) each and every document that refers or relates to, or tends to support or refute this contention.

**RESPONSE:** Yes, claimant contends that his employment occurred in connection with a "change in control."

    (a)    A "change in control" occurred in the spring of 1998 with changes in the membership of the Nominating Committee and the Litigation Committee; with the Board's early June withdrawal of approval of GST's long-time business strategy as implemented by Warta that led the Board to request his resignation; all as furthered by the Litigation Committee's usurpation of power from the full Board, hiring new litigation counsel and developing a litigation strategy during the time between Warta's termination from office and his later resignation from the Board of Directors.

    (b)    See Response to Interrogatory No. 4 of Debtors' First Set of Interrogatories.

    (c)    In addition to his general objections, Warta specifically objects to each request purporting to call for designation of Warta's trial witnesses as premature. Subject to and without waiving his objections, Warta responds that at the present time he anticipates calling at trial one or more of the following witnesses, reserving the right to supplement at the time pre-trial disclosures are due: John Warta, Steve Irwin.

    (d)    All of the GST Board records for 1997-98, which have been previously produced in this action.

**INTERROGATORY NO. 11:** With respect to the statement "In carrying out this scheme, GST breached its duty of good faith and fair dealing in that, acting through its remaining directors and officers, it intentionally and wrongfully sought to subvert the express purpose of Section 18 of the Agreement," identify: (a) all facts and circumstances

that support this contention, (b) each and every person who has any knowledge relating to this contention, (c) each and every person who Claimant intends to call as a witness at trial to testify regarding this contention, and (d) each and every document that refers or relates to, or tends to support or refuse this contention.

**RESPONSE:**

(a)     See Response to Interrogatory No. 10. In addition, the changes on GST's Board and committees were timed in order to circumvent the definition of "change in control" in Warta's Agreement.

(b)     Warta, GST's 1998 Board of Directors.

(c)     In addition to his general objections, Warta specifically objects to each request purporting to call for designation of Warta's trial witnesses as premature. Subject to and without waiving his objections, Warta responds that at the present time he anticipates calling at trial one or more of the following witnesses, reserving the right to supplement at the time pre-trial disclosures are due: John Warta, Steve Irwin.

(d)     The Amended and Restated Employment Agreement, the records of GST's Board and committees for 1998, e-mail exchanges among Warta and the other Board members in the weeks immediately before and after the cessation of his employment. As far as Warta is aware, all such responsive non-privileged documents have previously been produced in this litigation.

**INTERROGATORY NO. 12:** With regard to the statement that GST breached a "subsequent consulting agreement" which appears in the Attachment to Amended Proofs of Claim of John Warta at page 4 (6th full paragraph), identify: (a) the date on which the

alleged consulting agreement was made and the parties to the alleged consulting

agreement, (b) all persons involved in negotiating or entering into the alleged consulting

agreement, (c) all terms of the consulting agreement, (d) each and every person who has

any knowledge relating to the alleged consulting agreement, (e) each and every person

who Claimant intends to call as a witness at trial to testify regarding the alleged

consulting agreement, and (f) all documents that memorialize or refer or relate to the

alleged consulting agreement.

**RESPONSE:**

(a)     July, 1998. The consulting arrangement was discussed among Warta, Ferchat and

        Armstrong at their meeting at the Chicago airport in mid-July, with further details

        covered in correspondence among attorneys Rhonda Kennedy, Peter Glade and

        Daniel Skerritt.

(b)     See Response to Interrogatory No. 6 of Debtors' First Set of Interrogatories.

(c)     Warta agreed to respond to reasonable requests from Ferchat to assist with

        particular outstanding matters, including the investigation of the Global

        transactions, pending litigation in Hawaii, and Magnacom/Qualcomm. In return,

        Warta was to be paid the base compensation called for in his Amended and

        Restated Employment Agreement past its expiration in February, 1999, until

        December, 1999, a bonus for January 1 to June 30, 1998, medical benefits carried

        forward until December, 1999. Warta performed his part of this agreement.

(d)     Same as part (b) above.

(e)     In addition to his general objections, Warta specifically objects to each request

        purporting to call for designation of Warta's trial witnesses as premature. Subject

to and without waiving his objections, Warta responds that at the present time he anticipates calling at trial one or more of the following witnesses, reserving the right to supplement at the time pre-trial disclosures are due:  John Warta, Rhonda Kennedy, Peter Glade.

