IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GST TELECOM INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 00-1982 (GMS)<br><br>Jointly Administered |
| GST TELECOM INC., et al.,<br><br>Counterplaintiffs,<br><br>v.<br><br>JOHN WARTA,<br><br>Counterdefendant. | Civil Docket No. 04-CV-1380 |

## GST'S MOTION IN LIMINE REGARDING NEWSPAPER OR OTHER REPORTING OF LITIGATION BETWEEN GST AND WARTA

GST Telecom Inc. and the other debtors and debtors-in-possession in the above-captioned cases (collectively, "GST"), by their attorneys, hereby submit this motion *in limine* for an order barring claimant John Warta from presenting any evidence or argument regarding newspaper articles, magazine articles or other reporting of litigation between GST and Warta. Such articles and reporting are entirely irrelevant to any of Warta's claims or to GST's counterclaims. Moreover allowing any such evidence into this case would be unfairly prejudicial to GST. Accordingly, it must be barred under Rules 401 and 403, Fed. R. Evid.

Warta has three claims in this action: (1) breach of his employment contract, (2) breach of his indemnity agreements, and (3) "Detrimental Reliance/Bad Faith." GST's counterclaims against Warta include breach of his employment contract, breach of fiduciary duty and fraud.

599509v1
CH\784597.3

Nothing that may have been said in the press about Warta or his litigation with GST has any bearing on any of those claims.

As to the contract claims, the only issue is whether GST or Warta breached their contract. Press reports are not probative of any contract issue. They are, to the contrary, at most inadmissible hearsay. The same is true regarding Warta's breach of indemnity claim and GST's fraud and breach of fiduciary duty claims. All of those claims will have to be proven with admissible, non-hearsay, evidence. Press reports can be of no assistance.

Nor are press reports relevant to Warta's claim for "Detrimental Reliance/Bad Faith." According to Warta, GST breached its contract with Warta and then embarked on a campaign of meritless litigation against him to avoid paying Warta what he claims to have been owed under his contract. Warta apparently intends to offer into evidence press reports regarding that litigation to somehow prove his contentions. How those reports are either admissible or relevant is not clear.

First, press reports regarding the litigation between GST and Warta would be inadmissible hearsay. Warta cannot attempt to prove anything about GST's supposed "bad faith" with reference to what a reporter may have said about Warta's litigation with GST.

Second, even if such press reports were somehow found to be admissible, what possible relevance would they have? The only potential relevance would be to Warta's claimed damages to his "business reputation." It is possible that Warta intends to offer press reports about the litigation in hopes of proving that his reputation was somehow damaged.

But there is simply no connection between newspaper articles and any measure of damages that Warta has offered in this case. As is set forth more fully in GST's Motion In Limine Regarding Warta's Purported Detrimental Reliance/Bad Faith Damages, Warta's

business reputation damage claim has two components: loss of his GST stock and loss of his PF.Net stock. As is discussed more fully in GST's damages motion, Warta is not entitled to either measure of damages.

Even if Warta could be entitled to one or the other of his measures of damages, the newspaper articles that he seeks to offer into evidence would still be irrelevant and potentially prejudicial. Warta claims to have been damaged by the loss in value of GST stock. This had nothing to do with GST's litigation against Warta, however, let alone any press coverage of such litigation. Similarly, Warta claims to have been damaged by the loss in value of his PF.Net stock, which Warta claims came about as a result of his inability to raise funds for PF.Net. As Warta himself admitted, however, PF.Net was able to raise all the funding it ever sought: $1.2 to $1.4 billion. Warta admitted further that there were no "significant dislocations in the timing of the raising of that capital." *See* Warta Dep. at 50:18-51:6 (Ex. 1 hereto). Accordingly, Warta has not identified any measure of damages to which the newspaper reports at issue could possibly relate.

Finally, if Warta had wished to establish that GST was liable for damage to his business reputation, he would have had to bring an action for defamation. In that case, he also would have had to prove all the elements of a defamation claim, including, among other things, that GST was responsible for the publication and that the publication was materially false. Warta has not pled or attempted to prove any such claim.

Warta simply has no claim – for liability or damages – relating to the alleged newspaper reporting of litigation with GST. To allow Warta nonetheless to present this evidence would confuse the jury to the prejudice of GST.

Wilmington, Delaware

Date:  August 29, 2005

_____
Steven M. Yoder (No. 3885)
Christopher A. Ward (No. 3877)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware  19899
(302) 655-5000

-and-

David S. Heller
William J. Gibbons
Josef S. Athanas
Michael J. Faris
Danielle S. Kemp
LATHAM & WATKINS LLP
Suite 5800 Sears Tower
233 South Wacker Drive
Chicago, Illinois  60606
(312) 876-7700

Attorneys for the Debtors

599509v1
CH\784597.3

4