IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) ) ) ) ) ) ) ) ) | Chapter 11 |
| GST TELECOM INC., et al., | | Case No. 00-1982 (GMS) |
| Debtors. | | Jointly Administered |
| GST TELECOM INC., et al., | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Docket No. 04-CV-1380 |
| Counterplaintiffs, | | |
| v. | | |
| JOHN WARTA, | | |
| Counterdefendant. | | |

## GST'S MOTION IN LIMINE REGARDING STATEMENTS OR OPINIONS IN UNRELATED LITIGATION

GST Telecom Inc. and the other debtors and debtors-in-possession in the above-captioned cases (collectively, "GST"), by their attorneys, hereby submit this motion *in limine* for an order barring claimant John Warta from presenting any evidence or argument regarding statements or rulings by Hon. Milton Pollack in *GST Telecommunications, Inc. v. Stephen Irwin*, 98 Civ. 8865 (MP) (SDNY). That evidence is entirely irrelevant to any issue in this case, and its value – if any – is vastly outweighed by the unfairly prejudicial effect. It must, therefore, be precluded under Fed. R. Evid. 401 and 403.

Central to Warta's "Bad Faith/Detrimental Reliance" claim is the notion that GST brought meritless litigation against him in a bad faith attempt to avoid its purported contractual liability to him. In support of this claim, Warta has taken the position that the litigation that GST

599505v1

brought against him was without merit, as supposedly evidenced by certain statements of the Honorable Milton Pollack of the United States District Court for the Southern District of New York in connection with a malpractice action between GST and its former attorney, Stephen Irwin. In his deposition, Irwin – who is listed as a potential trial witness for Warta – claimed that Judge Pollack's opinion was somehow relevant to show that GST's claims against Warta lacked merit.

Judge Pollack's statements are, of course, inadmissible hearsay, and may be excluded in their entirety on that basis. Moreover, nothing relating to the case that was presented to Judge Pollack is relevant to the claims made in the current litigation, however, and any reference to that litigation by Warta or any of his witnesses would be highly misleading and prejudicial to GST in the instant, unrelated litigation.

First, Warta was not even a party to the litigation before Judge Pollack. That litigation did not purport to raise the question whether Warta breached his fiduciary duties to GST in connection with any transaction.

Second, the litigation between GST and Irwin related to whether Irwin and his firm breached their duties as GST's attorneys, not whether Warta or anyone else breached duties as directors of GST.

Third, the malpractice issues raised in the Irwin litigation related to Irwin's advice regarding various transactions, not whether those transactions were themselves appropriate, and still less whether Warta's personal involvement in those transactions was appropriate.

That is, anything that Judge Pollack may have said with respect to GST's malpractice claims against Irwin are entirely irrelevant to the only question at issue in this case: Warta's breach of fiduciary duties owed to GST. Warta has not claimed – because he cannot –

that anything Judge Pollack may have said about GST's claims against Irwin had any preclusive effect on the current, unrelated litigation. Nor can such inadmissible hearsay be "evidence" of any factual matter here. It is, in a word, irrelevant.

In addition to being irrelevant, any such evidence or argument would be highly prejudicial to GST. Coming from a respected federal judge, anything Judge Pollack might have said could have undue influence over a jury. These are not the mere comments of another witness, but the pronouncements of a federal judge, for whom the jury will undoubtedly have a great deal of respect, even if those statements were made in a context entirely inapposite to the issues in this case. Indeed, if any of this evidence or argument is allowed in, it would require a trial within the trial to educate the jury as to the differences between the issues that Judge Pollack was addressing and the issues in this case. As such, this evidence would be an entirely unnecessary distraction that, if presented to the jury without explanation, would mislead and confuse the jury to GST's prejudice.

This evidence must be excluded to avoid prejudice to GST and distraction to the jury, as required by Fed. R. Evid. 401 and 403.

Wilmington, Delaware

Date: August 29, 2005

_____
Steven M. Yoder (No. 3885)
Christopher A. Ward (No. 3877)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000

-and-

599505v1

3

       David S. Heller
       William J. Gibbons
       Josef S. Athanas
       Michael J. Faris
       Danielle S. Kemp
       LATHAM & WATKINS LLP
       Suite 5800 Sears Tower
       233 South Wacker Drive
       Chicago, Illinois  60606
       (312) 876-7700

       Attorneys for the Debtors

CH\782631.2