IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) ) ) ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 00-1982 (GMS)<br><br>Jointly Administered |
| GST TELECOM INC., et al., | | |
| Debtors. | | |
| GST TELECOM INC., et al.,<br>Counterplaintiffs,<br>v.<br>JOHN WARTA,<br>Counterdefendant. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Docket No. 04-CV-1380 |

### GST'S MOTION IN LIMINE REGARDING WARTA'S COMPETENCE OR PERFORMANCE AS CEO OF GST, OR THE COMPETENCE OR PERFORMANCE OF HIS SUCCESSORS OR THE GST BOARD

GST Telecom Inc. and the other debtors and debtors-in-possession in the above-captioned cases (collectively, "GST"), by their attorneys, hereby submit this motion *in limine* for an order barring claimant John Warta from presenting any evidence or argument regarding the competence or performance of Warta as CEO of GST, or any evidence or argument regarding the competence or performance of Warta's successors or the other members of the GST board. Warta apparently intends to turn this trial into a referendum on Warta's skills as a manager or leader of GST instead of addressing the true issues in this case. He should not be allowed to do so.

Warta has made it clear at every opportunity he has had that he believes he was a more successful officer and director of GST than any of his successors or, for that matter, than

any of the members of the GST board involved in the company at the time of Warta's departure. While Warta certainly is entitled to think whatever he wishes regarding his own merits as an executive and director, as well as other executives' or directors' insufficiencies, his opinions on those topics have no place in this litigation. This litigation is simply not, as Warta would like it to be, about whether Warta did a good job as CEO, or even whether Warta's vision for GST would have enabled the company to succeed if he had stayed on as CEO.

To the contrary, Warta's competence or effectiveness has nothing to do with his claims against GST or with GST's counterclaim.

First, Warta claims that GST breached his employment agreement by failing to make certain payments to him after he ceased to be CEO of the company.[1] Warta's competence or lack thereof has no bearing on whether those payments were due to Warta or whether they were paid. The issue is thus irrelevant to Warta's contract claim. Put another way, it would make no difference – even if it were true – that Warta was the best CEO that GST ever had or ever could have had, and that the board was incompetent. Ultimately, Warta's supposed skill as an executive or director (or the competence or incompetence or the other members of the board or Warta's successors) would not have affected his entitlement to the payments that he currently claims by one iota.

Second, Warta claims that GST breached its indemnity agreements with him by failing to reimburse him for certain litigation defense costs. Again, this claim is unaffected by Warta's success or failure as GST's CEO or his relative competence as an executive or director.

---

[1] The parties dispute whether Warta resigned or was terminated. The distinction is not material to this motion. Even if he was terminated, there is no dispute that it was pursuant to authority that the board had under Warta's employment contract. Warta has not argued that the board had no right to terminate him, but rather that the Board was obligated to make certain payments to him in the event of his termination, but failed to do so.

Warta was either entitled to indemnification under his agreements with GST or he was not. GST claims he was not because (1) he breached his fiduciary duties to GST, (2) some of his indemnification claims are for suits against him as CEO of his personal companies, (3) some of his claims are for suits in which he has already been reimbursed by insurance, and (4) some of his claims are for reimbursement of the costs of his own litigation with GST, which would not be indemnified in any event. His abilities as a CEO are irrelevant to any of these indemnity issues.

Third, Warta claims that GST was guilty of bad faith when it brought litigation against him, supposedly in order to avoid GST's contractual liabilities to Warta. Here again, Warta's competence is simply not an issue, because the litigation between GST and Warta did not relate to his competence in any way. To the contrary, GST's claims against Warta were for breaches of his fiduciary duties to GST by virtue of his involvement in certain self-dealing transactions. This breach of Warta's duty of loyalty is not an issue of Warta's competence as CEO, but rather an issue of whether Warta acted in the best interest of GST and its shareholders as opposed to his own self-interest.

Nor is Warta's general competence relevant to any of the contentions reflected in GST's counterclaim. GST contends that Warta committed fraud and breached his fiduciary duties by causing GST to transfer some $14.4 million to Magnacom, a company wholly owned by Warta, without adequate safeguards for GST to obtain repayment of the money thus transferred. These claims do not implicate Warta's competence, or the accuracy of Warta's vision for the company, but rather whether Warta's acts with respect to Magnacom were in keeping with his fiduciary duties to GST.

Finally, Warta has made a great deal of the fact that he and other members of the GST board disagreed on the strategic direction the company would take. Indeed, on June 2-3,

1998, two weeks before his resignation as CEO, GST conducted a planning session under the direction of a consultant, Russell Marriott. It is undisputed that, at that meeting, it became clear that Warta's vision for the future of the company – involving, as it did, continued expansion into new business areas and geographic regions – was not shared by a majority of the other members of the board, who advocated a shift in focus towards a more conservative strategy focusing on GST's ability to deliver services in the regions and service lines that GST already had in place, and a move towards profitability sooner. That dispute is not, however, relevant to any of the issues in this case. Warta has not attempted to assert that this disagreement at the level of GST's board itself constituted a breach of his employment agreement, indemnification agreements, or "bad faith." Nor could he make such an assertion.

Because Warta's abilities as executive or director of GST and Warta's views regarding the competence of other members of the board or of Warta's successors are irrelevant to any of the claims at issue in this case, Warta should be barred from presenting such evidence at trial. In addition, Warta's accusations regarding the alleged incompetence of the other members of the board, while having no probative value, could be unfairly prejudicial to GST. Such confusing and irrelevant evidence should be excluded under Rule 402, Fed. R. Evid., as well.

**[remainder of page left intentionally blank]**

Date:  August 29, 2005
       Wilmington, Delaware

_____
Steven M. Yoder (No. 3885)
Christopher A. Ward (No. 3877)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware  19899
(302) 655-5000

-and-

David S. Heller
William J. Gibbons
Josef S. Athanas
Michael J. Faris
Danielle S. Kemp
LATHAM & WATKINS LLP
Suite 5800 Sears Tower
233 South Wacker Drive
Chicago, Illinois  60606
(312) 876-7700

Attorneys for the Debtors