IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GST TELECOM INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 00-1982 (GMS)<br><br>Jointly Administered |
| GST TELECOM INC., et al.,<br><br>Counterplaintiffs,<br><br>v.<br><br>JOHN WARTA,<br><br>Counterdefendant. | Civil Docket No. 04-CV-1380 |

### GST'S MOTION IN LIMINE TO PRECLUDE TESTIMONY AS TO THE CORRECTNESS OF THE DECISION TO ACCELERATE JOHN WARTA'S DEPARTURE AS CEO OF GST DURING JUNE OF 1998

GST Telecom Inc. and the other debtors and debtors-in-possession in the above-captioned cases (collectively, "GST"), by their attorneys, hereby submit this motion *in limine* for an order barring claimant John Warta from presenting any evidence or argument as to the correctness of GST's decision to accelerate Warta's departure as CEO of GST during June of 1998.

GST had two Board meetings over a short span of time during June of 1998. The first was held in Vancouver, Washington on June 2-3, the second in New York on June 15. During the first of the June 1998 Board meetings, the GST Board engaged in an extended discussion as to the future business direction of GST. By way of background, while GST revenues had grown dramatically from 1995 through 1997 from $18,681,000 to $105,967,000, the Company's net

*losses* also grew dramatically from $11,315,000 to $113,338,000. The discussion at the June 2-3 Board meeting revolved around two opposing business strategies: (1) consolidate acquisitions, adopt a more conservative strategy, and move towards profitability sooner; or (2) continue to pursue acquisitions aggressively and position GST to be acquired itself. The majority of the Board favored the former; the then-Chairman and CEO, John Warta, favored the latter. After a spirited discussion at the meeting, and after the meeting formally concluded, John Warta spoke informally to several of the directors, expressing the view that, if the decision of the Board was to pursue the more conservative strategy, he might prefer, and it might be better for GST, not to extend his employment beyond the end-date of his employment agreement, February 28, 1999. Various of the GST Board members were concerned that, given Warta's antipathy towards the conservative strategy, he would be unable to operate effectively as CEO in the event that the more conservative strategy was implemented.

In the days following the June 2-3 Board meeting, the Board members had disparate contact with each other during which times they discussed the Company strategy. During that time, Warta attempted to convey some flexibility as to his own views as to strategy. By June 12, however, the majority of Board members had reached the conclusion that John Warta would be unable to carry out the more conservative strategy, and decided that the Board would seek his formal resignation, and would seek further to accelerate his departure from the Company prior to the expiration of his employment contract. Because GST was a public company, the Board believed that a resignation, as opposed to a firing, would have less of a detrimental effect on the

public markets. In fact, Mr. Warta submitted a letter of resignation at the June 15 Board meeting.[1]

The correctness of the decision of the Board to seek to accelerate Mr. Warta's departure is not an issue in this litigation, and in any event, is protected by the business judgment rule. John Warta has raised a claim for (1) breach of his employment contract; (2) breach of imdemnity agreements; and (3) for bad faith/detrimental reliance in connection with litigation initiated by GST against Warta during late 1998 and 1999, well after the June, 1998 Board meetings. GST has brought a counterclaim against Mr. Warta in connection with the transfer of $14.4 million from GST to Magnacom, a company wholly-owned by Mr. Warta, relying on a number of legal theories.

Over the course of the past several years, discovery on the various claims has been extensive and has focused on events relevant to the claims at issue. John Warta gave a deposition over the course of three days, consisting of 519 pages. Mr. Warta repeatedly injected answers to questions that extended well past responsiveness, and tended to argue as to the alleged incompetence of the June, 1998 GST Board, and for his own competence. *See, e.g.,* Warta Dep. at 263:9-264:1; 264:18-265:3 (Ex. 1). While not reflected on other records of proceedings, Mr. Warta pursued the same theme off the record at each session of his deposition, and at other depositions. It is clear that he intends to make the November 7 trial a referendum on the totality of his approximate four-year tenure as the CEO of GST, and particularly the Board decision to accelerate his departure.

---

[1] Warta has characterized this sequence of events as his termination by GST. GST disputes this, and notes that Warta resigned his position. The distinction is not, however, material to this motion. Even if it is assumed – as this motion does – that the board desired and would have sought to obtain Mr. Warta's departure as CEO, the underlying reasons for that desire are irrelevant to any issue in this litigation.

GST submits that this Court should bar any testimony as to such subject matter. The decision of the GST Board to accelerate Warta's departure is not relevant to (1) whether GST breached Warta's employment contract, (2) whether GST breached Warta's indemnity agreement(s); (3) whether GST initiated litigation against Warta in bad faith; or (4) whether Warta breached his fiduciary duty to GST or committed fraud (or breached his contract) by transferring $14.48 million of GST's money to a Company wholly-owned by Warta. Further, the decision to accelerate Warta's departure, even if it were relevant, would be subject to the business judgment rule.

GST further submits that testimony on the subject of the correctness of the decision to accelerate the departure of John Warta as CEO would be confusing to the jury in the context of an already factually complicated case. If there is conflicting testimony on that subject, the jury might well subjectively and/or unconsciously conclude that that was an issue that they were charged with deciding without benefit of any instruction as to the parameters of the business judgment rule. Indeed, this Court might have to consider whether a set of business judgment rule instructions would be required in that circumstance. As demonstrated above, no such decision by the jury or this Court is required since the correctness of the decision to accelerate Warta's departure is not among the issues to be decided. To put it another way, any decision pro or con as to whether the decision to accelerate Warta's departure as CEO was the correct decision tells one nothing as to any alleged breach of contract, breach of indemnity agreement, bad faith, or breach of fiduciary duty or fraud. Under those circumstances, such testimony should be precluded.

Wherefore, GST requests that it's motion in limine to bar any testimony regarding the correctness of the decision to accelerate John Warta's departure as CEO of GST in the wake of his informal resignation of June 3, 1998 be granted.

Wilmington, Delaware

Date: August 29, 2005

Steven M. Yoder (No. 3885)
Christopher A. Ward (No. 3877)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000

-and-

David S. Heller
William J. Gibbons
Josef S. Athanas
Michael J. Faris
Danielle S. Kemp
LATHAM & WATKINS LLP
Suite 5800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 876-7700

Attorneys for the Debtors