IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br><br>GST TELECOM INC., et al.,<br><br>　　　　Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 11<br><br>Case No. 00-1982 (GMS)<br><br>Jointly Administered |
| GST TELECOM INC., et al.,<br><br>　　　　Counterplaintiffs,<br><br>　　　　v.<br><br>JOHN WARTA,<br><br>　　　　Counterdefendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Docket No. 04-CV-1380 |

**MOTION OF DEBTORS AND DEBTORS-IN-POSSESSION
FOR AN ORDER APPROVING SETTLEMENT AND
<u>RELEASE AGREEMENT WITH JOHN WARTA</u>**

GST Telecom Inc. ("GST") and the other debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby move (the "Motion") the Court for entry of an order approving a settlement agreement with John Warta ("Warta"). In support of this Motion, the Debtors respectfully represent as follows:

<u>Introduction</u>

1.　　On May 17, 2000 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"). On May 25, 2000 the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Creditors Committee") in these cases. The Debtors are continuing in possession of their respective

606896v1

properties and are operating their respective businesses, as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief requested herein are section 105 of the Bankruptcy Code and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

4. Founded in 1994, GST was formed to develop, construct and operate telecommunications networks in the western United States. Prior to selling substantially all of their assets to Time Warner Telecom Inc. ("TWTC"), the Debtors had more than 1,000 employees and approximately 38,000 customers in 49 cities and eight states.

5. The Debtors' revenues grew from $18,681,000 in fiscal 1995 to $321,922,000 in fiscal 1999. This rapid expansion, however, was funded primarily through the issuance of debt. Accordingly, as the Debtors' businesses grew, so had their debt service. Interest expense grew from $1,347,000 in fiscal 1995 to $115,481,000 in fiscal 1999, causing the Debtors' net loss to increase from $11,315,000 in fiscal 1995 to $182,569,000 in fiscal 1999.

6. The result of the Debtors' heavy debt service and continuing losses had been a decrease in the Debtors' liquidity. Prior to filing these cases, the Debtors pursued a range of options to address their liquidity concerns, including new financing, refinancing and the sale of certain or all of the Debtors' assets or businesses. The above-captioned cases were instituted to enable the Debtors to maximize the value of their assets.

606896v1

7. On September 21, 2000, the Court entered an order (the "Sale Order")[1] approving the sale of substantially all of the Debtors' assets (the "Sale") to TWTC. The Sale closed on January 10, 2001 (the "Closing Date"). On April 16, 2002, the Court confirmed the Debtors' plan of liquidation (the "Plan"), which provides for the distribution of the proceeds of the Sale. The Debtors are resolving claims objections and pursuing avoidance actions to maximize the distribution of the Sale proceeds for legitimate creditors.

### John Warta's Claims

8. On January 29, 2001, Warta filed three proofs of claim including Proof of Claim No. 764 against Debtor GST in the amount of $1,904,639, Proof of Claim No. 765 against Debtor GST Telecommunications, Inc. ("GTI") in the amount of $724,059 and Proof of Claim No. 766 against Debtor GST USA, Inc. ("G-USA") in the amount of $1,904,639 (the "Original Claims").

9. On December 7, 2001, the Debtors filed the Objection of the Debtors to Proofs of Claim No. 764, 765 and 766 filed by John Warta (the "Original Objection").

10. On January 13, 2004, Warta filed three amended proofs of claim Nos. 1211, 1212, and 1213, each in the amount of $15,600,000 against Debtors GST, G-USA, and GTI, respectively (the "Amended Claims").

---

[1] Order Under 11 U.S.C. §§105, 363, 365 and 1146(c) and Fed. R. Bankr. P. 6004 and 6006 (A) Approving Purchase Agreement with Time Warner Telecom, (B) Authorizing Sale of Assets and Assumption and Assignment of Assumed Contracts Free and Clear of Liens, Claims, Encumbrances and Interests and Exempt from Any Stamp, Transfer, Recording or Similar Tax, (C) Fixing Lease and Executory Contract Cure Amounts and (D) Granting Related Relief dated September 21, 2000.

11.     On February 12, 2004, the Debtors filed their Objection to Amended Proofs of Claim Nos. 1211, 1212 and 1213 (the "Amended Objection").

### The Debtors' Counterclaim

12.     On February 12, 2004, simultaneously with the Amended Objection, the Debtors filed a Counterclaim alleging fraud, conversion, breach of fiduciary duty of loyalty and care and breach of employment agreement (the "Counterclaim"). Warta filed an answer to the Counterclaim, denying all allegations.

13.     On October 7, 2004, the Debtors filed an Amended Counterclaim as an adversary proceeding Case No. 04-CV-1380, removing certain claims and adding a claim for equitable subordination (the "Amended Counterclaim"). Warta filed an answer to the Amended Counterclaim, again denying all allegations.

