IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GST TELECOM INC., et al.,<br><br>    Debtors.<br><br>_____<br><br>GST TELECOM INC., et al.,<br><br>    Counterplaintiffs,<br><br>v.<br><br>JOHN WARTA,<br><br>    Counterdefendant. | Chapter 11<br><br>Case No. 00-1982 (GMS)<br><br>Jointly Administered<br><br><br><br><br>Civil Docket No. 04-CV-1380 |

**ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN
THE DEBTORS AND DEBTORS-IN-POSSESSION AND JOHN WARTA**

Upon the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (the "Debtors") seeking entry of an order approving a certain settlement agreement by and between the Debtors and John Warta, the Court having reviewed the Motion and finding good cause therefore;

The Debtors and John Warta STIPULATE and AGREE for all purposes, and, the Court hereby makes the following FINDINGS:

    A.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2).

B. Notice of the Motion given by the Debtors is appropriate under the circumstances.

C. The Debtors' Estates (as defined in the Plan) own the claims against Warta referenced in the Settlement Agreement and they have the sole right and/or ability to settle and release those claims.

Based upon the foregoing findings, stipulations, and conclusions, and upon the record made before this Court, and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Debtors' Motion is GRANTED.

2. The Debtors shall be, and hereby are, authorized to enter into, and perform their obligations under, the Settlement Agreement (as defined in the Motion) with John Warta attached as <u>Exhibit A</u> to the Motion.

3. The Settlement Agreement and the terms and releases set forth therein shall be, and hereby are, approved.

4. Neither the Debtors, the Debtors' Estates, the Plan Administrator nor Warta may assert or bring against each other any cause of action released in the Settlement Agreement.

5. GST Telecom Inc. and/or its estate shall be, and hereby is, directed to pay to John Warta $700,000.00 as provided for in the Settlement Agreement.

6. Proofs of Claim Nos. 764, 765, 766, 1211, 1212 and 1213 filed by John Warta shall be disallowed in full and expunged as provided for in the Settlement Agreement.

7. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the Settlement Agreement and/or implementation of this Order.

Dated:   Wilmington, Delaware
         October __, 2005

_____
UNITED STATES DISTRICT JUDGE