## EXHIBIT A

**Settlement and Release Agreement**

OCT-19-2005 12:14PM    FROM-KENNEDY WATTS ARELLANO          5032280009          T-778  P 002    F-486

EXECUTION COPY

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (this "Agreement") dated October 1ˢᵗ, 2005 between GST TELECOMMUNICATIONS, INC. ("GTI"), a Canadian corporation, GST TELECOM INC. ("GST"), a Delaware corporation, GST USA, INC. ("G-USA"), a Delaware corporation, and each of the other affiliated entities that are or were debtors and debtors-in-possession in Case Nos. 00-1982 through 2025, and each of the Debtor's estates, inclusive (collectively with GTI, GST and G-USA, the "Debtors") before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and John Warta ("Warta", and together with the Debtors, the "Parties").

WHEREAS, on or about September 1, 1995, GST, G-USA and Warta entered into a Restated and Amended Employment Agreement (the "Employment Agreement") pursuant to which GST and G-USA agreed to employ Warta as their Chief Executive Officer. Warta was also an officer and/or director of GTI and certain of the other Debtors; and

WHEREAS, on or about April 3, 1996, GTI and Warta entered into an Indemnification Agreement (the "1996 Indemnity Agreement"), pursuant to which GTI agreed to indemnify Warta for certain actions brought against Warta in his capacity as an officer and director of GTI; and

WHEREAS, on or about June 15, 1998, Warta separated from his employment with the Debtors, and on September 15, 1998, Warta resigned his board positions with the Debtors; and

WHEREAS, in or about August, 1998, GTI and Warta entered into an additional Indemnity Agreement (the "1998 Indemnity Agreement"); and

WHEREAS, on or about October 20, 1998, certain of the Debtors filed a complaint in the Superior Court of California, in and for the County of Santa Clara, Case No. CV777408, against Warta and others, styled GST Telecommunications, Inc. and GST Telecom Inc. v. GST Global Telecommunications, Inc., W. Gordon Blankstein, Stephen Irwin, John Warta, Robert Hanson, Peter Legault and Ian Watson, seeking, in part, restitution of the lost Mexican business opportunity referred to as Bestel (the "GST CA Action"); and

WHEREAS, on or about January 25, 1999, Warta filed a complaint in the Superior Court of Washington, for King County, Case No. 99-2-02287-4SEA, against certain of the Debtors, styled John Warta v. GST USA, Inc., GST Telecom Inc., and GST Telecommunications, Inc. (the "Warta WA Action"), seeking payment under the Employment Agreement, the 1996 Indemnity Agreement and the 1998 Indemnity Agreement; and

WHEREAS, on February 23, 1999 and August 26, 1999, the Debtors filed answers to the Warta WA Action and counterclaimed against Warta for fraud, breach of fiduciary duty, conversion and breach of contract (the "GST WA Counterclaim"); and

WHEREAS, on June 7, 1999, certain of the Debtors filed a complaint in the Supreme Court of British Columbia, Case No. C990449, against Warta and others, styled GST Telecommunications, Inc. and GST USA Inc. v. Global Light Telecommunications, Inc., GST

CH\610215.6

Section 1.    <u>Proofs of Claim.</u>

Upon the entry of an order approving this Agreement by the ~~Bankruptcy~~ District Court (the "Order"), and upon satisfaction of the obligations set forth in Sections 2 and 3 below, the Original Claims and the Amended Claims shall be deemed withdrawn and disallowed in full.

Section 2.    <u>Dismissal of Actions.</u>

Upon execution of this Agreement by the Parties, the Parties, through their attorneys of record, shall execute stipulations of dismissal substantially in the form of Exhibits A-D attached hereto (the "Stipulations of Dismissal"). Within 10 days after the entry of the Order, the Debtors and Warta shall file the Stipulations of Dismissal to dismiss the Amended Counterclaim and any lawsuits they have filed against each other which are still pending or may be reinstated, including, but not limited to, the Warta WA Action, the GST WA Counterclaim, the GST BC Action and the Warta BC Action, with prejudice and without costs, attorneys' fees or sanctions. Attached as Exhibit E is the Entry of Dismissal entered by the Clerk of the Santa Clara County Superior Court with respect to the GST CA Action.