(f)    E-mail exchanges among Warta, Ferchat and Armstrong, and correspondence among the attorneys.  As far as Warta is aware, all responsive non-privileged documents have previously produced in this litigation.

**INTERROGATORY NO. 13:**  State whether Claimant intends to seek satisfaction of any of Claimant's Amended Claims as an administrative expense and, if so, with respect to each claim that Claimant intends to classify as an administrative expense, identify: (a) all facts and circumstances that support the contention that such claim is an administrative claim, (b) each and every person who has any knowledge relating to this contention, (c) each and every person who Claimant intends to call as a witness at trial to testify regarding this contention, and (d) all documents that refer or relate to this contention.

**RESPONSE:**  Claimant is not seeking satisfaction of any portion of the Amended Claims as an administrative expense.

**INTERROGATORY NO. 14:**  With respect to Claimant's "Claims Against GST Estate For Employment Agreement" as set forth in the Attachment to Amended Proofs of Claim for John Warta, separately state which of the following Debtors to these jointly administered bankruptcy proceedings this claim is asserted against: (i) GST Telecom, Inc., (ii) GST Telecommunications, Inc., and (iii) GST USA, Inc.  For each Debtor entity that this claim is asserted against, separately identify: (a) the amount of damages that

Claimant seeks from each such Debtor entity in connection with this claim under the employment agreement, (b) each and every person who has any knowledge relating to such damages, (c) each and every person who Claimant intends to call as a witness at trial to testify regarding such damages, and (d) all documents that refer or relate to such damages.

RESPONSE:

(a)    As reflected in the Restated and Amended Employment Agreement, GST USA, Inc., and GST Telecom, Inc., contracted to be jointly and severally obligated for the compensation and other duties to Warta set forth therein. The parent corporation, GST Telecommunications, Inc., obtained joint and several liability given that all terms and conditions of Warta's employment, and all decisions of the GST entities to perform their contractual obligations under the Agreement – or not - rested with the Board of Directors of GST Telecommunications, Inc.

(b)    Warta and the GST Board.

(c)    In addition to his general objections, Warta specifically objects to each request purporting to call for designation of Warta's trial witnesses as premature. Subject to and without waiving his objections, Warta responds that at the present time he anticipates calling at trial one or more of the following witnesses, reserving the right to supplement at the time pre-trial disclosure become due: John Warta, Steve Irwin.

(d)    In addition to the Restated and Amended Employment Agreement, and the 1997 Amendment thereto, the GST Board records and Compensation Committee

records. As far as Warta is aware, these and any related non-privileged responsive documents have been previously produced in this action.

INTERROGATORY NO. 15: With respect to Claimant's "Claims Against GST For Indemnity" as set forth in the Attachment to Amended Proofs of Claim of John Warta," separately state which of the following Debtors to these jointly administered bankruptcy proceedings this claim is asserted against: (i) GST Telecom, Inc., (ii) GST Telecommunications, Inc., and (iii) GST USA, Inc. For each Debtor entity that this claim is asserted against, separately identify: (a) the amount of damages that Claimant seeks from each such Debtor entity in connection with this claim under the employment agreement, (b) each and every person who has any knowledge relating to such damages, (c) each and every person who Claimant intends to call as a witness at trial to testify regarding such damages, and (d) all documents that refer or relate to such damages.

RESPONSE:

(a)    The three entities have overlapping liability for these debts. The parent company GST Telecommunications, Inc., was the primary contracting party on the 1996 and 1998 Indemnity Agreements, but all three entities have statutory duties to indemnify Warta in litigation referring to his conduct as an officer or director of the various entities.

(b)    John Warta, the GST Board of Directors, Peter Glade.

(c)    In addition to his general objections, Warta specifically objects to each request purporting to call for designation of Warta's trial witnesses as premature. Subject to and without waiving his objections, Warta responds that at the present time he anticipates calling at trial one or more of the following witnesses, reserving the

right to supplement at the time pre-trial disclosure become due: John Warta,

Peter Glade.

(d)    The 1996 and 1998 Indemnity Agreements, the pleadings in the various actions,

and Warta's attorney fee bills -- all of which have been previously produced.