### The Settlement Agreement

14.     On or about October 1, 2005, after engaging in settlement negotiations, GST and Warta entered into the settlement agreement attached hereto as <u>Exhibit A</u> and incorporated herein by reference (the "Settlement Agreement").[2] GST and Warta entered into the Settlement Agreement, subject to this Court's approval, to resolve the disputed Original Claims, Amended Claims, Counterclaim and Amended Counterclaim.

15.     Under the terms of the Settlement Agreement, subject to Court approval, (a) GST will pay Warta Seven Hundred Thousand and No/100 U.S. Dollars ($700,000.00) (the "Settlement Amount") in complete settlement and satisfaction of any claims, rights and causes of action, including, but not limited to, those referenced in the Agreement, between Warta and any

---

[2]     Capitalized terms used herein but not otherwise defined shall have the meanings assigned to them in the Settlement Agreement.

606896v1

of the Debtors, their affiliates, successors and assigns, for any acts or omissions occurring or arising prior to the date hereof, whether known or unknown, (b) neither Warta nor GST will file any other claims or commence any actions against each other or any of their affiliates, successors or assigns, with respect to any claims, rights or causes of action released in the Settlement Agreement, (c) within 10 days after the entry of an order approving the Settlement Agreement, GST and Warta will file Stipulations of Dismissal to dismiss the Amended Counterclaim and any lawsuits that have been filed by either Party against the other Party, which are still pending or may be reinstated, with prejudice and without costs, attorneys' fees or sanctions and (d) the Original Claims and the Amended Claims shall be deemed withdrawn and disallowed in full upon (1) entry of an Order by the Court approving the Settlement Agreement, (2) the dismissal of the Amended Counterclaim and any lawsuits that have been filed by either Party against the other Party, which are still pending or may be reinstated and (3) receipt of the Settlement Amount by Warta.

## Relief Requested

16.     By this Motion, the Debtors request that the Court enter an order approving the Settlement Agreement pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a).

**Basis for Relief Requested**

17.     To approve the Settlement Agreement, the Court must find that it is "fair, reasonable and in the best interest of the estate." In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997). This standard has been further described as follows:

> In undertaking an examination of the settlement, we emphasize that this responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised . . . but rather to canvass the issues and see whether the settlement "fall[s] below the lowest point in the range of reasonableness."

Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983), quoting Newman v. Stein, 464 F.2d 689, 693 (2d Cir.), cert. denied sub nom., Benson v. Newman, 409 U.S. 1039 (1973).

18.     The U.S. Supreme Court has stated that in determining a compromise's fairness, a judge should:

> form an educated estimate of the complexity, expense and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of the litigation.

Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25 (1968). The Third Circuit, applying TMT Trailer in the context of a settlement pursuant to Bankruptcy Rule 9019(a), has set forth four factors to be considered:

> (1) the probability of success in litigation; (2) the likely difficulties of collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors.

Martin v. Myers (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996).

606896v1

6

19. The Settlement Agreement and payment of $700,000.00 by GST to Warta to resolve the Original Claims, the Amended Claims, the Counterclaim and the Amended Counterclaim is well within the range of reasonableness required by Bankruptcy Rule 9019(a). Warta has asserted a $15,600,000.00 unsecured claim against the Debtors, which, if valid, could receive a distribution equivalent to approximately 44% of the claimed amount. Although the Debtors have asserted a counterclaim in the amount of $14,400,000.00 against Warta, Warta has asserted numerous defenses to the Debtors' counterclaim and the Debtors believe that their actual recovery after litigation would be substantially less than $14,400,000.00. Finally, by entering into the Settlement Agreement, the Debtors will avoid engaging in further litigation with Warta, which would be costly and time-consuming and the outcome of which would be uncertain and subject to appeal.

## No Prior Request

20. No prior motion for the relief requested herein has been made to this Court or any other court.

## Notice

21. No trustee or examiner has been appointed in the Debtors' chapter 11 cases. Notice of this Motion has been provided to the United States Trustee, counsel to the Creditors' Committee, counsel for Warta and each of the other parties on the Limited Service List established by the Court. The Debtors submit that under the circumstances no further notice is necessary.

WHEREFORE, the Debtors respectfully request the entry of an order (a) approving the Settlement Agreement by and between the Debtors and Warta attached hereto as Exhibit A and (b) granting such other and further relief as this Court deems just and proper.

Dated:     October 27, 2005
           Wilmington, Delaware

/s/ *signature*
_____
Neil B. Glassman (No. 2087)
Steven M. Yoder (No. 3885)
Christopher A. Ward (No. 3877)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000

-and-

David S. Heller
William J. Gibbons
Josef S. Athanas
Michael J. Faris
Danielle S. Kemp
LATHAM & WATKINS LLP
Suite 5800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 876-7700

Attorneys for the Debtors and
Debtors-in-Possession

606896v1