Section 3.    <u>Payment to Warta.</u>

GST and/or its estate shall pay to Warta, within seven (7) business days after entry of the Order and entry of the last of the Stipulations of Dismissal provided for in Section 2 above, Seven Hundred Thousand U.S. Dollars ($700,000.00 U.S.) (the "Payment") by check made payable to Kennedy, Watts, Arellano & Ricks Client Trust Account, via overnight mail addressed to Joseph C. Arellano, Kennedy, Watts, Arellano & Ricks, LLP, 1211 SW Fifth Avenue, Suite 2850, Portland, Oregon 97204, in complete settlement and satisfaction of any claims, rights and causes of action, including, but not limited to, those referenced in this Agreement, between Warta and any of the Debtors, their affiliates, successors and assigns, for any acts or omissions occurring or arising prior to the date hereof, whether known or unknown.

Section 4.    <u>Mutual Release and Covenant Not to Sue.</u>

For the mutual consideration set forth above, the Parties do hereby and for their heirs, executors, administrators, successors, subsidiaries, affiliates, agents, attorneys and assigns, release, acquit, and forever discharge each other, and their affiliates, subsidiaries, agents, servants, successors, heirs, executors, attorneys and administrators of and from any and all rights, claims or causes of action whether known or unknown, which the Parties have asserted or could have asserted against each other as of the effective date of this agreement, including, but not limited to, the Original Claims, the Amended Claims, the Original Objection, the Amended Objection and Counterclaim, the Amended Counterclaim, the GST CA Action, the Warta WA Action, the GST WA Counterclaim, the GST BC Action, the Warta BC Action, the Employment Agreement, the 1996 Indemnity Agreement and the 1998 Indemnity Agreement (the "Released Claims") and agree not to assert any right, claim or cause of action with respect to the Released Claims in the Bankruptcy Court or elsewhere, except for rights, claims and causes of action to enforce this Agreement.

3

Section 5.    Waiver of the Provisions of California Civil Code Section 1542

It is further understood and agreed that all rights under Section 1542 of the Civil Code of California and any similar law of any state or territory of the United States are hereby expressly waived by the Parties.  Said Section reads as follows:  **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

Section 6.    Effectiveness of Agreement.

Pursuant to Section 9.2 of the First Amended Joint Plan of Liquidation of GST Telecom Inc, *et al.*, which was confirmed on April 16, 2002, the Plan Administrator has the authority to settle claims on behalf of the Debtors subject to the oversight authority granted to the Reconstituted Committee of Unsecured Creditors under the Plan. This Agreement shall only become effective upon the ~~Bankruptcy~~ District Court's entry of the Order approving this Agreement.

Section 7.    Miscellaneous.

(a)    Reliance on Legal Counsel.  The Parties acknowledge that they have been represented in the negotiations for and in the execution of this Agreement by counsel of their own choice and that they have read this Agreement and have had it fully explained to them by their counsel and that they are fully aware of the contents of this Agreement and its legal effect.

(b)    No Representations or Promises Not Contained Herein.  Each of the Parties represents and warrants that it has not relied upon or been induced by any representation, statement or disclosure by the other Party, but has relied upon its own knowledge, belief and judgment and upon the advice and representation of its counsel in entering into this Agreement. In making this Agreement each of the Parties represents and warrants that it relied wholly upon its own judgment, belief and knowledge.

(c)    No Assignment.  Each of the Parties represents and warrants that they have not previously assigned, sold or pledged any claims released by this Agreement to a third party, in whole or in part, and that each Party owns and has title to all of the claims released by this Agreement free and clear of all liens, security interests or encumbrances of any kind or nature whatsoever.

(d)    Due Authorization.  Each of the Parties represents and warrants to the other that (1) this Agreement has been duly authorized, executed and delivered, (2) that it has the power to enter into this Agreement and (3) that, upon execution by the Parties of this Agreement, this Agreement shall be binding and enforceable.

(e)    Entire Agreement. This Agreement constitutes the entire agreement of the Parties with respect to the matters covered herein, and no other agreement, statement or promise regarding such matters made by either Party, or by any employee, director, officer, agent or attorney of either Party, which is not contained in this Agreement, shall be binding or valid.

4

CH\610215.6

(f)    Controlling Law. This Agreement shall be governed by, construed in accordance with, and enforced under the laws of Delaware, without regard to the rules of conflict of laws of the State of Delaware or any other jurisdiction.

(g)    Effect of Captions. Captions of the sections of this Agreement are for convenience and reference only, and the words contained therein shall in no way be employed to explain, modify, amplify or aid in the interpretation, construction or meaning of the provisions of this Agreement.