<u>INTERROGATORY NO. 16:</u> With respect to Claimant's "Claims Against GST For

Detrimental Reliance/Bad Faith" as set forth in the Attachment to Amended Proofs of

Claim of John Warta," separately state which of the following Debtors to these jointly

administered bankruptcy proceedings this claim is asserted against: (i) GST Telecom,

Inc., (ii) GST Telecommunications, Inc., and (iii) GST USA, Inc.  For each Debtor entity

that this claim is asserted against, separately identify: (a) the amount of damages that

Claimant seeks from each such Debtor entity in connection with this claim under the

employment agreement, (b) each and every person who has any knowledge relating to

such damages, (c) each and every person who Claimant intends to call as a witness at trial

to testify regarding such damages, and (d) all documents that refer or relate to such

damages.

<u>RESPONSE:</u>

(a)    With respect to Warta's claims for damages for detrimental reliance/bad faith,

GST Telecommunications, GST Telecom and GST USA are jointly and severally

liable.

(b)    See Responses to Interrogatories 1, 2, 3, 4, 5, and 6.

(c)    See Responses to Interrogatories 1, 2, 3, 4, 5, and 6.

(d)    See Responses to Interrogatories 1, 2, 3, 4, 5, and 6.

**INTERROGATORY NO. 17:** With regard to the statement that "Warta was made a party to improper litigation in California and British Columbia in which GST and GST Telecom asserted unfounded claims against Warta," which appears in the Attachment to Amended Proofs of Claim of John Warta at page 2, identify: (a) each and every person who Claimant intends to call as a witness at trial to testify regarding this contention, and (b) all documents that refer, relate, support or tend to contradict this contention.

**RESPONSE:**

(a)     In addition to his general objections, Warta specifically objects to each request purporting to call for designation of Warta's trial witnesses as premature. Subject to and without waiving his objections, Warta responds that at the present time he anticipates calling at trial one or more of the following witnesses, reserving the right to supplement at the time pre-trial disclosures are due: John Warta, Steve Irwin, Peter Glade, Rhonda Kennedy.

(b)     All of the pleadings and related documents as previously exchanged by the parties in discovery for each of the actions listed in the Amended Claims.

**INTERROGATORY NO. 18:** With regard to the statement that "the parties worked on a calculation of the amounts owed to plaintiff by GST under the Employment Agreement," which appears in the Attachment to Amended Proofs of Claim of John Warta at page 2, identify: (a) each and every person Claimant contends "worked on" such calculation, (b) each and every person who Claimant intends to call as a witness at trial to testify regarding this contention, and (c) all documents that refer, relate, support or tend to contradict this contention.

**RESPONSE:**

(a)   Robert Ferchat, Jack Armstrong, John Warta, Rhonda Kennedy, Peter Glade and Daniel Skerritt.

(b)   In addition to his general objections, Warta specifically objects to each request purporting to call for designation of Warta's trial witnesses as premature. Subject to and without waiving his objections, Warta responds that at the present time he anticipates calling at trial one or more of the following witnesses, reserving the right to supplement at the time pre-trial disclosures are due: John Warta, Steve Irwin, Rhonda Kennedy, Peter Glade.

(c)   E-mail and correspondence among the parties listed above. All such responsive non-privileged documents have been previously produced.

**INTERROGATORY NO. 19:** With regard to the statement that "GST developed a strategy for avoiding its obligations under the Employment Agreement and the Indemnity Agreements that called for filing a lawsuit against plaintiff alleging that the breached his duties to his employer," which appears in the Attachment to Amended Proofs of Claim of John Warta at page 3, identify: (a) who Claimant contends "developed" such a strategy, (b) each and every person who Claimant intends to call as a witness at trial to testify regarding this contention, and (c) all documents that refer, relate, support or tend to contradict this contention.

**RESPONSE:**

(a)   GST Board members, Joseph Fogg in particular.

(b)   In addition to his general objections, Warta specifically objects to each request purporting to call for designation of Warta's trial witnesses as premature. Subject to and without waiving his objections, Warta responds that at the present time he

anticipates calling at trial one or more of the following witnesses, reserving the

right to supplement at the time pre-trial disclosures are due:  John Warta,

Steve Irwin.

(c)    The GST Board and committee records for 1998-2000.  As far as Warta is aware,

all responsive non-privileged documents have been previously produced in this

action.