(h)    Severability. If any provision of this Agreement is held, determined, or adjudged to be invalid, unenforceable, or void for any reason whatsoever, the remainder of that provision (if any) and the remaining provisions of this Agreement will remain in full force and effect.

(i)    Construction. This Agreement shall be construed as if prepared jointly by both of the Parties, and any uncertainty or ambiguity shall not be interpreted against either one of the Parties.

(j)    Rights and Liabilities of Successors. This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, predecessors, successors, assigns, parent, subsidiary and affiliate corporations, officers, directors, employees, agents, attorneys, partners, representatives, and employees, as applicable.

(k)    Execution in Counterparts. This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which counterparts together shall constitute one and the same instrument. Facsimile or other electronically transmitted signature pages shall be deemed to be an original.

(l)    Amendment. This Agreement may be modified, amended or otherwise changed only in a writing signed by both of the Parties.

(m)    Consent to Jurisdiction. All actions brought arising out of this Agreement shall be brought in the ~~Bankruptcy~~ Court, and the ~~Bankruptcy~~ Court shall retain exclusive jurisdiction to determine any and all such actions.    District 
                                  District

[signature page follows]

EACH PARTY HAS READ THIS SETTLEMENT AGREEMENT AND HAS HAD
THE TERMS USED HEREIN AND THE CONSEQUENCES HEREOF EXPLAINED BY
LEGAL COUNSEL. EACH PARTY IS AWARE THAT THIS SETTLEMENT AND
RELEASE AGREEMENT INCLUDES A RELEASE OF ALL KNOWN OR UNKNOWN
CLAIMS. EACH OF THE UNDERSIGNED HAS CONSULTED WITH ITS ATTORNEYS
CONCERNING THE CONSEQUENCES AND CONTENTS OF THIS SETTLEMENT
AGREEMENT.

IN WITNESS WHEREOF, the Debtors and Warta have caused this Agreement to be
executed, as of the date first above written.

THE DEBTORS

By:  _____

Name: Bruce D. Becker
Title:  Plan Administrator

JOHN WARTA

By:  _____

I am the duly appointed Plan Administrator
of the Debtors' estates and, pursuant to Section 9.2
of the Plan, hereby certify that I have approved
the settlement described in the foregoing
Settlement and Release Agreement.

By:  _____

Name: Bruce Becker
Title:  Plan Administrator

## ACKNOWLEDGED AND AGREED TO:

RECONSTITUTED COMMITTEE OF
UNSECURED CREDITORS

By:  _____

Name: Thomas Kreller
Title:  Counsel to the Reconstituted Committee
of Unsecured Creditors

6

C1N610215.6

EACH PARTY HAS READ THIS SETTLEMENT AGREEMENT AND HAS HAD THE TERMS USED HEREIN AND THE CONSEQUENCES HEREOF EXPLAINED BY LEGAL COUNSEL. EACH PARTY IS AWARE THAT THIS SETTLEMENT AND RELEASE AGREEMENT INCLUDES A RELEASE OF ALL KNOWN OR UNKNOWN CLAIMS. EACH OF THE UNDERSIGNED HAS CONSULTED WITH ITS ATTORNEYS CONCERNING THE CONSEQUENCES AND CONTENTS OF THIS SETTLEMENT AGREEMENT.

IN WITNESS WHEREOF, the Debtors and Warta have caused this Agreement to be executed, as of the date first above written.

THE DEBTORS

By: _____
      Name: Bruce D. Becker
      Title:  Plan Administrator

JOHN WARTA

By: _____

I am the duly appointed Plan Administrator of the Debtors' estates and, pursuant to Section 9.2 of the Plan, hereby certify that I have approved the settlement described in the foregoing Settlement and Release Agreement.

By: _____
      Name:  Bruce Becker
      Title:  Plan Administrator

ACKNOWLEDGED AND AGREED TO:

RECONSTITUTED COMMITTEE OF UNSECURED CREDITORS

By: _____
      Name:  Thomas Kreller
      Title:  Counsel to the Reconstituted Committee
             of Unsecured Creditors

CH\610215.6

EACH PARTY HAS READ THIS SETTLEMENT AGREEMENT AND HAS HAD THE TERMS USED HEREIN AND THE CONSEQUENCES HEREOF EXPLAINED BY LEGAL COUNSEL. EACH PARTY IS AWARE THAT THIS SETTLEMENT AND RELEASE AGREEMENT INCLUDES A RELEASE OF ALL KNOWN OR UNKNOWN CLAIMS. EACH OF THE UNDERSIGNED HAS CONSULTED WITH ITS ATTORNEYS CONCERNING THE CONSEQUENCES AND CONTENTS OF THIS SETTLEMENT AGREEMENT.