INTERROGATORY NO. 20:  With regard to the statement that "GST's strategy of

litigation against plaintiff made GST itself a target of litigation by shareholder groups,"

which appears in the Attachment to Amended Proofs of Claim of John Warta at page 3,

identify: (a) what litigation by shareholder groups this contention refers to, (b) each and

every person who Claimant intends to call as a witness at trial to testify regarding this

contention, and (c) all documents that refer, relate, support or tend to contradict this

contention.

RESPONSE:

(a)    Shortly after GST filed its action in California referring to Global

Telecommunications, at least six legal actions were filed by plaintiff-shareholders

against GST and John Warta, among others, in the US District Court for the

Western District of Washington.  Those actions were *Schiefelbein v. GST*, Civ.

No. C99-05548 FDB; *Wheeler v. GST*, Case No. C99-5549; *Speilman v. GST*,

Case No. C99-5556 RJB; *Elay v. GST*, Civ. No. C99-5568 FDB; *Langsev v. GST*,

Civ. No. C99-5611 FDB; *Watson v. GST*, Case No. C99-5663

RJB.

(b)    In addition to his general objections, Warta specifically objects to each request

purporting to call for designation of Warta's trial witnesses as premature.  Subject

to and without waiving his objections, Warta responds that at the present time he

anticipates calling at trial one or more of the following witnesses, reserving the

right to supplement at the time pre-trial disclosure become due: John Warta,

Peter Glade, Steve Irwin.

(c)    The pleadings and related non-privileged documents, all of which have been

previously produced in this action.

**INTERROGATORY NO. 21:** With regard to the statement that "GST secretly settled

with plaintiff [Corey] Ford without obtaining a full and final release of Ford's claims

against Warta," which appears in the Attachment to Amended Proofs of Claim of John

Warta at page 3, identify: (a) who "secretly settled" the Ford litigation on behalf of GST,

(b) each and every person who Claimant intends to call as a witness at trial to testify

regarding this contention, and (c) all documents that refer, relate, support or tend to

contradict this contention.

**RESPONSE:**

(a)    As evidence by the settlement agreement itself, the agreement was achieved

between Ford, his counsel, and GST and its counsel. Except that specific names

appear as signatories to the agreement, Warta has no personal knowledge of who

conducted or concluded the actual settlement negotiations.

(b)    In addition to his general objections, Warta specifically objects to each request

purporting to call for designation of Warta's trial witnesses as premature. Subject

to and without waiving his objections, Warta responds that at the present time he

anticipates calling at trial one or more of the following witnesses, reserving the

right to supplement at the time pre-trial disclosures are due: John Warta, Peter Glade.

(c)    The settlement agreement itself, which has been previously produced in this litigation.

**INTERROGATORY NO. 22:** Identify each and every person Claimant expects to call to testify at trial in connection with Claimant's Amended Claims, and for each such person identify with particularity the subjects as to which that person is expected to testify at the trial of this matter.

**RESPONSE:** Claimant objects that this Interrogatory No. 22 is premature, calls for the disclosure of attorney-client privileged and work product information, and is duplicative of Debtors' other Interrogatories. In addition, Claimant has not yet determined all of the witnesses that he will call at trial in this matter, nor has he determined all of the facts to which each of the witnesses will testify. Subject to and without waiving these objections or conditions, Warta incorporates his responses to Interrogatory No. 2 of Debtors' First Set of Interrogatories, plus responses to Interrogatories 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21.

**INTERROGATORY NO. 23:** Identify each and every person who assisted in preparing the Claimant's responses to these Second Interrogatories.

**RESPONSE:** Christopher Kent, Leslie Johnson, John Warta, Kent Custis LLP, 1500 SW Taylor, Portland, OR 97205, (503) 220-0717.

DATED: February 9, 2004

ASHBY & GEDDES

Philip Trainer, Jr. (I.D. #2788)

Ricardo Palacio (I.D. #3765)
222 Delaware Avenue, 17th Floor
PO Box 1150
Wilmington, DE 19899-1150
(302) 654-1888

-and-

Christopher H. Kent
Leslie S. Johnson
KENT CUSTIS, LLP
1500 S.W. Taylor Street
Portland, Oregon 97205
(503) 220-0717

*Attorneys for John Warta*

17014