IN WITNESS WHEREOF, the Debtors and Warta have caused this Agreement to be executed, as of the date first above written.

THE DEBTORS

By: _____

Name: Bruce D. Becker
Title:   Plan Administrator


JOHN WARTA

By: _____


I am the duly appointed Plan Administrator
of the Debtors' estates and, pursuant to Section 9.2
of the Plan, hereby certify that I have approved
the settlement described in the foregoing
Settlement and Release Agreement.

By: _____

Name: Bruce Becker
Title:   Plan Administrator


**ACKNOWLEDGED AND AGREED TO:**

RECONSTITUTED COMMITTEE OF
UNSECURED CREDITORS

By: _____

Name: Thomas Kreller
Title:   Counsel to the Reconstituted Committee
           of Unsecured Creditors

6

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
| | ) |
| GST TELECOM INC., et al., | ) |
| | ) |
| Debtors. | ) |
| | ) |
| | ) |
| _____ | ) |
| | ) |
| GST TELECOM INC., et al., | ) |
| | ) |
| Counterplaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN WARTA, | ) |
| | ) |
| Counterdefendant. | ) |

**Chapter 11**

**Case No. 00-1982 (GMS)**

**Jointly Administered**

**Civil Docket No.  04-CV-1380**

## STIPULATION OF DISMISSAL PURSUANT TO RULE 41(a)(1)(ii)
## OF THE FEDERAL RULES OF CIVIL PROCEDURE

PLEASE TAKE NOTICE that pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, GST Telecom, Inc., et al. (the "Counterplaintiffs") and John Warta (the "Counterdefendant"), hereby stipulate to voluntarily dismiss the Amended Counterclaim filed against the Counterdefendant with prejudice.  Pursuant to that certain Settlement and Release Agreement between the Counterplaintiffs and Counterdefendant, which was approved by the United States ~~Bankruptcy~~ District Court for the District of Delaware on December 15, 2005, Counterdefendant's claims against Counterplaintiffs have been deemed withdrawn and disallowed in full.

[signature page to follow]

EXHIBIT  A
PAGE  1  OF  3

Dated:   Wilmington, Delaware
              _____, 2005

                                    THE BAYARD FIRM


                                    _____
                                    Neil B. Glassman (No. 2087)
                                    Steven M. Yoder (No. 3885)
                                    Christopher A. Ward (No. 3877)
                                    222 Delaware Avenue
                                    Suite 900
                                    P.O. Box 25130
                                    Wilmington, Delaware 19899
                                    (302) 655-5000

                                                -and-

                                    David S. Heller
                                    William J. Gibbons
                                    Josef S. Athanas
                                    Michael J. Faris
                                    Danielle S. Kemp
                                    LATHAM & WATKINS LLP
                                    Suite 5800 Sears Tower
                                    233 South Wacker Drive
                                    Chicago, Illinois  60606
                                    (312) 876-7700

                                    Attorneys for Counterplaintiff


                                    _____
                                    Phillip Trainer
                                    Ricardo Palacio ( # 3765 )
                                    Ashby & Geddes
                                    222 Delaware Avenue
                                    17th Floor
                                    Wilmington, Delaware 19899


                                                -and-

CH\788643 2

OCT-19-2005 12:17PM   FROM-KENNEDY WATTS ARELLANO          5032280009          T-778   P.010/021   F-486

& RICKS, LLP
2850 Pacwest Center
1211 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-6191

Attorneys for Counterdefendant

EXHIBIT _4_
PAGE_3_ OF _3_

-3-

CH\788643.1

OCT-19-2005 12:17PM FROM-KENNEDY WATTS ARELLANO          5032280009          T-778 P.011/021 F-486



HONORABLE GLENNA HALL

1
2
3
4
5
6
7   IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
    IN AND FOR THE COUNTY OF KING
8

9   JOHN WARTA,

10          Plaintiff,                    No. 99-2-02287-4SEA

11      v.                                STIPULATION AND ORDER OF
                                          DISMISSAL WITH PREJUDICE
12  GST USA, INC., a Delaware corporation;
    GST TELECOM, INC., a Delaware
13  corporation and GST
    TELECOMMUNICATIONS, INC., a
14  Canadian corporation,

15          Defendants.

16  GST USA, INC., a Delaware corporation;
    GST TELECOM, INC., a Delaware
17  corporation and GST
    TELECOMMUNICATIONS, INC., a
18  Canadian corporation,

19          Counterclaim Plaintiffs,

20  JOHN WARTA and his marital community;
    CLIFFORD SANDER and his marital
21  community,

22          Counterclaim Defendants.

23                  I. STIPULATION

24      It is hereby stipulated and agreed by and among Plaintiff, Defendants, Counterclaim

25  Plaintiffs, and Counterclaim Defendants, through their respective counsel that any and all

26  claims and counterclaims alleged in the above-captioned action may and shall be dismissed

Page 1 - STIPULATION AND ORDER OF DISMISSAL WITH
         PREJUDICE

EXHIBIT B
PAGE 1 OF 2

Bullivant|Houser|Bailey PC
1601 Fifth Avenue, Suite 2300
Seattle, WA 98101-1618
Telephone:   (206) 292-8930

1    with prejudice and without costs or attorney fees awarded to any party. .

2    BULLIVANT HOUSER BAILEY, P.C.          MARKOWITZ, HERBOLD, GLADE &
                                           MEHLHAF, P.C.
3
     By:
4         Thomas D. Adams, WSBA #18470
          Kristi Favard, WSBA #34419        By:
5                                               Peter H. Glade
     Attorneys for Defendants/Counterclaim          WSBA #15681
6    Plaintiffs GST USA, Inc.,
     GST Telecom, Inc., and GST            Attorneys for Plaintiff/Counterclaim
7    Telecommunications, Inc.              Defendant John Warta and his marital
                                           community
8                             II. ORDER

9        Based upon the foregoing Stipulation, all claims and counterclaims alleged in the

10   above-captioned action between Plaintiff, Defendants, Counterclaim Plaintiffs, and

11   Counterclaim Defendants are hereby dismissed with prejudice and without fees or costs to

12   any party.
13
14       DATED this ____ day of _____, 2005.

15
                                           _____
16                                         JUDGE/COURT COMMISSIONER

17   Presented By:

18   BULLIVANT HOUSER BAILEY, PC

19
     By
20        Thomas D. Adams, WSBA #18470
          Kristi Favard, WSBA #34419
21
     Attorneys for Defendants/Counterclaim Plaintiffs GST USA, Inc.,
22   GST Telecom, Inc., and GST Telecommunications, Inc.

23
24   3461614.1
25
26

Page 2 -  STIPULATION AND ORDER OF DISMISSAL WITH          **Bullivant|Houser|Bailey PC**
           PREJUDICE                                        1601 Fifth Avenue, Suite 2300
                                                            Seattle, WA 98101-1618
                                                            Telephone:   (206) 292-8930

1 | with prejudice and without costs or attorney fees awarded to any party. .

2 | BULLIVANT HOUSER BAILEY, P.C.        MARKOWITZ, HERBOLD, GLADE &
3 |                                      MEHLHAF, P.C.

4 | By: _____
    Thomas D. Adams, WSBA #18470
5 | Kristi Favard, WSBA #34419          By: _____
                                            Peter H. Glade
6 | Attorneys for Defendants/Counterclaim    WSBA #15681
    Plaintiffs GST USA, Inc.,
    GST Telecom, Inc., and GST          Attorneys for Plaintiff/Counterclaim
7 | Telecommunications, Inc.            Defendant John Warta and his marital
                                        community

8 |                           **II. ORDER**

9 |      Based upon the foregoing Stipulation, all claims and counterclaims alleged in the

10 | above-captioned action between Plaintiff, Defendants, Counterclaim Plaintiffs, and

11 | Counterclaim Defendants are hereby dismissed with prejudice and without fees or costs to

12 | any party.

13 |      DATED this ____ day of _____, 2005.

14 |

15 |

16 |                              _____
                                 JUDGE/COURT COMMISSIONER

17 | Presented By:

18 | BULLIVANT HOUSER BAILEY, PC

19 |

20 | By _____
    Thomas D. Adams, WSBA #18470
21 | Kristi Favard, WSBA #34419

22 | Attorneys for Defendants/Counterclaim Plaintiffs GST USA, Inc.,
    GST Telecom, Inc., and GST Telecommunications, Inc.

23 |

24 | 3461614.1

25 |

26 |

Page 2 - STIPULATION AND ORDER OF DISMISSAL WITH
         PREJUDICE

OCT-19-2005 12:18PM    FROM-KENNEDY WATTS ARELLANO          5032280009          T-778  P.013/021  F-486

NO. C990449
VANCOUVER REGISTRY

IN THE SUPREME COURT OF BRITISH COLUMBIA

BETWEEN:

GLOBAL LIGHT TELECOMMUNICATIONS INC. and GST
MEXTEL, INC.

PLAINTIFFS

AND:

GST TELECOMMUNICATIONS, INC. and GST TELECOM,
INC.

DEFENDANTS

AND:

GST USA, INC.

PLAINTIFF BY
COUNTERCLAIM

AND:

W. GORDON BLANKSTEIN, JOHN WARTA, STEPHEN
IRWIN, IAN WATSON, ROBERT H. HANSON, PETER E.
LEGAULT, CLIFFORD SANDER

DEFENDANTS BY
COUNTERCLAIM

## NOTICE OF DISCONTINUANCE

TAKE NOTICE that the Defendants, GST Telecommunications, Inc. and GST Telecom,

Inc., and the Plaintiff by Counterclaim, GST USA, Inc., discontinue this proceeding



EXHIBIT ___C___
PAGE __1__ ( __4__

*157689-227045*
*VDO_DOCS #1452414 v. 1*

- 2 -

against the Defendant by Counterclaim John Warta.

DATED: _October 7, 2005_

Solicitor for the Defendants GST
Telecommunications, Inc. and GST
Telecom, Inc., and the Plaintiff by
Counterclaim, GST USA, Inc

THIS NOTICE OF DISCONTINUANCE is filed by Nicholas R. Hughes, Solicitor for the
Defendants, and the Plaintiff by Counterclaim of the firm of McCarthy Tétrault LLP, Barristers
and Solicitors, whose place of business and address for delivery is Suite #1300, 777 Dunsmuir
Street, Vancouver, British Columbia, V7Y 1K2, 643-7100.

*157689-227045*
*VDO_DOCS #1452414 v. 1*

NO. C990449
VANCOUVER REGISTRY

IN THE SUPREME COURT OF BRITISH COLUMBIA

BETWEEN:

GLOBAL LIGHT TELECOMMUNICATIONS INC. and
GST MEXTEL, INC.

PLAINTIFFS

AND:

GST TELECOMMUNICATIONS, INC. and GST
TELECOM, INC.

DEFENDANTS

AND:

GST USA, INC.

PLAINTIFF BY
COUNTERCLAIM

AND:

W. GORDON BLANKSTEIN, JOHN WARTA, STEPHEN
IRWIN, IAN WATSON, ROBERT H. HANSON, PETER E.
LEGAULT, CLIFFORD SANDER

DEFENDANTS BY
COUNTERCLAIM

NOTICE OF DISCONTINUANCE

Winton Derby, Q.C.
McCarthy Tétrault LLP
P.O. Box 10424, Pacific Centre
Suite 1300, 777 Dunsmuir Street
Vancouver, B.C.  V7Y 1K2
Phone: (604) 643-7100

157689-227045
VDO_DOCS #1452414 v. 1

EXHIBIT   C
PAGE   3  OF  4

OCT-18-2005  12:18PM    FROM-KENNEDY WATTS ARELLANO                5032280009              T-778  P.016/021  F-486

- 4 -

Fax: (604) 643-7900

157089-227045
VDO_DOCS #452414 v. 1

EXHIBIT   C
PAGE  4  OF  4

NO. C990488
VANCOUVER REGISTRY

IN THE SUPREME COURT OF BRITISH COLUMBIA

BETWEEN:

STEPHEN IRWIN, ROBERT HANSON, PETER LEGAULT,
CLIFFORD SANDER and JOHN WARTA

PLAINTIFFS

AND:

GST TELECOMMUNICATIONS, INC., GST TELECOM, INC.,
JOSEPH FOGG, ROBERT FERCHAT, ROY MEGARRY and
JOSEPH BASILE

DEFENDANTS

## NOTICE OF DISCONTINUANCE

TAKE NOTICE that the Plaintiff John Warta discontinues this proceeding against the

Defendants GST Telecommunications, Inc. and GST Telecom, Inc.

DATED:    October 18, 2005

Counsel for the Plaintiff, R. Michael
Tourigny

THIS NOTICE OF DISCONTINUANCE is filed by R. Michael Tourigny, Solicitor for the
Plaintiff John Warta of the firm of Lang Michener, Barristers and Solicitors, whose place of
business and address for delivery is Suite #1500, Royal Centre, 1055 West Georgia Street,
Vancouver, British Columbia, V6E 4N7, 604-689-9111.

OCT-19-2005 12:19PM FROM-KENNEDY WATTS ARELLANO        5032280009        T-778  P.018/021  F-486

NO. C990488
VANCOUVER REGISTRY

IN THE SUPREME COURT OF BRITISH COLUMBIA

BETWEEN:

STEPHEN IRWIN, ROBERT HANSON, PETER LEGAULT,
CLIFFORD SANDER and JOHN WARTA        PLAINTIFFS

AND:

GST TELECOMMUNICATIONS, INC., GST TELECOM,
INC., JOSEPH FOGG, ROBERT FERCHAT, ROY
MEGARRY and JOSEPH BASILE        DEFENDANTS

NOTICE OF DISCONTINUANCE

R. Michael Tourigny,
Lang Michener
Suite # 1500 Royal Centre
1055 West Georgia Street
Vancouver, B.C. V6E 4N7
Phone: (604) 689-9111
Fax: (604) 685-7084

157689-227045
VDO_DOCS #1432413 v. 1


EXHIBIT D
PAGE 2 OF 2

OCT-19-2005  12:19PM  FROM-KENNEDY WATTS ARELLANO                    5032280009           T-778  P.019/021  F-486

C:\N\Porthl\PALJB2\TG1\2287965_1.DOC

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
| DAVID STEUER, SBN 127059 | 650-493-9300 | |
| NICOLE M. HEALY, SBN 157417 | 650-565-5100 FAX | (ENDORSED) |
| WILSON SONSINI GOODRICH & ROSATI | | SEP -4 02 |
| 650 Page Mill Road, Palo Alto, CA 94304 | | |
| ATTORNEY FOR *(Name)*: GST TELECOMMUNICATIONS, INC., et al. | | |

Insert name of court and name of judicial district and branch court, if any:
SANTA CLARA COUNTY SUPERIOR COURT

PLAINTIFF/PETITIONER: GST TELECOMMUNICATIONS, INC. et al.

DEFENDANT/ RESPONDENT: GST GLOBAL TELECOMMUNICATIONS, INC., et al.

Rose Rojas

| REQUEST FOR DISMISSAL | CASE NUMBER: |
| ☐ Personal Injury, Property Damage, or Wrongful Death | CV777408 |
|   ☐ Motor Vehicle   ☐ Other | |
| ☐ Family Law | |
| ☐ Eminent Domain | |
| ☒ Other *(specify)* : THEFT OF CORPORATE OPPORTUNITY | |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) ☒   With prejudice   (2) ☐   Without prejudice
   b. (1) ☒   Complaint   (2) ☐   Petition
      (3) ☐   Cross-complaint filed by *(name)*:                              on *(date)*:
      (4) ☐   Cross-complaint filed by *(name)*:                              on *(date)*:
      (5) ☒   Entire action of all parties and all causes of action
      (6) ☐   Other *(specify)*:*

Date: September 3, 2002

NICOLE M. HEALY
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)                                              (SIGNATURE)
*If dismissal requested is of specified parties only of specified causes of action only, or of      Attorney or party without attorney for:
specified cross-complaints only, so state and identify the parties, causes of action, or           ☒ Plaintiff/Petitioner      ☐ Defendant/Respondent
cross-complaints to be dismissed.                                                                   ☐ Cross - complainant

2. TO THE CLERK: Consent to the above dismissal is hereby given.**
   Date:

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)                                             (SIGNATURE)
** If a cross-complaint - or Response (Family Law) seeking affirmative     Attorney or party without attorney for:
relief - is on file, the attorney for cross-complainant (respondent)       ☐ Plaintiff/Petitioner      ☐ Defendant/Respondent
must sign this consent if required by Code of Civil Procedure              ☐ Cross - complainant
section 581 (i) (or (j).

| (To be completed by clerk) | SEP 04 2002 |
| 3. ☑ Dismissal entered as requested on *(date)*: | |
| 4. ☐ Dismissal entered on *(date)*: | as to only *(name)*: |
| 5. ☐ Dismissal not entered as requested for the following reasons *(specify)*: | SEP 04 2002 |
| 6. ☑ a. Attorney or party without attorney notified on *(date)*: | |
|    b. Attorney or party without attorney not notified. Filing party failed to provide | |
|       ☐ a copy to conformed ☐ means to return conformed copy | |

Date:                                                    Clerk, by _____ , Deputy
       SEP 04 2002                                                  Rose Rojas

Form Adopted by the                        REQUEST FOR DISMISSAL          EXHIBIT ___E___          Code of Civil Procedure § 581 et seq.
Judicial Council of California                                                                     Cal. Rules of Court, rules 383 1233
982(a)(5) [Rev. January 1, 1997]                                          PAGE ___ OF _3_          2002 © American LegalNet, Inc.

OCT-18-2005  12:20PM  FROM-KENNEDY WATTS ARELLANO          5032280009        T-778  P.020/021  F-486

COPY

1   DAVID STEUER, State Bar No. 127059
    NICOLE M. HEALY, State Bar No. 157417
2   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
3   650 Page Mill Road
    Palo Alto, CA 94304-1050
4   Telephone: (650) 493-9300
    Facsimile:  (650) 565-5100
5
    Attorneys for Plaintiffs
6   GST TELECOMMUNICATIONS, INC., et al.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10

11  GST TELECOMMUNICATIONS, INC., a     )   CASE NO.: CV777408
    Canadian corporation, and GST TELECOM, )
12  INC., a Delaware corporation,        )   PROOF OF SERVICE
                                         )
13  Plaintiffs,                          )
                                         )
14          v.                           )
                                         )
15  GST GLOBAL TELECOMMUNICATIONS,       )
    INC., a Yukon Territory corporation, W. )
16  GORDON BLANKSTEIN, STEPHEN IRWIN,    )
    JOHN WARTA, ROBERT H. HANSON,        )
17  PETER E. LEGAULT, and IAN WATSON,    )
                                         )
18  Defendants.                          )

19

20

21

22

23

24

25

26

27

28
                                              C:\WrPcnb\PALIB2\TG1\2287981_1.DOC

                          PROOF OF SERVICE

                                        EXHIBIT _ E
                                        PAGE 2 OF 3

OCT-19-2005 12:20PM    FROM-KENNEDY WATTS ARELLANO          5032280009        T-778  P.021/021  F-486

## PROOF OF SERVICE BY FACSIMILE AND MAIL

1

2

3       I, Tracy Gibbs, declare:

4       I am employed in Santa Clara County. I am over the age of 18 years and not a party to

5 the within action. My business address is Wilson Sonsini Goodrich & Rosati, 650 Page Mill

6 Road, Palo Alto, California 94304-1050.

7       I am readily familiar with Wilson Sonsini Goodrich & Rosati's practice for collection and

8 processing of documents for facsimile transmittal and correspondence for mailing with the

9 United States Postal Service. In the ordinary course of business, documents would be

10 transmitted via facsimile, and correspondence would be deposited with the United States Postal

11 Service on this date.

12       On this date, I served **Request for Dismissal** on each person listed below, by consigning

13 the document(s) to a facsimile operator for transmittal and by placing the document(s) described

14 above in an envelope addressed as indicated below, which I sealed. I placed the envelope(s) for

15 collection and mailing with the United States Postal Service on this day, following ordinary

16 business practices at Wilson Sonsini Goodrich & Rosati.

17 Roger B. Mead
    Mary C. Castle
18 Lynne S. Bourgalt
    Denelle Dixon-Thayer
19 FOLGER LEVIN & KAHN LLP
    Embarcadero Center West
20 275 Battery Street, 23rd Floor
    San Francisco, CA 94111
21 Telephone: (415) 986-2800

22       I declare under penalty of perjury under the laws of the State of California that the

23 foregoing is true and correct. Executed at Palo Alto, California on September 4, 2002.

24

25

26                           Tracy Gibbs

27

28                   -2-

                                  C:\WrPon\bNFALIB2\TG1\V287981_1.DOC

PROOF OF SERVICE

EXHIBIT E
PAGE 3 OF 3